Michael W. M. Manoukian, Bar No. 308121
Michael.manoukian@lathropgpm.com
LATHROP GPM LLP
70 South First Street
San Jose, CA 95113

**Mailing address:**
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    408.286.9800
Facsimile:    408.998.4790

Attorneys for Defendant
SACRAMENTO FOOD BANK AND
FAMILY SERVICES

## UNITED STATES DISTRICT COURT

## NORTH DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,<br><br>Defendants. | CASE NO. 3:25-cv-05106-LB<br><br>**DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT**<br><br>Date:    February 5, 2026<br>Time:    9:30 a.m. |

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

**TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES TO BE DECIDED ................................................................................ 1

REQUEST FOR JUDICIAL NOTICE ......................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 2

    I.      BACKGROUND ............................................................................................... 2

          A.    SFBFS' Website ........................................................................... 2

               1.    Privacy Policy. ......................................................... 2

               2.    The "Find Food" Map. ............................................. 4

          B.    The Relevant Allegations In Plaintiffs' Complaint ..................... 5

    II.     LEGAL STANDARD ........................................................................................ 5

    III.    ARGUMENT .................................................................................................... 6

          A.    Plaintiffs' CIPA, California Constitution Invasion of Privacy, and Common Law Invasion of Privacy Claims Fail Because Plaintiffs Consented to the Use of Cookies and Pixels ................................... 6

          B.    Plaintiffs' CIPA Claim Fails Because the Complaint Fails to Establish Article III Standing ....................................................... 7

          C.    Plaintiffs  Fail to Plead a Violation of Section 631(a) of the CIPA ............. 8

               1.    Plaintiffs fail to allege that SFBFS violated the first three clauses of Section 631(a). ..................................... 9

               2.    Plaintiffs fail to allege that SFBFS violated the fourth clause of Section 631(a). ................................................. 10

          D.    Plaintiffs' Complaint Fails to Plead a Violation of Section 632(a) of the CIPA ............................................................................ 12

          E.    Plaintiffs' Complaint Fails to Plead a Violation of Section 635 of the CIPA ............................................................................ 14

          F.    Plaintiffs' California Constitution Invasion of Privacy, and Common Law Invasion of Privacy Claims Fail Because Plaintiffs Had No Reasonable Expectation of Privacy ........................................... 15

          G.    Plaintiffs' Negligence Claim Fails Under California Law ........................ 16

CONCLUSION ................................................................................................ 18

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

i

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 5

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) .................................................................................. 11

*Brown v. USA Taekwondo*,
  11 Cal. App. 5th 204 (2021) .................................................................................................. 17

*Byars v. Goodyear Tire and Rubber Co.*,
  654 F. Supp. 3d 1020 (C.D. Cal. 2023) ................................................................................ 11

*Caldwell v. Caldwell*,
  No. 05-cv-04166-PJH, 2006 WL 618511 (N.D. Cal. Mar. 13, 2006) ..................................... 1

*D'Angelo v. FCA US, LLC*,
  726 F. Supp. 3d 1179 (S.D. Cal. 2024) ................................................................................. 15

*Datel Holdings, Ltd. v. Microsoft Corp.*,
  712 F. Supp. 2d 974 (N.D. Cal. 2010) .................................................................................... 2

*Doe v. Meta Platforms, Inc.*,
  690 F.Supp.3d 1064 (N.D. Cal. Sept. 7, 2023) .................................................................... 18

*Esparza v. Kohl's, Inc.*,
  No. 23-cv-01988, 2024 WL 1152732 (S.D. Cal. Mar. 18, 2024) .......................................... 11

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) ................................................................................................ 15

*Flanagan v. Flanagan*,
  27 Cal. 4th 766 (2002) .......................................................................................................... 12

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ................................................................................................ 5

*In re Google Assistant Privacy Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) .................................................................................... 7

*In re Google Location Hist. Litig.*,
  428 F. Supp. 3d 185 (N.D. Cal. 2019) .................................................................................... 1

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

ii

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................................ 9, 10

*Hammerling v. Google LLC*,
    615 F. Supp. 3d 1069 (N.D. Cal. 2022) ...................................................... 10, 11, 15

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 Cal. 4th 1 (1994) ....................................................................................... 15, 16

*Int'l Fed. of Pro. and Tech. Eng'rs, Loc. 21, AFL–CIO v. Superior Court*,
    42 Cal. 4th 319 (2007) ......................................................................................... 15

*Javier v. Assurance IQ, LLC*,
    649 F. Supp. 3d 891 (N.D. Cal. 2023) ..................................................................... 8

*John B. v. Superior Court*
    (2006) 38 Cal. App. 4th 1177 (2006) .................................................................... 16

*Jones v. Tonal Sys., Inc.*,
    No. 3:23-cv-1267-JES-BGS, 2024 WL 4357558 (S.D. Cal. Sept. 30, 2024) ............... 1

*Kent v. Microsoft Corp.*,
    No. SACV13-0091 DOC .......................................................................................... 7

*Low v. LinkedIn Corp.*,
    900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) ................................................... 16, 17

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
    519 F.3d 1025 (9th Cir. 2008)................................................................................. 5

*Mastel v. Miniclip SA*,
    549 F. Supp. 3d 1129 (E.D. Cal. 2021)................................................................... 9

*Matthews v. Nat'l Football League Mgmt. Council*,
    688 F.3d 1107 (9th Cir. 2012)................................................................................. 1

*In re Meta Pixel Healthcare Litig.*,
    647 F. Supp. 3d 778 (N.D. Cal. 2022) ............................................................. 13, 14

*Parrino v. FHP, Inc.*,
    146 F. 3d 699 (9th Cir. 1998) (superseded by statute on other grounds as stated
    in *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006)) ...................... 2

*R.C. v. Walgreen Co.*,
    733 F. Supp. 3d 876 (C.D. Cal. 2024)............................................................... 17, 18

*Ribas v. Clark*,
    38 Cal. 3d 355 (1985) ........................................................................................... 8

