SCOTT C. HALL (State Bar No. 232492)
LEEZA ARBATMAN (State Bar No. 347753)
ALEXANDRA M. BOXALL (State Bar No. 348300)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:     ef-sch@cpdb.com
           ef-ela@cpdb.com
           ef-amb@cpdb.com

Attorneys for Defendant
San Francisco Food Bank d/b/a
San Francisco-Marin Food Bank

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,<br><br>Defendants. | Case No. 3:25-cv-05106-LB<br><br>**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: February 5, 2026<br>Time:  9:30 a.m. |

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 5, 2026 at 9:30 a.m. or as soon thereafter as counsel may be heard, in Courtroom B, 15th Floor, in the courtroom of the Hon. Magistrate Judge Laurel Beeler, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant San Francisco Food Bank d/b/a San Francisco-Marin Food Bank ("SFMFB") hereby moves the Court to dismiss the Complaint of Plaintiffs Natassia Timothee, Tommy Diep, Esparanza Reyes, Mariaelena Burciaga, and Stacy Penning (collectively, "Plaintiffs"), filed as Docket No. 1 ("Complaint" or "Compl.") for failure to establish standing under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the Declarations of Scott C. Hall and Joshua R. Thomas, all of the pleadings and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be considered by the Court prior to its ruling.

### STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state any claim upon which relief can be granted under Rule 12(b)(6).

DATED:  October 20, 2025

Respectfully Submitted,

COBLENTZ PATCH DUFFY & BASS LLP

By:    /s/ Scott C. Hall
_____
SCOTT C. HALL
Attorneys for Defendant
San Francisco Food Bank d/b/a
San Francisco-Marin Food Bank

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................................1

II.    BACKGROUND ..........................................................................................................2

III.   LEGAL STANDARDS ................................................................................................3

     A.    Rule 12(b)(1) ....................................................................................................3

     B.    Rule 12(b)(6) ....................................................................................................4

IV.    ARGUMENT ...............................................................................................................4

     A.    Plaintiffs' Claims Must Be Dismissed Under Rule 12(b)(1) Because Plaintiff Penning Lacks Article III Standing. ...................................................................4

          1.    Factual Attack on Standing: Penning Cannot Establish That He Suffered a Concrete Injury Traceable to SFMFB. ........................................5

          2.    Facial Attack on Standing: Penning Does Not Plausibly Allege a Concrete Injury-In-Fact. .......................................................................6

          3.    Penning Does Not Have Standing to Seek Injunctive Relief. ........................7

          4.    Because Penning Does Not Have Standing, All Claims Against SFMFB Must Be Dismissed. ...............................................................8

     B.    Plaintiffs Fail to State Substantive Claims Under Rule 12(b)(6). ...........................9

          1.    Plaintiffs Fail to State a Claim Under CIPA § 631(a). ..................................9

               (a)    Contents: Plaintiffs Do Not Plausibly Allege the Collection of the "Contents" of Communications. ...................................................9

              (b)    Consent: Plaintiffs Consented to the Collection of Their Information. .......................................................................11

              (c)    In Transit: Plaintiffs' Communications Were Not Intercepted In Transit. .......................................................................12

              (d)    There is No Predicate Violation, So There Can Be No Liability for Aiding and Abetting. ................................................13

          2.    Plaintiffs Fail to State a Claim Under CIPA § 632(a). ................................14

          3.    Plaintiffs Fail to State a Claim Under CIPA § 635. ....................................15

          4.    Plaintiffs Fail to State a Claim Under CIPA § 638.51. ................................15

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

(a) Metadata Is Not Protected Under CIPA § 638.51. And, Even If "Contents" Are Collected, § 638.51 Still Does Not Apply. .........16

(b) Plaintiffs Do Not Plausibly Plead Lack of Consent to the Analytics on SFMFB's Website.........................................................17

5. Plaintiffs' Common Law Invasion of Privacy Claim Fails. ..........................17

(a) Plaintiffs Had No Reasonable Expectation of Privacy.....................17

(b) The Conduct Alleged Was Not Highly Offensive...........................19

6. Plaintiffs' California Constitutional Right to Privacy (Cal. Const. art. I, § 1) Claim Fails..................................................................................20

7. Plaintiffs' Negligence Claim Fails. ..............................................................22

(a) Plaintiffs' Claim Is Not Grounded in Any Legal Duty. ..................22

(b) Plaintiffs Have Not Alleged Any Cognizable Injury. ......................22

(c) Plaintiffs Impermissibly Repackage Allegedly Intentional Practices as Negligent. ......................................................................23

8. The CCPA Provides No Basis For Liability. .................................................23

(a) The CCPA Does Not Apply to SFMFB as a Nonprofit. ..................23

(b) No Breach Due to Lack of Reasonable Security Occurred..............24

V. CONCLUSION ..........................................................................................................24

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................ 4

*Bass v. Facebook, Inc.,*
    394 F. Supp. 3d 1024 (N.D. Cal. 2019) ................................................................ 22

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ................................................................................................ 4

*Brodsky v. Apple Inc.,*
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ............................................................. 9, 16

*Brown v. Google LLC,*
    525 F. Supp. 3d 1049 (N.D. Cal. 2021) ............................................................... 14

*Campbell v. Facebook Inc.,*
    77 F. Supp. 3d 836 (N.D. Cal. 2014) ................................................................... 14

*In re Carrier IQ, Inc.,*
    78 F. Supp. 3d 1051 (N.D. Cal. 2015) ................................................................... 8

*Castillo v. Costco Wholesale Corp.,*
    2024 WL 4785136 (W.D. Wash. Nov. 14, 2024) ................................................. 20

*City of L.A. v. Lyons,*
    461 U.S. 95 (1983) ................................................................................................. 8

*Clapper v. Amnesty Int'l USA,*
    568 U.S. 398 (2013) ................................................................................................ 7

*Cody v. Ring LLC,*
    2025 WL 240763 (N.D. Cal. Jan. 16, 2025) ................................................... 13, 14

*Cody v. Ring LLC,*
    718 F. Supp. 3d 993 (N.D. Cal. 2024) ................................................................... 9

*Cousin v. Sharp Healthcare,*
    681 F. Supp. 3d 1117 (S.D. Cal. 2023) ................................................................ 18

*Crano v. Sojern, Inc.,*
    2025 WL 2689267 (N.D. Cal. Sept. 19, 2025) ..................................................... 13

*Davidson v. Kimberly-Clark Corp.,*
    889 F.3d 956 (2018) ................................................................................................ 8

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. Sept. 7, 2023) ...................................................................... 22

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) ................................................................................................. 4

*Gabrielli v. Motorola Mobility LLC*,
2025 WL 1939957 (N.D. Cal. July 14, 2025) ........................................................................ 20

*Gonzales v. Uber Techs., Inc.*,
305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018), on reconsideration, 2018 WL 3068248 (N.D.
Cal. June 21, 2018) ................................................................................................................ 10

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) .................................................................................... 14

*In re Google Inc.*,
2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ....................................................................... 17

*In re Google RTB Consumer Priv. Litig.*,
2024 WL 2242690 (N.D. Cal. Apr. 4, 2024) .......................................................................... 12

*In re Google RTB Consumer Privacy Litig.*,
606 F. Supp. 3d 935 (N.D. Cal. 2022) .................................................................................... 11

*Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*,
750 F.3d 1098 (9th Cir. 2014) ................................................................................................ 10

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) .................................................................................... 15

*Gray v. Luxottica of Am., Inc.*,
2024 WL 5689566 (C.D. Cal. Dec. 16, 2024) ........................................................................ 19

*Hammerling v. Google, LLC*,
2024 WL 937247 (9th Cir. Mar. 5, 2024) ............................................................................... 17

*Harper v. United States*,
2019 WL 7858529 (C.D. Cal., Sept. 12, 2019) ....................................................................... 16

*Hart v. TWC Prod. & Tech. LLC*,
526 F. Supp. 3d 592 (N.D. Cal. 2021) .................................................................................... 22

*Hazel v. Prudential Fin., Inc.*,
2023 WL 3933073 (N.D. Cal. June 9, 2023) .......................................................................... 12

*Heeger v. Facebook, Inc.*,
509 F. Supp. 3d 1182 (N.D. Cal. 2020) .................................................................................. 16

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

iv                                                      Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE
OF MOTION AND MOTION TO DISMISS COMPLAINT**

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
    728 F. Supp. 3d (C.D. Cal. 2024)..................................................................................13

*Hernandez v. Hillsides, Inc.*,
    47 Cal.4th 272 (2009)...................................................................................................17

*Hong v. StubHub, Inc.*,
    2024 WL 4720924 (C.D. Cal. Sept. 9, 2024)...............................................................11

*Hubbard v. Google LLC*,
    2024 WL 3302066 (N.D. Cal. July 1, 2024).................................................................21

*I.C. v. Zynga, Inc.*,
    600 F. Supp. 3d 1034 (N.D. Cal. 2022) ..........................................................................7

