LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Marissa Alter-Nelson (*pro hac vice*)
*marissa.alter-nelson@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant*
*Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

v.

META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,

Defendants.

Case No. 3:25-cv-05106-LB

**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Hearing: February 5, 2026
Time: 9:30 a.m.
Location: Courtroom B—15th Floor
Judge: Hon. Laurel Beeler

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2026 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom B, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Meta Platforms, Inc., through its undersigned counsel, will, and hereby does, respectfully request that in connection with its Motion to Dismiss Complaint, the Court consider the documents attached as Exhibits 1 through11 to the accompanying Declaration of Melanie M. Blunschi in Support of Meta's Motion to Dismiss Complaint, filed concurrently herewith. The documents are properly considered by the Court on Meta's motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the complaint.

Dated: October 20, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Melanie M. Blunschi*

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Marissa Alter-Nelson (*pro hac vice*)
*marissa.alter-nelson@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant*
*Meta Platforms, Inc.*

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court consider certain documents submitted in connection with Meta's Motion to Dismiss the Complaint, as described below and attached to the concurrently filed Declaration of Melanie M. Blunschi ("Blunschi Declaration"). The documents include (1) one publicly available, informational webpage from Meta's website (Exhibit 1), and (2) four sets of publicly available Meta terms and policies (Exhibits 2–11). These documents are properly considered because they are incorporated by reference into and integral to the complaint, and/or subject to judicial notice under Federal Rule of Evidence 201.

### I. LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). When a document is incorporated by reference, the Court may consider the contents of the document, and unlike judicial notice, a court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted). A document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 1002 (citation omitted). The purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* For that reason, the doctrine may apply even where a complaint does not explicitly mention a document by name or references only a portion of it. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (explaining that incorporation by reference may apply even where the plaintiff "does not explicitly allege the contents of that document in the complaint"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (incorporating employee health plan where claims were premised upon plaintiff's coverage under the plan). The doctrine

"applies with equal force to internet pages as it does to printed material." *Knievel*, 393 F.3d at 1076.

Additionally, courts may take judicial notice of matters that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## II. ARGUMENT

### A. Exhibits 1–11 Are Incorporated By Reference Into The Complaint

Exhibits 1 through 11 consist of (1) a Meta informational webpage that Plaintiffs cite in their complaint to explain how Meta's Pixel code works (Exhibit 1), (2) Meta's publicly available Terms of Service, Privacy Policy, and Cookies Policy throughout the relevant statute of limitations for Plaintiffs' claims (Exhibits 2–10); and (3) Meta's publicly available Business Tools Terms throughout the relevant statute of limitations for Plaintiffs' claims (Exhibit 11).[1] These documents are incorporated by reference into the complaint.

First, Plaintiffs cite an informational page on Meta's website that describes how code from the Meta Pixel works (Ex. 1) to assert that Meta receives all user data from every website on which Pixel code is incorporated. *See* Compl. ¶ 72 (quoting Ex. 1). This post is "directly referenced within the [complaint]" and is therefore "incorporated by reference." *Moates v. Facebook Inc.*, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024). Moreover, Plaintiffs cherry-pick quotes from this page, while ignoring portions that undercut their claims. Plaintiffs allege that developers using the Pixel send "*any* action on a webpage" that a user takes to Meta—in other words, that web developers necessarily sent to Meta *all* information Plaintiffs entered on every page of the food bank websites. Compl. ¶¶ 68, 72 (emphasis added). But Plaintiffs fail to mention that the very same webpage states that developers choose which events to send, "report[ing]" events by "calling a Pixel function," and must "install[]" the "Pixel's base code … on every page" where the developer wishes to track anything. Ex. 1 at 1. The incorporation-by-reference doctrine exists

[1] This motion quotes the version of each document at the time the complaint was filed.

precisely to prevent such "artful pleading" and ensure courts can assess claims at the motion-to-dismiss stage based on a full and fair understanding of the documents that undergird a plaintiff's claims. *Khoja*, 899 F.3d at 1003. This webpage is therefore properly deemed incorporated by reference.