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

81197367.v3

*Rodriguez v. Google LLC,*
No. 20-cv-04688, 2021 WL 2026726 (N.D. Cal. May 21, 2021) ........................................... 12

*Saleh v. Nike, Inc.,*
562 F. Supp. 3d 503 (C.D. Cal. 2021) .................................................................................. 14

*Sallie Holly v. Alta Newport Hosp., Inc.,*
2020 WL 6161457 (C.D. Cal. Oct. 21, 2020) ....................................................................... 16

*Santoro v. Tower Health,*
No. CV 22-4580, 2024 WL 1773371 (E.D. Pa. Apr. 24, 2024) ............................................ 17

*Silver v. Stripe Inc.,*
No. 4:20-CV-08196-YGR, 2021 WL 3191752 (N.D. Cal. July 28, 2021) .............................. 6

*Smith v. Facebook, Inc.,*
262 F. Supp. 3d 943 (N.D. Cal. 2017) *aff'd,* 745 F. App'x 8 (9th Cir. 2018) ................... 6, 15

*Smith v. Facebook, Inc.,*
745 F. App'x (9th Cir. 2018) ................................................................................................. 6

*Somers v. Apple, Inc.,*
729 F.3d 953 (9th Cir. 2013) ................................................................................................ 5

*Spokeo v. Robins,*
578 U.S. 330 (2016) .............................................................................................................. 7

*Swarts v. Home Depot, Inc.,*
689 F. Supp. 3d 732 (N.D. Cal. 2023) .............................................................................. 9, 13

*Tavernetti v. Superior Ct. of San Diego Cnty.,*
22 Cal. 3d 187 (1978) ........................................................................................................... 8

*TransUnion LLC v. Ramirez,*
594 U.S. 413 (2021) ............................................................................................................ 14

*Williams v. What If Holdings, LLC,*
No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ................................. 9

*In re Yahoo Mail Litig.,*
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................................... 16

*Yoon v. Lululemon USA, Inc.,*
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ............................................................................... 11

*In re Zynga Priv. Litig.,*
750 F.3d 1098 (9th Cir. 2014) ......................................................................................... 10, 11

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

iv

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

## STATUTES

California Invasion of Privacy Act, Cal. Penal Code § 631(a) ............................................... *passim*

California Invasion of Privacy Act, Cal. Penal Code § 638 ................................................... *passim*

California Invasion of Privacy Act, Cal. Penal Code § 635 ......................................................... 14


## OTHER AUTHORITIES

Fed. R. of Civ. P. Rule 8(a) ........................................................................................................ 5

Fed. R. of Civ. P. Rule 12(b)(6) ................................................................................................ 1

Fed. R. of Evid. 201 .................................................................................................................... 1

Rule 12(b)(6) ............................................................................................................................... 5

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

v

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 5, 2026, at 9:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom B, 15th Floor, in the courtroom of the Hon. Magistrate Judge Laurel Beeler, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant Sacramento Food Bank And Family Services ("SFBFS") will, and hereby does, move the Court for an order dismissing Count I, Count III, Count IV, and Count V of Plaintiffs' Class Action Complaint with prejudice as to Defendant Sacramento Food Bank and Family Services for failure to state a claim.

This Motion is made under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Sacramento Food Bank And Family Services asks this Court to dismiss Count I, Count III, Count IV, and Count V of Plaintiffs' Class Action Complaint with prejudice because Plaintiffs fail to adequately plead a claim under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631(a), 632(a), 635, and 638; the California Common Law Invasion of Privacy; the California Constitution Art. I, § I right to privacy; and negligence.

This Motion is based on this Notice of Motion, a Memorandum of Points and Authorities, and all pleadings and papers on file or to be filed in this action, on the arguments of counsel, and on any other matters that may properly come before the Court for its consideration.

Dated: October 20, 2025

Respectfully submitted,

LATHROP GPM LLP

By: _____
Michael W. M. Manoukian
Attorneys for Defendant

SACRAMENTO FOOD BANK AND
FAMILY SERVICES

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether Plaintiffs' CIPA, California Constitution Invasion of Privacy, and Common Law Invasion of Privacy claims fail because Plaintiffs consented to the use of cookies and pixels.

2.      Whether the Court should dismiss Count I, Count III, Count IV, and Count V of Plaintiffs' Complaint as to Defendant Sacramento Food Bank and Family Services due to Plaintiffs failure to state a claim upon which relief can be granted under Rule 12(b)(6).

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, SFBFS respectfully requests that the Court take judicial notice of the SFBFS Website, www.sacramentofoodbank.org (the "Website"), and the Website's policies covering cookies, pixels, and data sharing, submitted in support of SFBFS' Motion to Dismiss. Plaintiffs' Complaint relies solely on selective portions of SFBFS' Website to support a number of factual allegations and claims. *See, e.g.,* Compl. ¶¶ 24, 37, 38, 39, 40, 84. SFBFS offers for the Court's consideration additional language from its publicly available Website, of which the Court may properly take judicial notice, so that the Court obtains a complete picture of the user's journey, what the user consents to, and the policies the user is provided with and agrees to when visiting the Website. *See In re Google Location Hist. Litig.,* 428 F. Supp. 3d 185, 189-90 (N.D. Cal. 2019) (granting defendant's request for judicial notice of publicly available websites in CIPA and California constitution invasion of privacy class action.); *Jones v. Tonal Sys., Inc.,* No. 3:23-cv-1267-JES-BGS, 2024 WL 4357558, at *2-3 (S.D. Cal. Sept. 30, 2024) (granting request for judicial notice of four printouts of publicly available website pages because plaintiff's "characterization of the [website] feature form the basis of her lawsuit.") (internal quotations omitted).