*In re iPhone Application Litig.*
    844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) .............................................................19

*Javier v. Assurance IQ, LLC*,
    2021 WL 940319 (N.D. Cal., Mar. 9, 2021) ................................................................11

*Johnson v. Blue Nile, Inc.*,
    2021 WL 1312771 (N.D. Cal. Apr. 8, 2021) ...............................................................11

*Johnson v. Microsoft Corp.*,
    2009 WL 1794400 (W.D. Wash. June 23, 2009) .........................................................19

*Karim v. Best Buy Co., Inc.*,
    2023 WL 3801909 (N.D. Cal. June 2, 2023) ...............................................................12

*Kenney v. Bank of Am., N.A.*,
    2025 WL 1489549 (C.D. Cal. May 23, 2025)..............................................................24

*Khamooshi v. Politico LLC*,
    786 F. Supp. 3d 1174 (N.D. Cal. 2025) .....................................................................6, 7

*King v. Hard Rock Cafe Int'l (USA), Inc.*,
    2025 WL 1635419 (E.D. Cal. June 9, 2025)................................................................10

*Kishnani v. Royal Caribbean Cruises Ltd.*,
    2025 WL 1745726 (N.D. Cal. June 24, 2025), appeal docketed, No. 25-4452 (9th Cir. July 18,
    2025)..............................................................................................................................16

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002).......................................................................................12

*L.B. v. LinkedIn Corp.*,
    2025 WL 2899514 (N.D. Cal. Oct. 10, 2025)..............................................................18

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

*Lanovaz v. Twinings N. Am., Inc.*,
   726 F. App'x 590 (9th Cir. 2018)...........................................................................................8

*Lauter v. Anoufrieva*,
   2010 WL 3504745, at *17 (C.D. Cal. July 14, 2010), report and recommendation adopted as
   modified, 2010 WL 3504732 (C.D. Cal. Aug. 31, 2010)...........................................................6

*Lierboe v. State Farm Mut. Auto. Ins. Co.*,
   350 F.3d 1018 (9th Cir. 2003)..............................................................................................8

*Lloyd v. Facebook, Inc.*,
   2022 WL 4913347 (N.D. Cal. Oct. 3, 2022), aff'd, 2024 WL 3325389 (9th Cir. July 8, 2024),
   cert. denied, 145 S. Ct. 462 (2024)..................................................................................18, 21

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...........................................................................19, 20

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 ........................................................................................................................4

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) .........................................................................12, 13

*Matera v. Google Inc.*,
   2016 WL 8200619 (N.D. Cal. Aug. 12, 2016).........................................................................9

*McClung v. AddShopper, Inc.*,
   2024 WL 189006 (N.D. Cal. Jan. 17, 2024) .........................................................................13

*McCoy v. Alphabet, Inc.*,
   2021 WL 405816 (N.D. Cal. Feb. 2, 2021)............................................................................24

*McDonald v. Kiloo ApS*,
   385 F. Supp. 3d 1022 (N.D. Cal. 2019) ...............................................................................21

*Mikulsky v. Noom, Inc.*,
   2023 WL 4567096 (S.D. Cal. July 17, 2023)...........................................................................7

*Mireskandari v. Mail*,
   2013 WL 12129559 (C.D. Cal. July 30, 2013) .....................................................................12

*Mitchener v. CuriosityStream, Inc.*,
   2025 WL 2272413 (N.D. Cal. Aug. 6, 2025), appeal docketed, No. 25-4990 (9th Cir. Aug. 7,
   2025).........................................................................................................................7, 8, 16, 18

*Pareto v. F.D.I.C.*,
   139 F.3d 696 (9th Cir. 1998)..................................................................................................4

*Patrick v. Running Warehouse, LLC*,
   93 F.4th 468 (9th Cir. 2024)................................................................................................11

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE
OF MOTION AND MOTION TO DISMISS COMPLAINT**

*People v. Nakai*,
    183 Cal. App. 4th 499 (2010)...................................................................................... 14

*People v. Perez*,
    35 Cal.4th 1219 (2005).............................................................................................. 14

*Popa v. Microsoft Corp.*,
    2025 WL 2448824 (9th Cir. Aug. 26, 2025)................................................................ 7

*Price v. Headspace, Inc.*,
    2025 WL 1237977 (Cal. Super. Apr. 01, 2025)......................................................... 16

*R.C. v. Walgreen Co.*,
    733 F. Supp. 3d 876 (N.D. Cal. 2024) .............................................................. 22, 23

*Ramos v. Gap, Inc.*,
    2025 WL 2144837 (N.D. Cal. July 29, 2025)..................................................9, 10, 15

*Revitch v. New Moosejaw, LLC*,
    2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ..................................................... 17, 21

*In re Ring LLC Priv. Litig.*,
    2021 WL 2621197...................................................................................................... 12

*Roberts v. Corrothers*,
    812 F.2d 1173 (9th Cir. 1987)..................................................................................... 4

*Saeedy v. Microsoft Corp.*,
    2023 WL 8828852 (W.D. Wash. Dec. 21, 2023)....................................................... 19

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004)..................................................................................... 3

*Saleh v. Nike, Inc.*,
    562 F. Supp. 3d 503 (C.D. Cal. 2021)................................................................... 9, 10

*Sallie Holly v. Alta Newport Hosp., Inc.*,
    2020 WL 6161457 (C.D. Cal. Oct. 21, 2020) ..................................................... 22, 23

*Sion v. SunRun, Inc.*,
    2017 WL 952953 (N.D. Cal. Mar. 13, 2017) ............................................................ 23

*Smith v. Facebook, Inc.*,
    262 F. Supp. 3d 943 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018) ........ 18

*Smith v. Lanza*,
    2022 WL 20243472 (N.D. Cal. Apr. 18, 2022) ........................................................ 23

*Smith v. YETI Coolers, LLC*,
    754 F. Supp. 3d 933 (N.D. Cal. 2024) ...................................................................... 12

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ....................................................................................................... 3, 4, 8

*St. Clair v. City of Chico*,
   880 F.2d 199 (9th Cir. 1989) ..................................................................................................... 5

*Swarts v. Home Depot, Inc.*,
   689 F. Supp. 3d 732 (N.D. Cal. 2023) .................................................................................... 15

*Transamerica Life Ins. Co. v. Richards*,
   695 F. Supp. 3d 1120 (C.D. Cal. 2023) ................................................................................... 22

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ...................................................................................................... 3, 6, 7

*Valenzuela v. Keurig Green Mountain, Inc.*,
   2023 WL 6609351 (N.D. Cal. Oct. 10, 2023) ............................................................................ 7

*Valenzuela v. Keurig Green Mountain, Inc.*,
   674 F. Supp. 3d 751 (N.D. Cal. 2023) .................................................................................... 13

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ........................................................................................... 3, 4

*Williams v. DDR Media*, LLC
   2023 WL 5352896, at *7 (N.D. Cal. Aug. 18, 2023) ................................................................ 19

*Williams v. What If Holdings, LLC*,
   2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ..................................................................... 9, 20

*Yoon v. Meta Platforms, Inc.*,
   2024 WL 5264041 (N.D. Cal. Dec. 30, 2024) ......................................................................... 10

*Zbitnoff v. NationStar Mortg. LLC*,
   2014 WL 2119875 (N.D. Cal. May 21, 2014) ......................................................................... 21

**Statutes & Rules**

Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510–2523 ............................... 9

Cal. Civ. Code
   § 1798.100(a) ........................................................................................................................ 23
   § 1798.105 ............................................................................................................................. 23
   § 1798.115 ............................................................................................................................. 23
   § 1798.120 ............................................................................................................................. 23
   § 1798.125 ............................................................................................................................. 23
   § 1798.140(d)(1) ................................................................................................................... 23
   § 1798.150 ............................................................................................................................. 24
   § 1798.150(a)(1) ................................................................................................................... 24
   § 3515 ................................................................................................................................... 17

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

California Invasion of Privacy Act, Cal. Pen. Code § 631 *et seq*.

§ 631 ................................................................................................................................ 10

§ 631(a) ................................................................................................ 9, 12, 13, 15

§ 632(a) ................................................................................................ 14, 15

§ 635 ................................................................................................................ 15

§ 637.2(a) .................................................................................................... 17

§ 638 ................................................................................................................ 15

§ 638.51 ................................................................................................ 15, 16, 17

Federal Rule of Civil Procedure Rule 12(b)(1) ..............................................................*passim*

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................................. 2, 4, 9

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

A growing wave of class action lawsuits in recent years has sought to turn ordinary website cookies, analytics tools, and tracking pixels—technologies that nearly every organization, public and private, employs to measure web traffic and improve user experience—into purported privacy violations. This case marks a new low: suing nonprofit food banks whose sole mission is to feed hungry individuals and families, not profit from user data. As a charitable organization, San Francisco-Marin Food Bank ("SFMFB") uses these types of technologies to more effectively provide critical food assistance and connect those in need with local food distribution services.