Second, the content of Meta's Terms of Service, Privacy Policy, and Cookies Policy are also incorporated by reference into the complaint.[2] Those policies (Exs. 3–11) "form[] the basis" of Plaintiffs' claims, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), because Plaintiffs' claims depend on their lack of consent to Meta's receipt of information about their activity on the food banks' websites. *See Silver v. Stripe Inc.*, 2021 WL 3191752, at *2-3 (N.D. Cal. July 28, 2021) (explaining that "lack of consent" is an element of CIPA claims); *Lakes v. Ubisoft, Inc.*, 2025 WL 1036639, at *3 (N.D. Cal. Apr. 1, 2025), *appeal pending*, No. 25-2857 (9th Cir. 2025) (same); *see also* Compl. ¶¶ 84, 88-94. Indeed, the Ninth Circuit recently reaffirmed that, where a plaintiff's claims are "dependent upon the extent and sufficiency of [the defendant's] disclosures," the "disclosures form the basis of the claims themselves" and a court may incorporate by reference the terms that contain such disclosures. *Gershfeld v. TeamViewer US, Inc.*, 2023 WL 334015, at *1 (9th Cir. Jan. 20, 2023). That is the case here, because Plaintiffs cannot adequately allege lack of consent or a reasonable expectation of privacy if policies disclose the data collection they challenge. *See, e.g.*, *Silver*, 2021 WL 3191752, at *2-3; *Hammerling v. Google, LLC*, 2024 WL 937247, at *3 (9th Cir. Mar. 5, 2024). Plaintiffs' claims thus "necessarily depend[] on the application of [Meta's] policies—which relate directly to the issue of consent." *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136-37 (N.D. Cal. 2015). Accordingly, Meta's Terms of Service, Privacy Policy, and Cookies Policy "may appropriately be considered on a motion to dismiss." *Id.* at 1136-37; *see also Libman v. Apple, Inc.*, 2024 WL 4314791, at *5 (N.D. Cal. Sept. 26, 2024) (holding that welcome screens "form[ed] the basis of Plaintiffs' claims" because they "reflect[ed] the settings Plaintiffs contend they adjusted to protect their privacy").

---

[2] Plaintiffs do not identify when they used the food banks' websites, and they request a class period limited to one year from the filing of the complaint. *See* Compl. ¶ 109. Meta submits the Terms and policies in effect during the past two years from the filing of the complaint—the longest statute of limitations for any of Plaintiffs' claims.

Meta's Terms of Service (Exs. 2–3), Privacy Policy (Exs. 4–8), and Cookies Policy (Exs. 9–10) govern the "Meta accounts" that "[a]ll Plaintiffs" allegedly "accessed" from their "browser[s]." Compl. ¶ 23. These Terms and policies govern individuals' use of Meta products, such as Facebook or Instagram, and describe how Meta handles user data, including data received from websites that use Meta Pixel code. As Meta explains in its motion to dismiss, the Terms and policies disclose that businesses can choose to use Meta's Pixel code on their websites, and that when they do, Meta may receive information about users' interactions with those websites. For example, the Privacy Policy explains that Meta "receive[s] information" from third parties about "[w]ebsites you visit and cookie data, [including] through . . . the Meta Pixel," and about "[h]ow you use [third parties'] products and services." Ex. 5 at 5–6. Plaintiffs cannot avoid those disclosures, which address the very conduct they challenge, simply by omitting them from their complaint. *See, e.g.*, *New Mexico ex rel. Balderas v. Google, LLC*, 489 F. Supp. 3d 1254, 1258 (D.N.M. 2020) (taking judicial notice of Google's policies and disclosures "as part and parcel of the web-based . . . service that is central to the complaint").