"[A]s a general matter, websites and their contents may be proper subjects for judicial notice" provided that the party submits a copy of the relevant webpage to the court. *Caldwell v. Caldwell,* No. 05-cv-04166-PJH, 2006 WL 618511, at *4 (N.D. Cal. Mar. 13, 2006); *see also Matthews v. Nat'l Football League Mgmt. Council,* 688 F.3d 1107, 1113 (9th Cir. 2012). Federal courts may take judicial notice to prevent plaintiffs from "deliberately omitting references to

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F. 3d 699, 705-706 (9th Cir. 1998) (superseded by statute on other grounds as stated in *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006)); *see also Datel Holdings, Ltd. v. Microsoft Corp.,* 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of the existence of online terms of use documents, which were incorporated by reference into the complaint and contradicted the plaintiff's allegations). This Court should take judicial notice of the SFBFS Website, and the policies publicly available on that Website including SFBFS' Privacy Policy and related screens, as well as screens showing the "Find Food" map, CalFresh inquiry form, and the CalFresh qualification form. The items SFBFS submits for the Court's consideration are publicly available and address items Plaintiffs have pointed to on the Website as the basis of their claims. *See* Compl. ¶¶ 24, 37, 38, 39, 40, 84. Accordingly, SFBFS respectfully requests that the Court take judicial notice of **Exhibits A-C.**

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    **BACKGROUND**

SFBFS was founded in 1976 as a nonprofit organization dedicated to providing emergency groceries to families in need. As a regional food bank, SFBFS manages the recovery, collection, storage, and distribution of food to individuals and families throughout Sacramento County.

### A.    **SFBFS' Website**

SFBFS' Website serves as the primary online resource for individuals and families in Sacramento County seeking food assistance and related support services. It provides tools to locate food distribution sites, information on programs such as CalFresh enrollment, volunteer opportunities, donation options, and advocacy initiatives. (*See* Website Homepage, attached hereto as **Exhibit A**).

#### 1.    <u>Privacy Policy.</u>

A user can easily locate SFBFS' "Privacy Policy" by scrolling to the bottom of any page on the Website. As shown below, SFBFS' Privacy Policy is hyperlinked at the bottom of each

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB                2

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

webpage in the footer section, along with other helpful Website links. *(See, e.g.,* **Exhibits A-C**). Clicking this link directs users to a dedicated "Privacy Policy" page outlining how SFBFS collects, uses, and protects personal information, including details on data security, third-party vendors, and opt-out options. (*See* Website Privacy Policy, attached hereto as **Exhibit B**).

More specifically, SFBFS' Privacy Policy clearly informs users that certain information and data may be collected and shared with third parties for marketing purposes:

## Information Collection and Use

You can use the SFBFS website without telling us who you are or revealing any personal information. However, there are times, such as when you make a donation, register to volunteer or sign up for our mailing list, that we will collect specific information. If you choose to provide personally identifiable data, you may receive future communications from us by mail, email, text or other channels.

This website uses data analytics to analyze usage trends, administer the site, track our users' movements across our site for aggregate use and for marketing purposes. The data collected from this analytics program does not include personally identifiable information.

SFBFS uses third-party vendors to provide services on this website and in offline business operations. The information you submit on this site may be provided to those vendors on a confidential basis so that those vendors can provide services (such as maintaining our database, sending mail, sending email, making phone calls, sending text messages, facilitating fundraising activities or processing credit card transactions) on our behalf.

## Information Sharing

SFBFS does not sell, share, trade or rent donor or volunteer personal information with any third parties other than for marketing purposes and if compelled by a legal action. We will also never send electronic or physical communications of any kind on behalf of any other organization.

(**Ex. B**). The Privacy Policy also informs users that should they chose to use SFBFS' Website and online tools, they do so at their own risk because no internet transmission can be guaranteed 100% secure. (**Ex. B**). Further, as shown below, SFBFS' Privacy Policy informs users that SFBFS' Website includes links to other websites and that SFBFS is not responsible for the privacy practices of any of these other websites. (**Ex. B**).

## Security

Although SFBFS operates secure data networks protected by industry standard firewalls and password protection systems, no internet transmission can be guaranteed 100% secure. While we take precautions to protect your data, you use this site and its services at your own risk. Furthermore, the SFBFS website may contain links to other websites. SFBFS is not responsible for the privacy practices of these sites.

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

## 2.    The "Find Food" Map.

At issue in Plaintiffs' Complaint is information allegedly collected through Plaintiffs' use of the "Find Food" map on SFBFS' Website. The "Find Food" page on the Website helps individuals locate nearby food distribution sites. As shown below, it provides a map-based tool called the Food Finder, which displays locations partnered with the organization across Sacramento County. (*See* Website "Find Food" Page, attached hereto as **Exhibit C**). Users can filter results by criteria such as open today, radius, and days open, making it easy to identify convenient options. (*See* **Ex. C**).

The ""Find Food" map allows users to search by entering an address, city, or ZIP code, or by using the "Use My Location" feature. (*See* **Ex. C**). Importantly, the map is designed for proximity-based searching only—it does not verify or store personal details beyond what is needed to generate results. A user is not required to enter their home address in order to utilize the "Find Food" map, they can input any address, city, or ZIP code to find food resources. (*See* **Ex.**



**C**). Further, there is no mechanism to identify whether the address entered is user's home address. The tool simply uses the provided location to calculate nearby food sites.

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

81197367.v3

**B.     The Relevant Allegations In Plaintiffs' Complaint**

Plaintiffs filed their putative Class Action Complaint on June 17, 2025. *See* Compl., June 17, 2025, ECF No. 1. Plaintiffs claim SFBFS used Meta Pixel on its Website. Specifically, Plaintiffs allege that "SFBFS uses the Pixel on its website, which tracks and intercepts user interactions, for example, clicks to its food map, often collecting users' home addresses and current locations" and that "Ms. Timothee has visited the Sacramento Food Bank and Family Services website on many occasions and used the website to access the 'Find Food' map, which included entering her home address." Compl. ¶¶ 24, 84. Plaintiffs further allege that SFBFS uses the Pixel "on the page containing its CalFresh inquiry form" and "on the SFBFS page containing the link to the qualification form for CalFresh, which links users to another website, mRelif.com/screener, also containing the Pixel." Compl. ¶ 84. Plaintiffs do not allege that any Plaintiff ever utilized the referenced pages or link.