In this putative class action, Plaintiffs target four food banks and Meta Platforms, Inc. over the use of the Meta Pixel, a snippet of software code routinely embedded on websites. Plaintiffs' theory is extraordinary. They assert that because the Pixel *can* collect certain user data, including sensitive information, it must have done so here. Yet when it comes to actual interactions with SFMFB's website, the Complaint offers no facts to support those sweeping conclusions.

The claims against SFMFB center on its "Find Food" locator tool—an online resource designed for a single purpose: to connect people in need with local food distribution programs. The tool includes optional search filters to help individuals quickly identify particular locations and services tailored to their specific circumstances, such as age, mobility, and disability status (to identify services catered to seniors and individuals with disabilities, including grocery services and home delivery), as well as urgency of need (to identify immediate rather than long-term food solutions). Plaintiffs attempt to recast this charitable resource as a "knowing" invasion of privacy.

As a threshold matter, all claims against SFMFB fail under Rule 12(b)(1). The only Plaintiff asserting claims against SFMFB, Stacy Penning, cannot establish Article III standing—either facially or factually. The undisputed evidence shows that SFMFB's "Find Food" tool blocks users located outside its San Francisco and Marin County service area from entering or submitting any personal information to SFMFB. Because Penning resides in Contra Costa County, he could not have transmitted any personal data to SFMFB or to Meta, so there is no injury or causal connection. To the extent that Penning speculates that SFMFB collected or disclosed any other personal information,

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

those allegations are implausible. He likewise lacks standing to pursue injunctive relief.

Even if Penning could satisfy Article III standing, the Complaint would still fail under Rule 12(b)(6). The CIPA claims are untenable because there was no contemporaneous interception of "contents," much less without consent. The common-law and constitutional privacy claims fail because the use of routine website cookies and pixels—especially where users receive clear banner notice—are not "highly offensive" intrusions. The negligence claim fails based on the lack of any cognizable duty or injury. And the CCPA claim fares no better: the statute does not apply to nonprofits like SFMFB, and, in any event, its private right of action is limited to data security incidents involving lack of reasonable security, not the use of routine website cookies or pixels.

Indeed, nothing in the Complaint plausibly suggests that SFMFB used the Meta Pixel to profit from user data, or for any other purpose other than to understand the needs of those seeking its services and improve access to its charitable food distribution programs. Unlike a commercial business that employs tracking and retargeting to drive sales, SFMFB has no products to market, no customers to solicit, and no conceivable financial incentive to advertise or "retarget" indigent families and individuals seeking food assistance. SFMFB exists only to feed people in need, not to exploit or profit from their data. A win for Plaintiffs here is not a victory for privacy rights; it means a loss of resources for individuals and families seeking critical food assistance.

Because Penning lacks standing and no amendment can cure that defect—and because the Complaint fails to adequately state any claim upon which relief can be granted—the Court should dismiss all claims against SFMFB with prejudice.

## II.     BACKGROUND

Plaintiffs bring this putative class action against Meta Platforms, Inc. ("Meta") and four nonprofit food banks: Sacramento Food Bank and Family Services, Los Angeles Regional Food Bank, Central California Food Bank, and SFMFB (collectively, the "Food Bank Defendants"). Compl. ¶¶ 18-35. Plaintiffs allege that the Food Bank Defendants embedded Meta's Pixel tool on their websites, permitting Meta to intercept user data and associate it with users' Meta accounts. *Id.* ¶¶ 1-7, 84-88. Based on these allegations, Plaintiffs assert claims against the Food Bank Defendants under the California Invasion of Privacy Act ("CIPA"), the California Consumer Privacy Act

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

("CCPA"), and related common-law and constitutional theories, including intrusion upon seclusion, invasion of the right to privacy under the California Constitution, and negligence. *Id.* ¶¶ 118-209.

Plaintiff Penning is a resident of Contra Costa County. Compl. ¶ 22. He alleges that he has visited SFMFB's website and used its "Find Food" map, which involved him answering questions related to his "location, age, disability status, mobility status, and urgency of his need for food assistance." *Id.* ¶ 28. None of the other named Plaintiffs allege that they have ever visited or used SFMFB's website. *See* Compl. ¶¶ 24-27.

SFMFB is a § 501(c)(3) not-for-profit food bank serving the residents of the City and County of San Francisco and Marin County. Compl. ¶¶ 35, 56. Plaintiffs challenge SFMFB's use of standard website technologies, specifically, the Meta Pixel. *Id.* ¶¶ 60-61, 63, 87. Plaintiffs assert that SFMFB "discloses" to Meta the sensitive personal, financial, and medical information of users of its food bank locator tool (the "Find Food Tool") through the Meta Pixel on SFMFB's website, and that if a user is logged into a Meta account, Meta can link the data collected by the Pixel to that user. Compl. ¶¶ 58–65, 73, 87. Plaintiffs further allege that selling user data is an "extremely profitable business" (Compl. ¶ 103) but make no allegation that SFMFB monetizes or profits from any user data.

## III.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

To satisfy Article III's case or controversy requirement, the plaintiff "must have a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021) (internal quotation marks omitted). Standing requires plaintiffs to allege at a minimum that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016). The plaintiff bears the burden of establishing standing. *TransUnion,* 594 U.S. at 430-31. A defendant may challenge standing under Rule 12(b)(1) on facial or factual grounds. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000). On a facial challenge, the Court determines whether "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). On a factual challenge, the Court determines whether subject-matter jurisdiction exists, independent of the

3   Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

complaint. *White*, 227 F.3d at 1242. The Court may look beyond the complaint and need not presume the truthfulness of the plaintiff's allegations. *Id.* Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

**B.    Rule 12(b)(6)**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The Court must not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). *Twombly* and *Iqbal* require non-conclusory facts that make relief plausible; legal conclusions and unwarranted inferences do not suffice. *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Pareto*, 139 F.3d at 699; *Fayer*, 649 F.3d at 1064.[1]

**IV.    ARGUMENT**

**A.    Plaintiffs' Claims Must Be Dismissed Under Rule 12(b)(1) Because Plaintiff Penning Lacks Article III Standing.**

Plaintiffs lack standing because they cannot establish that they have suffered an injury-in-fact, which requires a "concrete and particularized" invasion of a legally protected interest that is "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (internal quotations omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo*, 578 U.S. at 340. Moreover, the alleged injury must affect plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 560, n. 1.

Penning is the only named Plaintiff to allege he accessed SFMFB's website, making him the

---

[1] As explained in SFMFB's accompanying Request for Judicial Notice to Incorporate by Reference ("RJN"), the Court may consider materials outside the pleadings when ruling on a motion to dismiss under Rule 12(b)(1) or 12(b)(6). SFMFB respectfully asks that the Court incorporate by reference **Exhibits A and B** to the Declaration of Scott C. Hall ("Hall Decl."), and **Exhibit C** to the Declaration of Joshua R. Thomas ("Thomas Decl."), as set forth in the accompanying RJN. **Exhibits D and E** to the Thomas Decl. are submitted only as evidence in support of SFMFB's 12(b)(1) factual challenge.

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

sole plaintiff who may assert claims against SFMFB, either for himself or on behalf of a putative class or subclass.[2] But Penning lacks the requisite standing to do so because the factual record confirms that he has not—and could not have—suffered any injury.

### 1. **Factual Attack on Standing: Penning Cannot Establish That He Suffered a Concrete Injury Traceable to SFMFB.**

Penning cannot plead a concrete injury traceable to SFMFB because SFMFB's website was configured to block him from transmitting any personal information via the Find Food Tool to SFMFB—or Meta. This factual challenge to Penning's standing is dispositive of each of his claims against SFMFB, all of which concern the alleged disclosure of personal information by SFMFB.

SFMFB's website incorporates the Find Food Tool, which allows users to identify local food resources. Thomas Decl.,[3] ¶¶ 4-5. In order to locate food assistance, users are asked to: (1) enter their ZIP code, (2) provide optional additional information regarding age, disability status, mobility issues and lack of food access by marking a corresponding checkbox (if applicable), and (3) click on the "Search" button. *Id.* ¶¶ 6-7. Importantly, users of the Find Food Tool can only click on the "Search" button if a San Francisco or Marin County ZIP code is entered in the ZIP code field. *Id.* ¶¶ 6(b), 8. If no ZIP code is entered, the "Search" button is disabled and cannot be clicked. *Id.* ¶ 6(a). If an out-of-service area ZIP code is entered, the "Search" button remains disabled, and an error message directs users to alternative resources for food assistance. *Id.* ¶ 6(c). No information is submitted to SFMFB until and unless the "Search" button is enabled (*after* a San Francisco or Marin County ZIP code has been entered) and clicked on. *Id.* ¶ 7-8.

The crux of Plaintiffs' case against SFMFB is that Penning submitted sensitive personally identifying information to SFMFB via the Find Food Tool, which was "intercepted by Meta." Compl. ¶¶ 28, 61. The factual evidence shows that it was impossible for Penning to have done so. Penning alleges that he is, and intends to remain, a resident of Contra Costa County, which is not a county

---

[2] Penning is also the sole representative of a putative subclass. *See* Compl. ¶ 109.