Finally, Meta's Business Tools Terms (Ex. 11) should likewise be deemed incorporated by reference. Plaintiffs' complaint is premised on the food banks' "incorporation of the Pixel on their websites," Compl. ¶ 88, and Plaintiffs explicitly acknowledge that "Meta has policies in place for website owners to restrict the sharing of sensitive data," *id.* ¶ 82. Yet Plaintiffs also assert that Meta "willfully" read the contents of their communications, *id.* ¶ 136, and "intentionally" eavesdropped upon their "confidential communications," *id.* ¶ 150. To meaningfully assess those allegations, this Court should have the benefit of the Terms that govern the food banks' use of the Meta Pixel, which specifically require businesses to have "all of the necessary rights and permissions and a lawful basis" to collect and use the data they send and to "represent and warrant that [they] will not share Business Tool Data with [Meta] that [they] know or reasonably should know … includes health, financial," or "sensitive" information. Ex. 11 at 1. Evaluating Plaintiffs' claims based solely on their characterization of Meta's policies, without the text of the Business Tools Terms, would permit the type of "artful pleading" the incorporation-by-reference doctrine is "designed to prevent." *Khoja*, 899 F.3d at 1003.

**B. Exhibits 1–11 Are Also Subject To Judicial Notice**

Exhibits 1 through 11 are also judicially noticeable as publicly available documents that are "not subject to reasonable dispute" and whose contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"In general, websites and their contents may be judicially noticed," and "[c]ourts routinely take judicial notice of terms of service." *Hirlinger v. WP Co. LLC*, 2024 WL 2941630, at *2 (N.D. Cal. June 10, 2024) (citation omitted); *see, e.g.*, *Schuster v. Swinerton, Inc.*, 2025 WL 1069887, at *2 (N.D. Cal. Apr. 8, 2025) (taking judicial notice of website); *Delgado v. Meta Platforms, Inc.*, 718 F. Supp. 3d 1146, 1158 n.4 (N.D. Cal. 2024) (taking judicial notice of Meta's Privacy Policy and Terms of Service); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1084 n.8 (N.D. Cal. 2023) (taking judicial notice of Meta's "[Terms of Service], Business Tools Terms, Commercial Terms, Privacy Policy and Cookies Policy"); *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (taking judicial notice of publicly available websites).[3] And courts frequently take judicial notice of previous versions of websites archived by the Wayback Machine. *See Shu v. Toyota Motor Sales USA, Inc.*, 669 F. Supp. 3d 888, 892 n.11 (N.D. Cal. 2023) (Beeler, J.) (citing cases for proposition that courts routinely take judicial notice of "Wayback Machine content" (quoting *Stemmelin v. Matterport, Inc.*, 2022 WL 783206, at *6 n.1 (N.D. Cal. Mar. 14, 2022)); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of prior versions of policies accessed via Wayback Machine); *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) ("[D]istrict courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to [Fed. R. Evid. 201(c)(1)] . . . ."); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (citing cases).

---

[3] *See also, e.g.*, *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of "publicly available Google webpages" and "four versions of Google's Privacy Policy"); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of various Google privacy policies and terms of service); *Letizia v. Facebook, Inc.*, 267 F. Supp. 3d 1235, 1242 (N.D. Cal. 2017) (taking judicial notice of Facebook's Statement of Rights and Responsibilities); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (taking judicial notice of privacy policies).

The Court should do the same here. Exhibits 1 through 11 are publicly available webpages, they are not subject to reasonable dispute, and their contents can be accurately and readily determined. They are thus appropriately subject to judicial notice.

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court consider the exhibits attached to the Blunschi Declaration submitted in connection with Meta's motion to dismiss.

Dated: October 20, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Melanie M. Blunschi*

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Marissa Alter-Nelson (*pro hac vice*)
*marissa.alter-nelson@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200

Margaret A. Upshaw (*pro hac vice*)
*maggie.upshaw@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200