Plaintiffs assert four claims against SFBFS: (1) alleged violation of the California Invasion of Privacy Act ("CIPA"); (2) common law invasion of privacy – Intrusion Upon Seclusion; (3) the California Constitution Art. I, § I Right to Privacy; and (4) negligence.

## II.     <u>LEGAL STANDARD</u>

"Dismissal under Rule 12(b)(6) is proper when the complaint either: (1) lacks a cognizable legal theory; or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.,* 729 F.3d 953, 959 (9th Cir. 2013). In determining whether a complaint states a claim upon which relief can be granted, the Court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008).

Under Federal Rule of Civil Procedure Rule 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must allege enough facts in a complaint to state a

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

5

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III.   ARGUMENT

### A.   Plaintiffs' CIPA, California Constitution Invasion of Privacy, and Common Law Invasion of Privacy Claims Fail Because Plaintiffs Consented to the Use of Cookies and Pixels.

Plaintiffs' CIPA claim (Count I), common law invasion of privacy claim (Count III), and California Constitution invasion of privacy claim (Count IV) all turn on Plaintiffs' fundamental theory that there was a lack of consent. "Consideration of consent is appropriate on a motion to dismiss where lack of consent is an element of the claim." *Silver v. Stripe Inc.,* No. 4:20-CV-08196-YGR, 2021 WL 3191752, at *2 (N.D. Cal. July 28, 2021); *Smith v. Facebook, Inc.,* 745 F. App'x, 8, 9 (9th Cir. 2018) (affirming motion to dismiss based on consent). Here, the matters which the Court can take judicial notice of, and properly consider, establish that Plaintiffs were fully informed of SFBFS' use of data analytics on the Website. Plaintiffs' consent defeats all three claims.

Plaintiffs discuss SFBFS' Privacy Policy and (selectively) quote from it; but the full review of SFBFS' Privacy Policy confirms that (contrary to Plaintiffs' allegations) SFBFS explicitly discloses to users that "[t]his website uses data analytics to analyze usage trends, administer the site, track our users' movements across our site for aggregate use and for marketing purposes." (*See* **Ex. B**). Courts have consistently held that privacy policies, like SFBFS' Privacy Policy here, can sufficiently establish consent under the CIPA and Federal Wiretap Act. *See Silver v. Stripe Inc.,* No. 4:20-cv-08196-YGR, 2021 WL 3191752, at *4 (N.D. Cal. July 28, 2021) (dismissing Federal Wiretap Act and CIPA claim because plaintiffs agreed to a privacy policy that "explicitly state[d] that consumers' information may be provided to [the defendant's] 'partners'"); *Smith v. Facebook, Inc.,* 745 F. App'x, 8, 8 (9th Cir. 2018) (affirming consent established for wiretapping claims given that "[t]erms and [p]olicies contain numerous disclosures related to information collection on third-party websites"). The same is true of

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

6

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

California constitutional and common law invasion of privacy claims. *Smith v. Facebook, Inc.,* 262 F. Supp. 3d 943, 955-56 (N.D. Cal. 2017) *aff'd,* 745 F. App'x 8 (9th Cir. 2018) (Plaintiffs' consent also bars their common-law tort claims and their claim for invasion of privacy under the California Constitution); *Kent v. Microsoft Corp.,* No. SACV13-0091 DOC ANx, 2013 WL 3353875, at *6 (C.D. Cal. July 1, 2013) (granting defendant's motion to dismiss because "plaintiffs generally may not assert a wrong arising out of an action which they consented to").

Plaintiffs repeatedly allege that their interactions with SFBFS' Website were intercepted by Meta "without consent." Compl. ¶¶ 2, 6, 7, 84, 89, 93, 94, 125, 135, 136, 147, 150, 160, 166, 172, 173, 185, 190. But Plaintiffs' conclusory allegations are little more than a formulaic recitation of the lack of consent elements of each claim asserted, which is not enough to state a plausible claim for relief. *See, e.g., In re Google Assistant Privacy Litig.,* 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020) (dismissing CIPA claim and noting that "Plaintiffs' allegation that the recordings 'were made without Plaintiffs' consent' is conclusory"). Further, the implausibility of Plaintiffs' conclusory allegations about lack of consent is evident from SFBFS' disclosures regarding user data collection and sharing to Website users through its Privacy Policy.

Plaintiffs' conclusory allegations of lack of consent—as well as the undisputed evidence demonstrating their clear, affirmative consent to the use of cookies and data sharing on the Website—are fatal to Plaintiffs' CIPA and invasion of privacy claims against SFBFS.

**B.     Plaintiffs' CIPA Claim Fails Because the Complaint Fails to Establish Article III Standing.**

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 578 U.S. 330, 338 (2016). A plaintiff establishes an injury in fact when she shows that she suffered "an invasion of a legally protected interest" that is "concrete and particularized." *Id*. at 339 ("For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'"). At the pleading stage, the plaintiff bears the burden of "'clearly ... alleg[ing] facts demonstrating' each element." *Id*. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB                                                              DEFENDANT SACRAMENTO FOOD
7                                        BANK AND FAMILY SERVICES'
                                                                                                              MOTION TO DISMISS COMPLAINT

81197367.v3

To establish standing for a violation of the CIPA, Plaintiffs must allege a concrete and particularized injury with regard to SFBFS. Here, Plaintiffs plead only abstract alleged statutory violations rather than actual harm. In fact, Plaintiffs plead only that "Ms. Timothee has visited the Sacramento Food Bank and Family Services website [Website] on many occasions and used the website to access the 'Find Food' map, which included entering her home address." Compl. ¶ 24. But Plaintiffs fail to plead any basic facts from which the Court could infer a concrete injury, such as when and how many times Ms. Timothee visited SFBFS' Website, what information was allegedly captured, whether she was aware of the purported tracking practices, or if Ms. Timothee has any reason to believe that she was indeed de-anonymized. In sum, Plaintiffs' bare allegation that Ms. Timothee visited the Website and utilized the "Find Food" map is insufficient to establish injury in fact, and thus, insufficient to establish Article III standing.