[3] The Court may consider this declaration as evidence properly before the Court. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989) ("[A] Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court.")

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

within SFMFB's service area. *Id*. ¶ 22. Had Penning entered his Contra Costa County ZIP code (or *any* Contra Costa County ZIP code) into the Find Food Tool, the "Search" button would have been disabled. Thomas Decl. ¶ 6(c), 7-8. Even if Penning had opted to "answer […] multiple questions" (Compl. ¶ 28) in the Find Food Tool by marking one or more of the optional checkboxes, the "Search" button would have remained disabled, Penning could not have clicked on it, and none of his "answers" would have been submitted or transmitted to SFMFB. Thomas Decl. ¶ 7.

No personal information of Penning regarding his age, disability status, mobility issue, and lack of food access could or would have been transmitted to SFMFB through the Find Food Tool. *Id*. ¶ 10. Accordingly, Penning could not have suffered any injury traceable to SFMFB as a result of using the Find Food Tool, because he did and could not use it in the manner alleged. This factual evidence fatally undermines any assertion that he has standing to assert claims against SFMFB.[4]

**2.      Facial Attack on Standing: Penning Does Not Plausibly Allege a Concrete Injury-In-Fact.**

Penning's standing allegations are also facially deficient because he alleges no concrete injury-in-fact. A bare statutory violation is insufficient. *See TransUnion*, 594 U.S. at 426. The Complaint's generalized references to "sensitive medical information" that a "user" may have provided to SFMFB through the Find Food Tool (Compl. ¶ 87) do not establish that Penning himself disclosed any information implicating a protectable privacy interest. Although Penning asserts for the purposes of his CCPA claim that using the Find Food Tool "revealed his medical history" "when he interacted with boxes requiring him to indicate" whether he has a disability or that disability limits his ability to obtain food (Compl. ¶ 198), he never identifies what "medical history" he purportedly revealed or what "interact[ing] with boxes" entails. *See Khamooshi v. Politico LLC,* 786 F. Supp. 3d

---

[4] Penning neither alleges, nor provides any basis to believe, that he entered anything other than a Contra Costa County ZIP code when seeking food assistance on SFMFB's website, as that is his stated county of residence. He makes no allegation that he was seeking food assistance for anyone other than himself. Thus, only if Penning lied about his home ZIP code or county of residence could he have submitted the information he alleges was collected by SFMFB and disclosed to Meta. In that case, the entry of such information would still cause Penning no harm because it is not accurate personal information. *See Lauter v. Anoufrieva*, 2010 WL 3504745, at *17 (C.D. Cal. July 14, 2010), report and recommendation adopted as modified, 2010 WL 3504732 (C.D. Cal. Aug. 31, 2010) ("[T]he provision of false information to a third party does not violate plaintiff's interest in informational privacy as such interest is implicated by the dissemination of only true information.").

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

1174, 1179 (N.D. Cal. 2025); *Mikulsky v. Noom, Inc.*, 2023 WL 4567096, at \*5 (S.D. Cal. July 17, 2023) (finding no injury-in-fact because the plaintiff did not "identify the specific personal information *she* disclosed that implicates a protectable privacy interest") (quotations and citations omitted) (emphasis added). The Complaint does not allege that Penning actually checked any of the optional boxes on the Find Food Tool—or, if he did, which ones. Absent such allegations, Penning's claimed injury rests entirely on speculation, not on any pleaded disclosure of personal information.

Even if Penning attempts to base standing on the alleged disclosure of personal information provided to SFMFB outside the Find Food Tool, he still fails to plausibly allege particularized, concrete harm. An "intangible harm" (such as disclosure of private information) will only suffice if it bears a "close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 594 U.S. at 424 (cleaned-up); *Valenzuela v. Keurig Green Mountain, Inc.,* 2023 WL 6609351, at \*2 (N.D. Cal. Oct. 10, 2023). Here, the information allegedly disclosed (other than through the Find Food Tool) is basic contact information which users *voluntarily* provide to SFMFB. *See* Compl. ¶ 87. This is not private information. *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049 (N.D. Cal. 2022); *Khamooshi*, 786 F. Supp. 3d at 1179. A concrete injury analogous to a privacy invasion arises only where disclosure would be considered "highly offensive to a reasonable person." *Khamooshi*, 786 F.Supp.3d *at* 1180. Courts have routinely held that the categories of information at issue (including basic contact details and IP addresses) do not meet that threshold. *See Mikulsky*, 682 F. Supp. 3d at 864; *Zynga*, 600 F. Supp. 3d at 1049-50; *Khamooshi*, 786 F. Supp. 3d at 1180; *Popa v. Microsoft Corp.*, 2025 WL 2448824, at \*5 (9th Cir. Aug. 26, 2025); *Mitchener v. CuriosityStream, Inc.,* 2025 WL 2272413, at \*4 (N.D. Cal. Aug. 6, 2025)*,* appeal docketed, No. 25-4990 (9th Cir. Aug. 7, 2025).

### 3.    Penning Does Not Have Standing to Seek Injunctive Relief.

Penning also lacks standing to seek prospective injunctive relief because he alleges no risk of harm that is "sufficiently imminent and substantial." *TransUnion*, 594 U.S. at 435. The "threatened injury must be certainly impending to constitute injury in fact, . . . allegations of possible future injury are not sufficient." *Clapper v. Amnesty Int'l USA,* 568 U.S. 398 (2013) (cleaned up). If, as here, standing for injunctive relief is based on the future threat of injury, a plaintiff must establish "a

DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE
OF MOTION AND MOTION TO DISMISS COMPLAINT

sufficient likelihood that [they] will again be wronged in a similar way." *City of L.A. v. Lyons*, 461 U.S. 95, 1111 (1983).

Here, Plaintiffs seek to enjoin SFMFB from disclosing personal information without users informed written consent generally and to Meta specifically. *See* Compl. ¶¶ 210(d)-(e). The Complaint offers a single conclusory allegation to support this request, namely Plaintiffs speculate that they "would like to use the Food Bank Defendants' websites again in the future . . . but feel that they cannot currently trust the websites with their confidential information[.]" *Id.* ¶ 101. Yet Penning alleges that he intends to remain a resident of Contra Costa County, and SFMFB's website will therefore continue to block submission of the very information he claims to have provided. *See Id.* ¶¶ 22, 87; *supra* § IV.A.1. Penning does not plausibly allege a concrete intention to use SFMFB's website again—much less an imminent risk of injury from doing so. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 966 (2018) (an injury must be "certainly impending"); *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 591 (9th Cir. 2018) ("A someday intention—without any description of concrete plans . . . does not support a finding of the actual or imminent injury that Article III requires"). He thus lacks standing to seek injunctive relief.

## 4.    <u>Because Penning Does Not Have Standing, All Claims Against SFMFB Must Be Dismissed.</u>

Penning's standing to assert claims against SFMFB fails under either a facial or factual challenge. As the only named Plaintiff who allegedly accessed SFMFB's website, his lack of standing is fatal to Plaintiffs' claims against SFMFB. *In re Carrier IQ, Inc.,* 78 F. Supp. 3d 1051, 1069 (N.D. Cal. 2015) (confirming that there must be at least one named plaintiff who was injured by and thus has threshold standing to sue a defendant in order for claims to proceed against said defendant). Further, a plaintiff who fails to show that he "personally ha[s] been injured" cannot seek relief for himself or other putative class members. *Lierboe v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018, 1022 (9th Cir. 2003); *Spokeo*, 578 U.S. at 338 n.6 ("[N]amed plaintiffs who represent a class must allege and show that they personally have been injured[.]") (cleaned up). As Penning cannot do so, he does not have standing to bring a claim on behalf of a class—or the subclass for which he is the sole representative. Compl. ¶ 109; *Mitchener*, 2025 WL 2272413 at *5 ("A plaintiff does not have

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP

ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500

415.391.4800 · FAX 415.989.1663

standing to bring a claim on behalf of a class if he does not have standing to bring it for himself.") (citations omitted). As a result, all claims against SFMFB must be dismissed.

**B.      Plaintiffs Fail to State Substantive Claims Under Rule 12(b)(6).**

Because Penning fails to establish Article III standing, all claims against SFMFB should be dismissed under Rule 12(b)(1). Additionally, Plaintiffs fail to state any plausible claim for relief, and dismissal is independently warranted under Rule 12(b)(6).

**1.      Plaintiffs Fail to State a Claim Under CIPA § 631(a).**

Plaintiffs do not plausibly allege that SFMFB has engaged in any of the conduct which the statute is designed to address: "(i) 'intentional wiretapping;' (ii) 'willfully attempting to learn the contents or meaning of a communication in transit over a wire;' and (iii) 'attempting to use or communicate information obtained as a result of engaging in either of the two previous activities.'" *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 998 (N.D. Cal. 2024); *see* Compl. ¶¶ 130-133, 138, 142. Only the second and third clauses, which requires a third party to have read or learned the contents of an internet communication without the consent of all parties while the communication is in transit, are applicable here.[5] *See Matera v. Google Inc.*, 2016 WL 8200619, at *18 (N.D. Cal. Aug. 12, 2016); *Cody*, 718 F. Supp. 3d at 1000. Plaintiffs' claims fail as a matter of law because they do not plausibly allege that contents were collected in transit without consent.