### C.    Plaintiffs  Fail to Plead a Violation of Section 631(a) of the CIPA.

The CIPA "broadly prohibits the interception of wire communications and disclosure of the contents of such intercepted communications." *Tavernetti v. Superior Ct. of San Diego Cnty.,* 22 Cal. 3d 187 (1978). Section 631(a) is a wiretapping statute that targets the "secret monitoring" of conversations by third parties. *Ribas v. Clark,* 38 Cal. 3d 355, 359 (1985). Section 631(a) of CIPA creates four avenues for relief: (1) where a person "by means of any machine, instrument, or contrivance, or in any other manner, intentionally taps, or makes any unauthorized connection…with any telegraph or telephone wire, line, cable, or instrument"; (2) where a person "willfully and without consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the same is in transit"; (3) where a person "uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained"; and (4) where a person "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above." *Javier v. Assurance IQ, LLC,* 649 F. Supp. 3d 891, 897 (N.D. Cal. 2023).

Section 631(a) simply does not cover the conduct Plaintiff has alleged against SFBFS. Plaintiffs allege that "Ms. Timothee has visited the Sacramento Food Bank and Family Services

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

8

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

website on many occasions…to access the 'Find Food' map…" so she cannot argue that SFBFS wiretapped or intercepted anything from her. Compl. ¶ 24. Instead, it appears Plaintiffs would like to invoke the fourth avenue of relief, alleging that SFBFS has violated Section 631(a) of the CIPA by "employ[ing] Meta's Pixel to intercept Plaintiffs' and other Class members' sensitive financial information and PII, knowing Meta's conduct constituted a breach of duty, and gave substantial assistance to Meta in violating Plaintiffs' and other Class members' privacy rights." Compl. ¶ 138. But Plaintiffs' allegations about information obtained by Meta's Pixel do not show that Meta violated Section 631(a), let alone that SFBFS agreed to aid Meta in doing so.

1.    Plaintiffs fail to allege that SFBFS violated the first three clauses of Section 631(a).

As an initial matter, Plaintiffs do not (and cannot) state a claim against SFBFS under the first clause of 631(a) because is the clause is limited to intentional wiretapping arising from the use of the telephone or wires. Courts have interpreted the first clause of Section 631(a) as solely applicable to communications over telephones and not communications over the internet. *Swarts v. Home Depot, Inc.,* 689 F. Supp. 3d 732, 743 (N.D. Cal. 2023) (citing to *What If Holdings, LLC,* 2022 WL 17869275 at *2 (affirming that the first section of 631(a) does not apply to the context of the internet) (internal quotations omitted)). Here, Plaintiffs are asserting that Defendants tapped or made an unauthorized connection with a website, not a telephone line. *See* Compl. ¶ 2 (alleging that Plaintiffs' claims arise out of the Food Bank Defendants' use of the Pixel on their websites); *Id.* ¶ 135 (alleging that Meta intentionally tapped/made unauthorized connection with Plaintiffs' "internet communication"). Because any alleged wiretapping would not have been undertaken on a "telegraph or telephone wire," Plaintiffs cannot establish an underlying violation by SFBFS under the first clause of Section 631(a). *Mastel v. Miniclip SA,* 549 F. Supp. 3d 1129, 1134-35 (E.D. Cal. 2021) (collecting decisions holding that the first clause of 631(a) prohibition is limited to communications in "telegraph or telephone" contexts, and dismissing CIPA claim that failed to allege tapping of such communications).

Plaintiffs also cannot state a claim against SFBFS under the second or third clause of 631(a) given that the Ninth Circuit has repeatedly held that there can be no violation of Section

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB                    DEFENDANT SACRAMENTO FOOD
9                                        BANK AND FAMILY SERVICES'
                                              MOTION TO DISMISS COMPLAINT
81197367.v3

631(a)'s second or third clause by a party to the communication at issue. *Swarts v. Home Depot, Inc.,* 689 F. Supp. 3d 732, 744-45 (N.D. Cal. 2023); *Graham v. Noom, Inc.,* 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *Williams v. What If Holdings, LLC,* No. C 22-03780 WHA, 2022 WL 17869275 at *2 (N.D. Cal. Dec. 22, 2022) (explaining that a party to a conversation cannot be held liable as an eavesdropper). Plaintiffs  acknowledge that SFBFS, as the Website's operator, was a party to the communications. *See* Compl. ¶ 129. Thus, SFBFS cannot be liable under the second or third prong of Section 631(a) for "eavesdropping"
because it was a party to the purportedly "intercepted" communication.

Additionally, because the third clause of Section 631(a) governs the use of information obtained in violation of clauses one and two, Plaintiffs cannot state a claim against SFBFS under Section 631(a)'s third clause.

> 2.  Plaintiffs fail to allege that SFBFS violated the fourth clause of Section 631(a).

Plaintiffs cannot state a claim against SFBFS under Section 631(a)'s fourth clause for two reasons: (1) the information purportedly shared by SFBFS with Meta does not constitute the "contents" of those communications, as required for a violation under the statute**;** and (2) as discussed *supra* Section III(A), Plaintiffs consented to the use of cookies.