**(a)      Contents: Plaintiffs Do Not Plausibly Allege the Collection of the "Contents" of Communications.**

Contents means "'any information concerning the substance, purport, or meaning of [a] communication.'" *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 517 (C.D. Cal. 2021) (quoting 18 U.S.C. § 2510(8))[6]. It refers to the message conveyed by the communication, not record or routing data "regarding the characteristics of the message that is generated in the course of the

---

[5] "[T]he first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet." *Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022).

[6] Courts apply the definition of "contents" in the federal Wiretap Act (18 U.S.C. §§ 2510–2523) to claims under CIPA. *Ramos v. Gap, Inc.*, 2025 WL 2144837, at *3 (N.D. Cal. July 29, 2025). Courts also look to the Wiretap Act generally for guidance in applying § 631(a). *See Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020).

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

communication." *Graf v. Zynga Game Network, Inc. (In re Zynga Privacy Litig.)*, 750 F.3d 1098, 1106 (9th Cir. 2014). Names, addresses, subscriber numbers, or similar identifiers fall outside the definition of "contents." *Saleh*, 562 F. Supp. 3d at 517; *In re Zynga Privacy Litig.*, 750 F.3d at 1107.

Plaintiffs assert that SFMFB uses the Pixel to "track[ ] and intercept[ ] user interactions" on its website. Compl. ¶ 87. Although the Complaint lacks clarity, Plaintiffs appear to challenge three distinct features of the website: (i) the Find Food Tool, which "requires the user to reveal their zip code sensitive medical information [*sic*] about themselves to access;" (ii) the "appointment calendar for program eligibility," which requires users to provide "an applicant's full name, address, and zip code," and (iii) the "CalFresh inquiry page." *Id.*

None of these alleged interactions involve "contents." Addressing each in reverse order, *first*, Plaintiffs do not allege *any* information—content or non-content—is input into the CalFresh inquiry page. *Second*, the information (names, addresses) allegedly collected through the appointments calendar (Compl. ¶ 87) is precisely the type of data courts routinely hold are not "contents." *See Yoon v. Meta Platforms, Inc.*, 2024 WL 5264041, at *6 (N.D. Cal. Dec. 30, 2024) (record information like a "user's name, address, and subscriber identity" are not contents—these are "routine identifiers not protected by CIPA § 631"); *King v. Hard Rock Cafe Int'l (USA), Inc.*, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025) ("To the extent Plaintiff alleges Meta intercepted 'guest records' including the address, telephone number, email address, or zip code of Website users, those allegations are insufficient because that information constitutes 'record information.'"). *Third*, while Plaintiffs assert that the Find Food Tool prompts users to enter "zip code sensitive medical information [*sic*]" (Compl. ¶ 87), the "prompts" are four optional checkboxes to filter food location results tailored to their specific circumstances. Thomas Decl., Ex. C. The mere act of clicking on checkboxes in order to be directed to a different webpage does not constitute a communication, let alone the "contents" of a communication. *See Ramos*, 2025 WL 2144837, at *5 ("Plaintiff offers nothing more than his unsupported assertion that clicking on the URLs in the marketing emails here—which direct the user to Defendant's website—constitutes a communication from Plaintiff to Defendant. This is not enough."); *Gonzales v. Uber Techs., Inc.*, 305 F. Supp. 3d 1078, 1086 (N.D. Cal. 2018), on reconsideration, 2018 WL 3068248 (N.D. Cal. June 21, 2018) ("[S]imply opening a webpage or

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

mobile application is not a communication with content."). And, as explained above, the ZIP code is record data only.[7] To the extent Plaintiffs rely on general allegations that the Pixel collects IP addresses, device/browser data, page views, and click events, these are also paradigmatic records or routing information. *See* Compl. ¶ 167; *Johnson v. Blue Nile, Inc.*, 2021 WL 1312771, at \*2 (N.D. Cal. Apr. 8, 2021) ("IP addresses, locations, browser types, and operating systems" do not equate to content).

**(b)    Consent: Plaintiffs Consented to the Collection of Their Information.**

"Consent generally defeats privacy claims." *Javier v. Assurance IQ, LLC*, 2021 WL 940319, at \*2 (N.D. Cal., Mar. 9, 2021). Consent "can be explicit or implied, but any consent must be actual." *In re Google RTB Consumer Privacy Litig.*, 606 F. Supp. 3d 935, 949 (N.D. Cal. 2022).

Plaintiffs acknowledge that SFMFB's public website displays a cookie banner, which links to its Privacy Policy, indicating that it was conspicuous enough to catch Plaintiffs' attention. Compl. ¶¶ 58–59. Plaintiffs' complaints concerning the form of the cookie banner and the Privacy Policy (*Id.* ¶¶ 58-60, 64) do not detract from the fact that Plaintiffs were on notice of both. Their complaints are also belied by both the appearance and contents of SFMFB's cookie banner, which states:

> Privacy & Cookies: This site uses cookies. By continuing to use this website, you agree to their use. To find out more, including how to control cookies, see our Privacy Policy here [hyperlinking to SFMFB's Privacy Policy].

Hall Decl. ¶ 2, Ex. A. The banner prominently displays an orange "Accept & Close" button. *Id.* This is conspicuous notice under the standards courts apply. *See Hong v. StubHub, Inc.*, 2024 WL 4720924, at \*5 (C.D. Cal. Sept. 9, 2024) (textual notice sufficiently conspicuous in part because the text linking the user to the terms and conditions and privacy policy was in black writing on a white background with colored and underlined hyperlinks); *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 477 (9th Cir. 2024) ("The notice is clear and legible, and the hyperlinked phrase 'terms of use' is colored bright green—contrasted against the surrounding white background and adjacent black

---

[7] In any event, the Find Food Tool webpage is ZIP-code gated to not allow submissions from non-San Francisco or Marin County residents like Penning. *See supra* § IV.A.1-4.

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

text. . . . [and] the 'terms of use' hyperlink is the same color as other clickable links on the page, suggesting clearly that it is a hyperlink."). Additionally, SFMFB's Privacy Policy discloses the use of cookies and pixels on the website and provides guidance regarding how to opt out of that data collection. Hall Decl. ¶ 3, Ex. B.

Continued use of SFMFB's website after being on notice of the cookie banner and the Privacy Policy (Compl. ¶¶ 58-59) constitutes implied-in-fact consent. *See In re Google RTB Consumer Priv. Litig.*, 2024 WL 2242690, at *12 (N.D. Cal. Apr. 4, 2024) ("In privacy litigation, consent can be express, but it can also be implied in fact based on whether the surrounding circumstances demonstrate that the party whose personal information was collected knew it.") (cleaned up); *In re Ring LLC Priv. Litig.*, 2021 WL 2621197, at *7 (C.D. Cal. June 24, 2021 ("The Court agrees that these Plaintiffs' continued use of the Devices after being on constructive notice of the Terms through this lawsuit constitutes assenting conduct."); *Karim v. Best Buy Co., Inc.*, 2023 WL 3801909, at *3 (N.D. Cal. June 2, 2023) (text of the notice "plainly readable" as it clearly contrasted white background); *cf. Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 941 (N.D. Cal. 2024) ("Defendant's website . . . does not conspicuously notify [users] that continuing to use [the] website constitutes assent to the Privacy Policy and Terms of Use."). Consent is not vitiated merely because Plaintiffs would have preferred a different format for these disclosures. Plaintiffs' admitted exposure to the banner, their review of the Privacy Policy, and continued use of the site together establish consent as a matter of law.

### (c)    In Transit: Plaintiffs' Communications Were Not Intercepted In Transit.

The second clause of CIPA § 631(a) "only imputes liability when the defendant reads, or attempts to read, a communication that is '<u>in transit</u> or <u>passing</u> over any wire, line, or cable, <u>or is being sent from</u>, <u>or received</u> at any place within California." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021); *see also Mireskandari v. Mail*, 2013 WL 12129559, *10 n.44 (C.D. Cal. July 30, 2013) (no plausible violation of CIPA's second clause because complaint failed "plausibly to plead that NSC intercepted any electronic communications while it was in transit; at most, he alleges the illegal disclosure of data NSC held in storage"); *Konop v. Hawaiian Airlines,*

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

*Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) (for a communication to be deemed intercepted, it must have been "acquired during transmission, not while it is in electronic storage"); *Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073, at *2 (N.D. Cal. June 9, 2023) (same) (collecting cases). "[T]he crucial question under § 631(a)'s second clause is whether [the plaintiff] has plausibly alleged that [the defendant] read one of [their] communications while it was still in transit, i.e., *before it reached its intended recipient*." *Mastel,* 549 F. Supp. 3d at 1137  (emphasis added). "'While' is the key word here." *Valenzuela v. Keurig Green Mountain, Inc.,* 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023).