> i.  *Plaintiffs fail to allege that Meta "read[] or attempt[ed]" to read the "contents" of Ms. Timothee's internet communications.*

First, Plaintiffs cannot maintain a claim against SFBFS for aiding or conspiring with Meta to violate Section 631(a) because the Complaint contains no plausible allegations showing that Meta read or attempted to read the "contents" or meaning of a communication within the meaning of Section 631(a). The "contents" of a communication means "the substance, purport or meaning of [an alleged] communication"—i.e., the "intended message conveyed by the communication"— as distinct from "record information regarding the characteristics of the message that is generated in the course of [that] communication." *In re Zynga Priv. Litig.,* 750 F.3d 1098, 1106 (9th Cir. 2014) (addressing similar federal Wiretap Act); *see also Hammerling v. Google LLC,* 615 F. Supp. 3d 1069, 1093 (N.D. Cal. 2022) (holding that analysis of the "contents" of a

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

10

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

communication for a CIPA violation is the same as for the Wiretap Act); *Graham v. Noom, Inc.,* 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) (finding that the "'contents' of a communication under CIPA and the federal Wiretap Act are the same"). Courts have found that the "substance, purport, or meaning" of a communication includes chat transcripts or URLs that reveal sensitive personal information or search terms. *See, e.g., Esparza v. Kohl's, Inc.,* No. 23-cv-01988, 2024 WL 1152732, at *8 (S.D. Cal. Mar. 18, 2024); *Byars v. Goodyear Tire and Rubber Co.,* 654 F. Supp. 3d 1020, 1027 (C.D. Cal. 2023) (finding that full transcripts of consumer chat containing sensitive personal information were "contents"). By contrast, record information (not governed by Section 631(a)) includes, among other things, "a person's name [and] address" as well as "pages viewed … the date and time of the visit… Plaintiff's IP address… location… browser type, and the operating system…." *Yoon v. Lululemon USA, Inc.,* 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021).

Here, the information Plaintiffs allege that SFBFS "aided" or "enabled" Meta to obtain constitutes only "record information" and not the "contents" of any communication. Plaintiffs plead that "Ms. Timothee has visited the Sacramento Food Bank and Family Services website on many occasions and used the website to access the 'Find Food' map, which included entering her home address." Compl. ¶ 24. Plaintiffs further allege that "Meta, willfully and without the consent of Plaintiffs and other Class members read or attempted to read or learn the contents or meaning of Plaintiffs' and other Class Members' communications with the Food Bank Defendants' website…" Compl. ¶ 136. The case law is clear: a home address is "record information" that cannot support a Section 631(a) wiretapping claim. *Hammerling v. Google LLC,* 615 F. Supp. 3d 1069, 1092-93 (N.D. Cal. 2022); *In re Zynga Priv. Litig.,* 750 F.3d 1098, 1106 (9th Cir. 2014) (holding that general webpage addresses and basic identification information are record information); *Brodsky v. Apple Inc.,* 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (usernames and passwords and geographic location are not "contents" of communication under Section 631(a)).

Plaintiffs' careful reference to the Website's "various resources, including eligibility forms and maps to locate local food banks and distribution centers, links to apply for CalFresh,

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

11

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3

and screeners to determine a user's eligibility for CalFresh benefits" does not change the analysis. Compl. ¶ 37. Plaintiffs do not allege that they ever utilized such forms or submitted information to the Website through the CalFresh inquiry form or accessed the Website page containing the link to the qualification form for CalFresh. *See* Compl. ¶ 24, 84. Instead, Plaintiffs' claimed interaction with SFBFS' Website is limited to the "Find Food" map, which, by Plaintiffs' own description, involved only entering a home address. Compl. ¶ 24. Further, Plaintiffs readily admit that the "SFBFS page containing the link to the qualification form for CalFresh…links users to another website, mRelif.com/screener." This allegation makes clear that any disclosures Plaintiffs complain of with regard to such "qualification form for CalFresh" occurred, if at all, on mRelif.com, a separate domain operated by a third party. SFBFS cannot be held responsible for the design, data collection practices, or Pixel implementation on another entity's website simply because SFBFS provided a hyperlink.

Plaintiffs cannot maintain a claim against SFBFS for aiding or conspiring with Meta to violate Section 631(a) because the Complaint contains no plausible allegations showing that Meta read or attempted to read the "contents" or meaning of a communication within the meaning of Section 631(a).

**D.      Plaintiffs' Complaint Fails to Plead a Violation of Section 632(a) of the CIPA.**

Section 632(a) of the CIPA provides liability for "a person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication…by means of a telegraph, telephone, or other device, except a radio." Besides the fact that Plaintiffs consented to the use of cookies and pixels, as discussed *supra* Section III(A), Plaintiffs' Section 632(a) claim fails because Plaintiffs do not (and cannot) plausibly allege that the information at issue was a "confidential communication." A communication is confidential under Section 632 only if a party has "an objectively reasonable expectation that the conversation is not being overheard or recorded." *Rodriguez v. Google LLC,* No. 20-cv-04688, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (citing *Flanagan v. Flanagan,* 27 Cal. 4th 766, 776–77 (2002)). This, in turn, depends on the context of the circumstances of the "actual conversation, not its content." *Flanagan v.*

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

12

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

*Flanagan,* 27 Cal. 4th 766, 774 (2002). "California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of [S]ection 632, because such communications can easily be shared by, for instance, the recipient(s) of the communications." *Swarts v. Home Depot, Inc.,* 689 F. Supp. 3d 732, 747 (N.D. Cal. 2023) (quoting *Campbell v. Facebook Inc.,* 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014) (collecting cases)). As a result, a plaintiff must plead "something unique about [] particular internet communications" to demonstrate those communications are confidential. *In re Meta Pixel Healthcare Litig.,* 647 F. Supp. 3d 778, 799 (N.D. Cal. 2022) (finding that communications made in the context of a patient-medical provider relationship were considered distinguishable from typical online communications because they are protected by federal law and are uniquely personal).