"To plausibly allege that Plaintiff's communications were intercepted while in transit, factual allegations regarding the method, or nature, of interception are required." *Heiting v. Taro Pharmaceuticals USA, Inc.*, 728 F. Supp. 3d, 1112, 1126 (C.D. Cal. 2024). Absent those particulars, the "in transit" element is not plausible. Plaintiffs allege the Meta Pixel intercepts a user's communications, "sends each of these pieces of information to Meta in real time," and "stores this data on its own servers in California." Compl. ¶ 72. And they assert that Meta "read or attempted to read or learn the contents or meaning" of their communications with the Food Banks' websites "while the communications were in transit." *Id.* ¶ 136. These allegations fail as they "do little more than restate the pleading requirement of real time interception" in a conclusory fashion. *Valenzuela*, 674 F. Supp. 3d at 758; *Crano v. Sojern, Inc.*, 2025 WL 2689267, at *7 (N.D. Cal. Sept. 19, 2025) (finding allegation of in-transit interception implausible where the plaintiff merely stated that the website developer could use its source code to re-direct, in real time, plaintiff's personal information to third parties); *cf. McClung v. AddShopper, Inc.*, 2024 WL 189006, at *3 (N.D. Cal. Jan. 17, 2024) ("The complaint does more than merely recite the statutory element: it makes specific factual allegations describing how AddShoppers's cookies intercept the information in real time, and it points to statements allegedly made by AddShoppers about real time transmission."). Because "Plaintiff's simultaneity claims are just too conclusory to survive," their CIPA § 631(a) claim fails. *Valenzuela*, 674 F. Supp. 3d at 758.

### (d)    There is No Predicate Violation, So There Can Be No Liability for Aiding and Abetting.

To bring a plausible claim under CIPA § 631(a) for aiding and abetting, the plaintiff "must

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

sufficiently plead a violation . . . of one of Section 631(a)'s first three clauses for which [the defendant] could be held liable." *Cody v. Ring LLC*, 2025 WL 240763, at *4 (N.D. Cal. Jan. 16, 2025). If a plaintiff "has not done so, her claim under the fourth clause necessarily fails." *Id.*; *see also People v. Perez*, 35 Cal. 4th 1219, 1225 (2005) ("[A]bsent proof of a predicate offense, . . . an aiding and abetting theory cannot be sustained."). Because there is no well-plead primary violation here by Meta, the derivative aiding-and-abetting theory fails.

### 2. Plaintiffs Fail to State a Claim Under CIPA § 632(a).

Plaintiffs' CIPA § 632(a) fails because Plaintiffs had no objectively reasonable expectation of confidentiality in interactions on publicly accessible pages after conspicuous banner notice. The statute provides that "[a] person who, intentionally and without the consent of all parties to a confidential communication, uses a[] . . . recording device to eavesdrop upon or record the confidential communication" violates the statute. "A communication is confidential under Section 632 if a party has an objectively reasonable expectation that the conversation is not being overheard or recorded." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1073 (N.D. Cal. 2021) (cleaned up). "A claim under § 632 bears many similarities to a claim under the federal Wiretap Act. . .. In particular, it covers only (1) 'confidential communications' and (2) 'intentional" conduct.'" *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020).

Plaintiffs allege that they reasonably expected their food bank communications to remain confidential, and that Meta eavesdropped, with SFMFB's facilitation, without consent. Compl. ¶¶ 62, 146, 147, 150. But Plaintiffs' allegations of conspicuous banner notice and publicly available webpages, *see supra* § IV.B.1(b), defeat any objectively reasonable expectation that their website interactions would be kept private. Compl. ¶¶ 57, 145. Indeed, California courts "have generally found that Internet-based communications are not 'confidential' within the meaning of section 632, because such communications can easily be shared by, for instance, the recipient(s) of the communications." *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014); *see also People v. Nakai*, 183 Cal. App. 4th 499, 518–19 (2010) (affirming trial court's denial of "defendant's motion to suppress the evidence related to the Yahoo! chat dialogues because the communications were not 'confidential communications,' and therefore, were not protected by section 632"). And

while Plaintiffs reference disability or financial topics, they do not plausibly allege any individualized, identified disclosure—nor are these communications "made in the context of a patient-medical provider relationship" or analogous context where confidentiality would be expected. *See Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 747 (N.D. Cal. 2023). These are prompts on a public-facing eligibility tool used to route users to services—essentially customer-service interactions on a website—not confidential communications. Accordingly, Plaintiffs have not satisfied the statute's "confidential communication" element.

### 3.  **Plaintiffs Fail to State a Claim Under CIPA § 635.**

Plaintiffs' derivative CIPA § 635 claim fails because Plaintiffs plead no underlying § 631(a) or § 632(a) violation. *See Ramos*, 2025 WL 2144837, at *8 (dismissing § 635 claim because it was derivative of the § 631(a) claim, which the court dismissed for failure to state a claim); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 835 (N.D. Cal. 2021) (dismissing § 635 claim because Plaintiffs failed to plausibly allege eavesdropping, as well as establish standing). Plaintiffs' § 635 claim fails for the same reasons their §§ 631(a) and 632 claims do. Moreover, while Plaintiffs purport to assert this claim against "all Defendants," their allegations identify only Meta as having "furnishe[d]" a device under this provision; they plead no facts suggesting that any Food Bank Defendant engaged in conduct prohibited by § 635 and assert that only "Meta is liable to Plaintiffs[.]" *See* Compl. ¶ 155.

### 4.  **Plaintiffs Fail to State a Claim Under CIPA § 638.51.**

CIPA § 638.51 prohibits the use of pen register or trap and trace devices, unless authorized by court order. Plaintiffs' allegation that the Meta Pixel is such a device "because it is software that identifies consumers, gathers data, including addressing information (such as IP addresses, PII and sensitive financial information), contents of users' communications, and correlates those contents with that data" is illogical. Compl. ¶ 159. Further, and in any event, Plaintiffs' consent to SFMFB's data collection practices—through their continued use of the websites after being presented with conspicuous cookie banner disclosures and links to the Privacy Policy—defeats any claim under § 638, as consent is a complete defense to an alleged unauthorized interception.

///

///

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**(a)** **Metadata Is Not Protected Under CIPA § 638.51. And, Even If "Contents" Are Collected, § 638.51 Still Does Not Apply.**

*First*, Plaintiffs allege that the Pixel collects "addressing information," including IP addresses and sensitive financial information. Compl. ¶ 159. But there is a distinction between "information ***about*** a communication versus information ***within*** a communication." *Mitchener*, 2025 WL 2272413, at *5. The former covers information like IP addresses, email addresses, or general geolocation information. There is no invasion of Plaintiff's "right to privacy" if such information is collected, because a person "has no expectation of privacy as to that type of data." *Id.*; *see also Brodsky,* 445 F. Supp. 3d at 127 ("Record information, the Ninth Circuit explained, 'includes the name, address, and subscriber number or identity of a subscriber or customer.' . . . [U]ser names, passwords, and geographic location information are not contents.") (citing *In re Zynga Privacy Litig.*, 750 F.3d at 1106; *In re Carrier IQ*, 78 F. Supp. 3d. at 1082, 1084); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1189 (N.D. Cal. 2020) (holding that "there is no legally protected privacy interest in IP addresses"); *Harper v. United States*, 2019 WL 7858529, at *2 (C.D. Cal., Sept. 12, 2019) ("[T]he Ninth Circuit has explicitly held that [i]nternet users have no expectation of privacy in the . . . IP addresses of the websites they visit because they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing information.") (alterations in original).

*Second*, if Plaintiffs adopt the argument that "content information" is collected, such as health or financial information, then the Meta Pixel software "is not a [pen register or] trap and trace device and § 638.50 does not apply." *Mitchener*, 2025 WL 2272413, at *5; *see also Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *5 (N.D. Cal. June 24, 2025), appeal docketed, No. 25-4452 (9th Cir. July 18, 2025) (explaining that if contents are at issue, § 638.51 is inapplicable "[b]y definition"); *Price v. Headspace, Inc.*, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) ("'[T]rap and trace devices' by definition are tools which provide information about the 'who,' 'when,' and 'where' of communications—but not the 'what.'"). Thus, either way, Plaintiffs fail to state a claim.

///

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

**(b)** **Plaintiffs Do Not Plausibly Plead Lack of Consent to the Analytics on SFMFB's Website.**

Plaintiffs' consent vitiates any claim under the pen register statute. Even if the Pixel is a "device" (which it is not), the statute permits the use of pen registers "[i]f the consent of the user of that service has been obtained." Cal. Pen. Code § 638.51(b)(5).[8] As explained in *supra* § IV.B.1(b), Plaintiffs were notified of SFMFB's data collection practices through its cookie banner and Privacy Policy, which Plaintiffs acknowledge seeing and reviewing. Their decision to navigate the site in light of these disclosures demonstrates consent.