As an initial matter, it is unclear from the Complaint whether Plaintiffs seek to pursue a claim for an alleged violation of CIPA Section 632(a) against SFBFS in addition to their claim against Meta. *See* Compl. ¶ 145 (asserting that "Defendant Meta violated CIPA § 632); *but see id.* at ¶ 150 (stating that "*Meta and the Food Bank Defendants* are liable to Plaintiffs and other Class members for…each time Meta, intentionally and without consent of all parties to the confidential communications, used the Pixel to eavesdrop upon or record their confidential communications") (emphasis added). Nevertheless, Plaintiffs have failed to allege facts sufficient to overcome any presumption that the information in their internet-based communications with SFBFS' website was "confidential." It should be noted that Plaintiffs' Complaint dedicates only a single short paragraph to describing their personal interactions with the Website before offering the conclusory allegation that Meta "eavesdropped or recorded confidential communications that Plaintiffs and other Class Members had a reasonable expectation would be kept private." *See* Compl. ¶ 24; *id.* at ¶ 145. Plaintiffs allege no facts sufficient to overcome the presumption that their internet-based communications with the Website (which consisted of entering a home address on the Website's "Find Food" map) are not confidential. *See* Compl. ¶ 24. In fact, the Privacy Policy on the Website explicitly states that "[t]his website uses data analytics to analyze usage trends, administer the site, track our users' movements across our site for aggregate use and

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

13

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

for marketing purposes" and discloses that SFBFS may share personal information with third parties for purposes of marketing. (*See* **Ex. B**). Plaintiffs' Section 632(a) claim fails because Plaintiffs do not (and cannot) plausibly allege that the information at issue was a "confidential communication."

### E.    Plaintiffs' Complaint Fails to Plead a Violation of Section 635 of the CIPA.

It is unclear from Plaintiffs' Complaint whether Plaintiffs intend to assert a violation of CIPA Section 635 against SFBFS as well as Meta. *See* Compl. ¶ 155 (asserting that "*Meta* is liable to Plaintiffs and other Class Members…for each time *Meta* violated this section of CIPA) (emphasis added).[1] However, out of abundance of caution, SFBFS addresses the viability of any claim against it by Plaintiffs under Section 635 of the CIPA.

Section 635 states in relevant part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another .... Cal. Penal Code § 635 (West).

To bring a viable claim for violation of Section 635, a party must allege concrete injury. As discussed in Section III(B), *supra,* Plaintiffs do not allege any "concrete" injury resulting from SFBFS' alleged possession or assembly of any purported eavesdropping devices, and, thus, Plaintiffs lack Article III standing to bring a claim for violation of Section 635 against SFBFS. *See TransUnion LLC v. Ramirez,* 594 U.S. 413, 424 (2021) (Article III standing requires "the plaintiff's injury in fact be concrete—that is, real, and not abstract") (citations and internal quotation marks omitted); *Saleh v. Nike, Inc.,* 562 F. Supp. 3d 503, 522–24 (C.D. Cal. 2021) (plaintiff lacked standing to assert claim under Section 635 because plaintiff did not allege concrete injury resulted from defendants' mere possession of eavesdropping device). Thus, to the extent Plaintiffs attempt to bring a claim for violation of Section 635 against SFBFS, it must be

---

[1] From Plaintiffs' Complaint, it does not appear that Plaintiffs seek to assert any violation of CIPA Section 638 against SFBFS—only Meta. *See* Compl. ¶ 161 (asserting that "*Meta* is liable…for each time *Meta* violated this section of CIPA) (emphasis added). For that reason, SFBFS does not discuss the viability of a claim for violation of CIPA Section 638 against SFBFS in the instant Motion.

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

14

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

dismissed.

**F.       Plaintiffs' California Constitution Invasion of Privacy, and Common Law Invasion of Privacy Claims Fail Because Plaintiffs Had No Reasonable Expectation of Privacy.**

"To state a claim for intrusion upon seclusion under California common law, a plaintiff must plead that: (1) a defendant 'intentionally intrude[d] into a place, conversation, or matter as to which the plaintiff has *a reasonable expectation of privacy*[,]'; and (2) the intrusion 'occur[red] in a manner highly offensive to a reasonable person.'" *In re Facebook, Inc. Internet Tracking Litig.,* 956 F.3d 589, 601 (9th Cir. 2020) (citing *Hernandez v. Hillsides, Inc.,* 47 Cal. 4th 272 (2009)) (emphasis added). "The party claiming a violation of the constitutional right of privacy established in Article I, Section 1 of the California Constitution must establish: (1) a legally protected privacy interest; (2) *a reasonable expectation of privacy under the circumstances*; and (3) a serious invasion of the privacy interest." Cal. Const., Art. I, § 1; *Int'l Fed. of Pro. and Tech. Eng'rs, Loc. 21, AFL–CIO v. Superior Court,* 42 Cal. 4th 319, 338 (2007) (citing *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 39-40 (1994)) (emphasis added). "Courts consider the customs, practices, and circumstances surrounding the data collection, including the amount of data collected, the sensitivity of data collected, the manner of data collection, and the defendant's representations to its customers." *Hammerling v. Google LLC,* 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022); *see also Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 37 (1994).

Here, Plaintiffs' demonstrable awareness of the Website's use of data analytics through the Website's conspicuous Privacy Policy undermines their ability to plausibly allege they had a reasonable expectation of privacy or that there was a serious invasion of their privacy. *D'Angelo v. FCA US, LLC,* 726 F. Supp. 3d 1179, 1206 (S.D. Cal. 2024) (dismissing invasion of privacy under California Constitution claim for failure to adequately plead a reasonable expectation of privacy). Plaintiffs failed to establish that Website users have a reasonable expectation of privacy when they were informed that their browsing data may be shared. (*See* **Ex. B**). Because Plaintiffs were informed of the sharing of their data analytics, there was no reasonable expectation of privacy, no intrusion of privacy, and no violation of the California constitutional right to privacy.