**5.** **Plaintiffs' Common Law Invasion of Privacy Claim Fails.**

Plaintiffs' intrusion-upon-seclusion claim should be dismissed because they plead no reasonable expectation of privacy in the type of information allegedly disclosed and do not plausibly allege that any such information was linked to them. Even setting those defects aside, their allegations describe only the tracking of standard website user information that is not highly offensive. To state an intrusion upon seclusion claim, a plaintiff must plead that: (1) the defendant intentionally intruded "into a place, conversation, or matter as to which the plaintiff has a reasonable expectation of privacy," and (2) the intrusion occurred "in a manner highly offensive to a reasonable person." *Hernandez v. Hillsides, Inc.,* 47 Cal.4th 272, 286 (2009).

**(a)** **Plaintiffs Had No Reasonable Expectation of Privacy.**

California "courts have developed a presumption that Internet communications do not reasonably give rise" to an expectation of privacy. *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (collecting cases). The Complaint rests on interactions with publicly accessible pages after conspicuous notice and a hyperlinked Privacy Policy, which undercuts any objectively reasonable expectation of privacy. *See Hammerling v. Google, LLC*, 2024 WL 937247, at *3 (9th Cir. Mar. 5, 2024) ("[T]he Policy here expressly disclosed Google's intention to track their activity on third-party apps. As a result, Plaintiffs have no reasonable expectation of

---

[8] Consent vitiates privacy claims generally. *See also* Cal. Civ. Code § 3515 ("A person who consents to an act is not wronged by it"); CIPA § 637.2(a) (providing that a plaintiff can only bring a claim if they have been "injured by a violation").

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

privacy in that data."); *In re Google Inc.*, 2013 WL 5423918, at *23 (N.D. Cal. Sept. 26, 2013) (no objectively reasonable expectation of privacy in confidentiality of email communications because "email services are by their very nature recorded on the computer of at least the recipient, who may then easily transmit the communication to anyone else who has access to the internet or print the communications"). And since "[Meta]'s current Data Policy clearly states that third-party data will be shared even if a user is logged off" there is "no reasonable expectation of privacy" in the information shared through the Pixel. *Lloyd v. Facebook, Inc.*, 2022 WL 4913347, at *10 (N.D. Cal. Oct. 3, 2022), aff'd, 2024 WL 3325389, at *2 (9th Cir. July 8, 2024), cert. denied, 145 S. Ct. 462 (2024) ("We agree with the district court that because Facebook's data policy gives clear notice that third party partners may share data with Facebook, Lloyd did not have a reasonable expectation of privacy in this information.").

Moreover, there is no reasonable expectation of privacy in the types of data alleged to be collected. There is no reasonable expectation of privacy in metadata. *Mitchener*, 2025 WL 2272413, at *4-5. Even where the Complaint references potentially sensitive categories of data, the allegations must be viewed in context. That a user may disclose the fact of a disability (without disclosing any specifics of the condition) in order to seek particular food assistance is not "sensitive medical" information. Compl. ¶ 95. *See Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023) ("Plaintiffs allege that they used www.sharp.com, a public website," to research doctors and specialists "and that through the sharing of this data, Defendant allowed Meta to collect their sensitive medical information. However, other courts have held that this type of data collection is not considered 'Protected Health Information' because 'nothing about [the] information relates specifically to Plaintiffs' health' and the information is 'general health information that is accessible to the public at large.'") (internal citations omitted) (quoting *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018)). Indeed, since such information "is only tangentially related to an internet user's health" it "does not, by itself, exceed their reasonable expectation of privacy" if it is collected. *L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *6 (N.D. Cal. Oct. 10, 2025) (plaintiffs searching and viewing of publicly available health information was not "sensitive" since it did not "reveal details of an individual's health status or

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500 · Fax 415.989.1663
415.391.4800 ·

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

medical history"); *see also Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955 (N.D. Cal. 2017). Similarly, disclosing the urgency of food need is not the type of specific financial information in which there is a reasonable expectation of privacy.

Moreover, Plaintiff do not allege these purportedly sensitive fields (checkboxes on the Find Food Tool webpage) were linked to personally identifying information. Courts reject claims based on anonymized or unlinked data. *See Saeedy v. Microsoft Corp.*, 2023 WL 8828852, at *4 (W.D. Wash. Dec. 21, 2023) ("Data and information that has been found insufficiently personal includes mouse movements, clicks, keystrokes, keywords, URLs of web pages visited, product preferences, interactions on a website, search words typed into a search bar, user/device identifiers, ***anonymized data,*** product selections added to a shopping cart, and website browsing activities.") (emphasis added); *cf. Gray v. Luxottica of Am., Inc.*, 2024 WL 5689566, at *10 (C.D. Cal. Dec. 16, 2024) (finding that the plaintiff plausibly alleged a legally protected interest under the California Constitution in the disclosure of health information because it was "personally identifiable"). Here, the Complaint identifies no Plaintiff-specific transmission of sensitive data. And nothing on the Find Food Tool page prompts a user to provide information (like a full name or address) that could identify them or link them to any underlying purportedly sensitive information.[9] Thomas Declaration, Ex. C.

### (b)    The Conduct Alleged Was Not Highly Offensive.

Even crediting Plaintiffs' framing, their allegations do not establish conduct that is "highly offensive" as required. The limited information Plaintiffs describe is the same information any public-facing eligibility tool would display to direct users to available resources. No reasonable person would view these basic, functional prompts guiding someone to appropriate food assistance services as a highly offensive intrusion into private life. Courts set a high bar for such claims: "Even disclosure of personal information, including social security numbers, does not constitute an 'egregious breach of the social norms' to establish an invasion of privacy claim." *Low v. LinkedIn*

---

[9] A ZIP code in isolation cannot be linked to an identifiable person. Same goes for an IP address. *See Johnson v. Microsoft Corp.*, 2009 WL 1794400, at *4 (W.D. Wash. June 23, 2009) ("In order for 'personally identifiable information' to be personally identifiable, it must identify a person. But an IP address identifies a computer and can do that only after matching the IP address to a list of a particular Internet service provider's subscribers. Thus, . . . an IP address is not personally identifiable[.]").

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP

ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500

415.391.4800 · FAX 415.989.1663

*Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). In *Williams v. DDR Media, LLC*, the court rejected materially similar allegations (recording keystrokes, IP address, and contact information), holding the "minimal intrusion . . . was not highly offensive" and constituted "routine commercial behavior." 2023 WL 5352896, at *7 (N.D. Cal. Aug. 18, 2023). Likewise, in *In re iPhone Application Litig.*, the court held that disclosure of unique device identifiers, personal data, and geolocation information—even without consent—did not amount to "an egregious breach of social norms." 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012). Accordingly, to the extent Plaintiffs' claim is premised on routine personally identifiable information (names, IP addresses, zip codes), it fails.

Plaintiffs try to invoke more allegedly sensitive categories of information to support their claim that any alleged disclosure was highly offensive. But, as stated above, they never plausibly claim that such information was personally identifiable to them, rather than anonymized or aggregated. Courts have rejected conclusory assertions of "sensitive" disclosures where the pleading lacks detail about *whose* information, *what* information, and *how* it was linked. *See Low*, 900 F. Supp. 2d at 1025 ("Although Plaintiffs postulate that these third parties could, through inferences, de-anonymize this data, it is not clear that anyone has actually done so, or what information, precisely, these third parties have obtained."); *Castillo v. Costco Wholesale Corp.,* 2024 WL 4785136, at *14 (W.D. Wash. Nov. 14, 2024) ("Plaintiffs only make conclusory assertions that their personal health data have been disclosed to third-parties other than Meta. Without more specific allegations about the extent to which Plaintiffs' personal health data were disclosed, the Court cannot evaluate whether it is plausible that the degree to which such disclosure could be offensive outweighs the scope of disclosure.") (dismissing invasion of privacy claim brought under Washington state law) (cleaned up). Here, as in *Castillo*, the Court cannot assess whether Plaintiffs' alleged disclosures could plausibly be "highly offensive" without concrete allegations of linkage and identifiability.

**6.  <u>Plaintiffs' California Constitutional Right to Privacy (Cal. Const. art. I, § 1) Claim Fails.</u>**

The constitutional privacy claim fails for the same reasons as the common-law claim: Plaintiffs plead no reasonable expectation of privacy and allege only routine commercial tracking that is not highly offensive. "Claims for intrusion upon seclusion and invasion of privacy under the

20    Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

California Constitution have 'similar elements,' and courts therefore 'consider the claims together and ask whether: (1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive.'" *Gabrielli v. Motorola Mobility LLC*, 2025 WL 1939957, at *9 (N.D. Cal. July 14, 2025) (citing *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020); *Williams*, 2023 WL 5352896, at *5).