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB                      DEFENDANT SACRAMENTO FOOD
                                                          BANK AND FAMILY SERVICES'
                                                          MOTION TO DISMISS COMPLAINT
                              15

81197367.v3

*Smith v. Facebook, Inc.,* 262 F. Supp. 3d 943, 955-56 (N.D. Cal. 2017) *aff'd,* 745 F. App'x 8 (9th Cir. 2018) ("Plaintiff's consent ... bars their common-law tort claims and their claim for invasion of privacy under the California Constitution."); *Hill v. Nat'l Collegiate Athletic Ass'n,* 7 Cal. 4th 1, 26 (1994) ("[T]he plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy, *i.e.*, he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant. If, as here, voluntary consent is present, a defendant's conduct will rarely be deemed 'highly offensive to a reasonable person' so as to justify tort liability."); *In re Yahoo Mail Litig.,* 7 F. Supp. 3d 1016, 1037-38 (N.D. Cal. 2014) (holding that a plaintiff asserting a privacy claim under the California Constitution "must have conducted himself or herself in a manner consistent with an actual expectation of privacy, i.e., he or she must not have manifested by his or her conduct a voluntary consent to the invasive actions of defendant," and granting defendant's motion to dismiss).

Because Plaintiffs were aware of and agreed to the Website's use of data analytics, they had no reasonable expectation of privacy.[2] Plaintiffs' invasion of privacy claims against SFBFS should be dismissed.

### G.    Plaintiffs' Negligence Claim Fails Under California Law.

"To prevail in an action for negligence, the plaintiff must demonstrate that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach proximately caused the plaintiff's injuries." *John B. v. Superior Court* (2006) 38 Cal. App. 4th 1177, 1188 (2006). The existence of a duty is a question of law for the court. *Id.* Further, under California law, "negligence claims must result in actual damages from the complained-of conduct." *Sallie Holly v. Alta Newport Hosp., Inc.,* 2020 WL 6161457, at *3 (C.D. Cal. Oct. 21, 2020). Accordingly, to state a negligence claim, Plaintiffs must allege an "appreciable,

---

[2] However, even if Plaintiffs successfully alleged that they had a reasonable expectation of privacy (which they have not), Plaintiffs' invasion of privacy claim would still fail because the conduct alleged by SFBFS was not highly offensive. "Even disclosure of personal information, including social security numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). No reasonable person would view disclosure of the address used to find nearby food resources as "highly offensive" conduct.

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

81197367.v3

nonspeculative, present injury." *Low v. LinkedIn Corp.,* 900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012). Here, Plaintiffs fail to state a negligence claim against SFBFS for two reasons: (1) Plaintiffs have failed to demonstrate that SFBFS owed any legal duty to Plaintiffs; and (2) Plaintiffs have failed to allege a nonspeculative, present injury.

First, Plaintiffs have failed to establish the existence of a special relationship between them and SFBFS that would give rise to a duty of care. As a general matter, "[a] special relationship between the defendant and the victim is one that gives the victim a right to expect protection from the defendant." *Brown v. USA Taekwondo,* 11 Cal. App. 5th 204, 216 (2021). Here, Plaintiffs allege that "[t]he Food Bank Defendants owed to Plaintiffs and other Class Members…a duty of care" and that "[i]n violation of that duty, the Food Bank Defendants negligently, carelessly, recklessly or unlawfully transmitted to and permitted Meta to access Plaintiffs' and other Class Members' PII and sensitive…financial information." Compl. ¶ 190-91. However, Plaintiffs offer no facts in support of their conclusory allegation SFBFS owed any duty to secure and safeguard Website users' private information or otherwise protect Plaintiffs from Meta. *See R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 896-97 (C.D. Cal. 2024) (finding that customers failed to sufficiently allege pharmacy chain's duty to use reasonable measures to secure and safeguard customers' private information based on chain's use of tracking tool on its website); *Santoro v. Tower Health,* No. CV 22-4580, 2024 WL 1773371, at *5 (E.D. Pa. Apr. 24, 2024) ("Here, lacking allegations spelling out what information the Meta Pixel collected, we have no basis to conclude that a duty existed to safeguard the information. And if such a duty existed, we cannot assess whether Tower Health breached it by disclosing the information to Meta."). Because Plaintiffs' Complaint does not demonstrate that SFBFS owed any legal duty to Plaintiffs, Plaintiffs' negligence claim must fail.

Additionally, Plaintiffs have failed to sufficiently allege any actual injury in support of their negligence claim. Here, Plaintiffs imply that they were injured when their private information was divulged and potentially misused (including for marketing without their consent), which subjected them to unsolicited targeted advertisements. *See* Compl. ¶ 30. As a result of SFBFS' alleged negligence, Plaintiffs assert only that "Plaintiffs and other Class

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

17

DEFENDANT SACRAMENTO FOOD BANK AND FAMILY SERVICES' MOTION TO DISMISS COMPLAINT

81197367.v3

Members have sustained foreseeable harm and damages…" Compl. ¶ 192. Such allegations are far too vague and conclusory to survive. Further, as it relates to litigation involving pixels and online trackers, courts sitting in the Ninth Circuit have continuously dismissed negligence claims for failure to adequately plead damages where, like here, the injury is based on "the loss of the inherent value of their personal data." *Doe v. Meta Platforms, Inc.,* 690 F.Supp.3d 1064, 1089 (N.D. Cal. Sept. 7, 2023) (citing *Cottle v. Plaid Inc.,* 536 F. Supp. 3d 461, 484 (N.D. Cal. 2021)); *see also R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 898 (C.D. Cal. 2024). Because Plaintiffs have not (and cannot) adequately allege an injury sufficient to support their negligence claim, Plaintiffs' negligence claim must be dismissed.

Plaintiffs have failed to state a claim for negligence against SFBFS and this Court should dismiss Count V of Plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count I, Count III, Count IV, and Count V of Plaintiffs' Complaint with prejudice as to Defendant Sacramento Food Bank and Family Services.

Dated: October 20, 2025

Respectfully submitted,

LATHROP GPM LLP


By: _____
Michael W. M. Manoukian
Attorneys for Defendant
SACRAMENTO FOOD BANK AND
FAMILY SERVICES

LATHROP GPM
ATTORNEYS AT LAW
SAN JOSE · REDWOOD CITY

U.S.D.C., N.D. Cal., No. 3:25-cv-5106-LB

18

DEFENDANT SACRAMENTO FOOD
BANK AND FAMILY SERVICES'
MOTION TO DISMISS COMPLAINT

81197367.v3