Plaintiffs allege intentional capture of PII and sensitive data via the Pixel; that such intrusions were highly offensive; and that societal expectations and laws created a duty that the Food Banks breached by implementing the Pixel. Compl. ¶¶ 184–185. For the same reasons discussed in connection with the common law intrusion claim above, Plaintiffs' allegations do not establish either a reasonable expectation of privacy or a highly offensive intrusion. Interactions on publicly accessible webpages following conspicuous banner notice, *see supra* § IV.B.1(b), do not create a reasonable expectation of privacy. *See Zbitnoff v. NationStar Mortg. LLC*, 2014 WL 2119875, at *2 (N.D. Cal. May 21, 2014) ("As the California Supreme Court has noted, where voluntary consent to an invasive action is given, a defendant's conduct will rarely rise to the level necessary to establish a constitutional violation. Nor has plaintiff alleged a specific misuse of her private information, but merely the possibility of one occurring in the future.") (internal citations omitted)*; Hubbard v. Google LLC*, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) ("Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, <u>and a reasonable user should expect as much</u>."); *cf. Revitch*, 2019 WL 5485330, at *3 (concluding that an intrusion was highly offensive because the defendants scanned the plaintiff's computer "for files that revealed his identity and browsing habits"); *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1029-1030 (N.D. Cal. 2019) (intrusion highly offensive where gaming apps allegedly targeted minor children, collected their user data, and shared it with third parties so that they could send children targeted advertising). And Meta's own data policy explicitly states that it receives information from third parties, further negating any reasonable expectation of privacy in the information communicated to Meta. *See Lloyd*, 2024 WL 3325389, at *2.

Because Plaintiffs allege no reasonable expectation of privacy and no highly offensive intrusion, their California constitutional privacy claim should be dismissed with prejudice.

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

### 7.    Plaintiffs' Negligence Claim Fails.

"To state a claim for negligence in California, a plaintiff must establish the following elements: (1) the defendant had a duty, or an 'obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks,' (2) the defendant breached that duty, (3) that breach proximately caused the plaintiff's injuries, and (4) damages." *Bass v. Facebook, Inc.,* 394 F. Supp. 3d 1024, 1038–39 (N.D. Cal. 2019). Plaintiffs claim for negligence must be dismissed as inadequately pled. In particular, Plaintiffs allege no cognizable duty of care, or that they suffered any nonspeculative injury caused by a breach of this duty. The claim also impermissibly repackages intentional-tracking allegations.

### (a)    Plaintiffs' Claim Is Not Grounded in Any Legal Duty.

Plaintiffs' negligence theory is fundamentally deficient because it is not grounded in any recognized legal duty. Plaintiffs assert a duty of care premised on the notion that Plaintiffs "trusted" the Food Banks not to disclose their personal information without consent. Compl. ¶ 190. This is not a duty recognized at statute or common law—entities that collect user information have no general duty of care with respect to how they safeguard or disclose that information. *See R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 897 (N.D. Cal. 2024) (holding that there is no "general duty" imposed on "entities which collect online users' information (medical or otherwise) with respect to how such information is sold or otherwise intentionally shared with third parties.").

### (b)    Plaintiffs Have Not Alleged Any Cognizable Injury.

"Negligence claims must result in actual damages from the complained-of conduct." *Sallie Holly v. Alta Newport Hosp., Inc.,* 2020 WL 6161457, at *3 (C.D. Cal. Oct. 21, 2020). Plaintiffs must allege an "appreciable, nonspeculative, present injury." *R.C.,* 733 F. Supp. at 897. Here, Plaintiffs fail to identify any cognizable injury caused by SFMFB's conduct. *See* Compl. at ¶ 192 (bare assertion that they "sustained foreseeable harm").[10] Parsing the Complaint, Plaintiffs appear to allege

---

[10] To the extent Plaintiffs contend that foreseeable harm includes any form of economic loss, such a theory would be barred by the economic loss doctrine. *Transamerica Life Ins. Co. v. Richards,* 695 F. Supp. 3d 1120, 1125 (C.D. Cal. 2023). Courts in the Ninth Circuit have routinely rejected arguments that plaintiffs can suffer a purported loss based on the alleged external value of their personal information. *See, e.g., Doe v. Meta Platforms, Inc.,* 690 F. Supp. 3d 1064, 1089 (N.D. Cal. Sept. 7, 2023); *Hart v. TWC Prod. & Tech. LLC,* 526 F. Supp. 3d 592, 603 (N.D. Cal. 2021).

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

injury or harm in the form of receiving "several targeted advertisements related to their sensitive financial information or status" and being "repeatedly targeted with ads directed at exploiting their financial hardships." Compl. ¶¶ 30, 100. But they do not specify what ads they saw, why they felt these were targeted ads resulting from their visits to the Food Bank Defendants' websites, and what they mean by these ads being "related" to their "sensitive financial information" or "exploiting their financial hardships." *See R.C.*, 733 F. Supp. 3d at 897-98 (finding Plaintiff's damages allegations that they were "subjected . . . to unsolicited targeted advertisements related to the medical conditions they disclosed to Walgreens" as "too vague and conclusory to survive").

Moreover, while actual damages may include emotional distress damages, Plaintiffs' allegations are too sparse and conclusory and not particularized as to any individual plaintiff's emotional suffering. *See, e.g.*, *Sion v. SunRun, Inc.*, 2017 WL 952953, at *2 (N.D. Cal. Mar. 13, 2017) (plaintiffs must offer "specific facts about how [they] suffered those damages," simply stating that they suffered mental and emotion distress is not enough); *Sallie Holly*, 2020 WL 6161457, at *3-4 (finding allegations of "fear of identity theft, embarrassment, generalized anxiety . . . emotional pain and upset" insufficient).

### (c)   Plaintiffs Impermissibly Repackage Allegedly Intentional Practices as Negligent.

Plaintiffs' own allegations in the Complaint characterize the challenged conduct as intentional tracking and disclosure. It is well established that "intentional conduct cannot give rise to a negligence cause of action[.]" *See Smith v. Lanza*, 2022 WL 20243472, at *3 (N.D. Cal. Apr. 18, 2022). Plaintiffs cannot salvage their claim by relabeling intentional practices as "negligent" without factual allegations supporting a negligent breach of a standard of care distinct from their statutory or intentional theories.

### 8.   The CCPA Provides No Basis For Liability.

### (a)   The CCPA Does Not Apply to SFMFB as a Nonprofit.

The CCPA applies only to businesses, *i.e.* for-profit entities. Cal. Civ. Code § 1798.140(d)(1) (a business under this statute is defined as a "legal entity that is organized or operated for the profit or financial benefit of its shareholders or other owners"). The CCPA's provisions giving rise to

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

liability apply specifically to businesses. *See* Cal. Civ. Code §§ 1798.100(a), 1798.115, 1798.105, 1798.120, 1798.125. As Plaintiffs acknowledge, SFMFB is a § 501(c)(3) charitable organization dedicated to alleviating hunger—not a for-profit business. The statute's nonprofit carveout is explicit. On these grounds alone, Plaintiffs' CCPA claim fails.

<b>(b)   No Breach Due to Lack of Reasonable Security Occurred.</b>

To the extent Cal. Civ. Code § 1798.150 provides a private right of action to non-business entities, it is narrowly limited to certain data-security incidents involving unauthorized access and exfiltration of "nonencrypted and nonredacted personal information" resulting from a failure to "implement and maintain reasonable security procedures." § 1798.150(a)(1). "Subdivision (c) of the same statute provides: 'The cause of action established by this section shall apply only to violations as defined in subdivision (a) and shall not be based on violations of any other section of this title. Nothing in this title shall be interpreted to serve as the basis for a private right of action under any other law.'" *Kenney v. Bank of Am., N.A.*, 2025 WL 1489549, at *8 (C.D. Cal. May 23, 2025) (quoting Cal. Civ. Code § 1798.150(c)). Plaintiffs plead no violation of a duty to implement proper security measures, and their claims do not arise from any purported lack of reasonable security, but rather, the use of routine website cookies and pixels. The CCPA claim must be dismissed with prejudice on this ground as well. *See McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *8 (N.D. Cal. Feb. 2, 2021) (dismissing CCPA claim where "there [were] no allegations of a security breach").

## V.   CONCLUSION

Plaintiffs' attempt to transform a public service tool that helps hungry residents find food into a vehicle for privacy litigation underscores the speculative and misguided nature of their claims. Because Plaintiff Penning fails to establish Article III standing both facially and factually, the claims against SFMFB suffer from a threshold jurisdictional defect that cannot be cured by amendment. Moreover, the Complaint alleges no plausible theory of liability or basis for relief. Accordingly, the Court should dismiss all claims against SFMFB in their entirety, with prejudice.

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

DATED:  October 20, 2025                    Respectfully Submitted,

                                           COBLENTZ PATCH DUFFY & BASS LLP

                                           By:    /s/ Scott C. Hall
                                                  SCOTT C. HALL
                                                  Attorneys for Defendant
                                                  San Francisco Food Bank d/b/a
                                                  San Francisco-Marin Food Bank

25                                          Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**