FLETCHER C. ALFORD (SBN 152314)
falford@grsm.com
KEVIN LIU (SBN: 295287)
kliu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Tel: (415) 986-5900; Fax: (415) 986-8054

Attorneys for Defendant
CENTRAL CALIFORNIA FOOD BANK

Gordon Rees Scully Mansukhani, LLP
315 Pacific Avenue
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all other similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,<br><br>Defendants. | Case No.  3:25-cv-05106-LB<br><br>DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT<br><br>Hearing Date:     February 5, 2026<br>Time:     9:30 a.m.<br>Judge:     Hon. Laurel Beeler |

Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 5, 2026, at 9:30 a.m., in Courtroom B-15th Floor, located at Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, California or at a different time and date set by the Court, Defendant Central California Food Bank. (hereinafter "CCFB"), by and through counsel, will and hereby does move the Court to dismiss all claims asserted in the Complaint ("Compl.") against CCFB under Federal Rule of Civil Procedure 12(b)(1) for lack of Article III standing and Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief may be granted.  This Motion is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities, all pleadings, files, and records in this action, and upon such argument and other matters as may be presented at the time of the hearing or otherwise.

CCFB moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that Plaintiffs fail to allege an actual and concrete injury-in-fact sufficient to confer Article III standing.

CCFB also moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiffs fail to plead a violation of the California Invasion of Privacy Act, California Penal Code § 631(a) ("CIPA") because (i) the first clause does not apply to internet communications, (ii) Plaintiffs fail to allege the interception of "contents" of any communication, (iii) the third clause is derivative of the first two and fails as a matter of law, and (iv) Plaintiffs cannot establish CCFB intended to aid and abet unlawful conduct by third parties.  CCFB also moves to dismiss Plaintiffs' claim under CIPA, California Penal Code § 632 because (i) the statute does not apply to the internet, and (ii) the communications cannot be considered confidential.  Plaintiffs also fail to plead a violation of CIPA, California Penal Code § 635 because (i) Plaintiffs do not have a private right of action, and (ii) the technology at issue is not "primarily or exclusively" for eavesdropping.  Plaintiffs' claim under § 638 of CIPA is equally unavailing because the facts as pleaded make clear that no "trap and trace device" was allegedly utilized here.

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

The common law claims fare no better. Plaintiffs fail to plead an invasion of privacy under common-law intrusion upon seclusion and under the California Constitutional Right to Privacy because the alleged disclosure of Plaintiffs' information cannot be considered highly offensive. Moreover, Plaintiffs' negligence claim is barred by the economic loss rule and by the absence of a duty to Plaintiffs.

## STATEMENT OF ISSUES TO BE DECIDED

1. Have Plaintiffs sufficiently pled an injury-in-fact to establish Article III standing?

2. Have Plaintiffs sufficiently stated claims for: Sections 631, 632, 635, and 638 of the California Invasion of Privacy Act (CIPA) (Count I); common-law intrusion upon seclusion (Count III); invasion of privacy under the California constitution (Count IV); and negligence (Count V)?

Dated: October 20, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By:

Fletcher Alford
Kevin Liu
Attorneys for Defendant
CENTRAL CALIFORNIA FOOD BANK

-iii-                                         Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND...................................................................................2

III. LEGAL STANDARD..............................................................................................3

    A. Rule 12(b)(1): Lack of Subject-Matter Jurisdiction...................................3

    B. Rule 12(b)(6): Failure to State a Claim......................................................3

IV. LEGAL ARGUMENT .............................................................................................4

    A. Plaintiffs Lack Sufficient Injury-in-Fact to Confer Article III Standing Under Rule 12(b)(1)........................................................................................................4

        1. Invasion of Privacy ........................................................................4

        2. Economic Harm ..............................................................................6

        3. Heightened Risk of Future Harm ...................................................7

    B. The Complaint Fails to State a Claim Under Rule 12(b)(6) .................................7

        1. Claim 1: Plaintiffs' Section 631(a) Wiretapping Claims Fail.....................7

            a) Plaintiffs cannot state a claim under section 631(a)'s first three clauses ..............................................................................8

            b) Plaintiffs Fail to Allege Aiding and Abetting Liability Under The Fourth Clause ...............................................................10

        2. Plaintiffs' Claim Under CIPA Section 632(a) Fails ...............................11

        3. Plaintiffs' Section 635 Claim Fails.........................................................12

        4. Plaintiffs' Section 638.51 Pen Register Claim Fails..............................13

        5. Claims 3-4: Plaintiffs' Invasion of Privacy Claims Under Common Law and the California Constitution Fail........................................................15

        6. Claim 5: Plaintiffs' Negligence Claim Fails...........................................16

            a) The Economic Loss Rule Bars Plaintiffs' Negligence Claims....17

            b) Plaintiffs Fail to Identify a Valid Duty .......................................17

            c) Plaintiffs Have Not Alleged a Specific Injury ............................19

V. CONCLUSION.......................................................................................................19

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................3

*Ass'n of Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983)..................................................................................................................3

*B.K. v. Desert Care Network.*,
    2024 WL 5338587 (C.D. Cal. Aug. 22, 2024).......................................................................11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................................3, 18

*Bem v. Stryker Corp.*,
    No. C 15-2485 MMC, 2015 WL 4573204 (N.D. Cal. July 29, 2015)...................................18

*Brown v. USA Taekwondo*,
    11 Cal. 5th 204 (2021) ...........................................................................................................18

*Byars v. Sterling Jewelers, Inc.*,
    No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ...........................6

*Campbell v. Facebook Inc.*,
    77 F. Supp.3d 836 (N.D. Cal. 2014) ......................................................................................12

*Castillo v. Seagate Technology, LLC*
    (N.D. Cal., Sept. 14, 2016, No. 16-CV-01958-RS) 2016 WL 9280242..........................17, 18

*Cody v. Lacoste USA, Inc.*,
    8:23-cv-00235-SSS-DTB, 2025 WL 3761288 (C.D. Cal. July 30, 2024).............................3

*Corales v. Bennett*,
    567 F.3d 554 (9th Cir. 2009) ..................................................................................................19

*Corona v. Sony Pictures Ent., Inc.*,
    2015 WL 3916744 (C.D. Cal. 2015).......................................................................................19

*Cousin v. Sharp Healthcare*,
    681 F. Supp. 3d 1117 (S.D. Cal. 2023)...................................................................................16

*Doe v. Microsoft Corp.*,
    No. C23-0718-JCC, 2023 WL 8780879 (W.D. Wash. Dec. 19, 2023) .................................12

*Doyle v. Safeco Ins. Co. of Am.*,
    No. CV F 08-1587 LJO GSA, 2008 WL 5070055 (E.D. Cal. Nov. 24, 2008)......................17

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

*Esparza v. UAG Escondido A1 Inc.*,
  2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ...............................................................................10

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
  402 F. Supp. 3d 767 (N.D. Cal. 2019) .........................................................................................6

*In re Facebook, Inc. Internet Tracking Litig.*,
  956 F.3d 589 (9th Cir. 2020) .....................................................................................................15

*Flanagan v. Flanagan*,
  27 Cal.4th 766 (2002) ................................................................................................................12

*Folgelstrom v. Lamps Plus, Inc.*,
  195 Cal.App.4th 986, 125 Cal.Rptr.3d 260 (2011).....................................................................16

*In re Google Assistant Priv. Litig.*,
  457 F. Supp. 3d 797 (N.D. Cal. 2020) .......................................................................................10

*In re Google Location Hist. Litig.*,
  428 F. Supp.3d 185 (N.D. Cal. 2019) ........................................................................................12

*In re Google, Inc. Privacy Pol'y Litig.*,
  58 F. Supp. 3d 968 (N.D. Cal. 2014) .......................................................................................7, 16

*Graham v. Noom, Inc.*,
  533 F. Supp. 3d 823 (N.D. Cal. 2021) .........................................................................................9

*Hameed-Bolden v. Forever 21 Retail, Inc.*,
  2018 WL 6802818 (C.D. Cal. 2018).........................................................................................19

*Hammerling v. Google LLC*,
  615 F. Supp. 3d 1069 (N.D. Cal. 2022) ..................................................................................15, 16

*Heiting v. Taro Pharms. USA*,
  709 F. Supp. 3d 1007 (C.D. Cal. 2023) .......................................................................................9

*Hill v. National Collegiate Athletic Association*,
  865 P.2d 633 (Cal. 1994) ...........................................................................................................15

*I.C. v. Zynga, Inc.*,
  600 F. Supp. 3d 1034 (N.D. Cal. 2022) ....................................................................................5, 7

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012) .....................................................................................16

*Javier v. Assurance IQ, LLC*,
  No. 20-cv-02860-CRB, 2023 WL 114225 (N.D. Cal. Jan. 5, 2023) ...........................................8

*Jones v. L.A. Cent. Plaza LLC*,
  74 F.4th 1053 (9th Cir. 2023) ......................................................................................................3

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

*Khamooshi v. Politico LLC,*
786 F. Supp. 3d 1174 (N.D. Cal. 2025) ...................................................................5

*King v. Hard Rock Cafe Int'l (USA), Inc.,*
2025 WL 1635419 (E.D. Cal. June 9, 2025) ..........................................................9

*Kishnani v. Royal Caribbean Cruises Ltd.,*
2025 WL 1745726 (N.D. Cal. June 24, 2025) ...................................................4, 14

*Ladd v. County of San Mateo,*
12 Cal.4th 913 (1996) ...........................................................................................16

*Low v. LinkedIn Corp.,*
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ...........................................................15, 16

*Mastel v. Miniclip SA,*
549 F. Supp. 3d 1129 (E.D. Cal. 2021)...................................................................8

*Maya v. Centex Corp.,*
658 F.3d 1060 (9th Cir. 2011) ...............................................................................3

*Mikulsky v. Noom, Inc.,*
682 F. Supp. 3d 855 (S.D. Cal. 2023).................................................................4, 5

*Phillips v. U.S. Customs & Border Prot.,*
74 F.4th 986 (9th Cir. 2023) ...................................................................................4

*Popa v. Microsoft Corporation,*
No. 24-14, 2025 WL 2448824 (9th Cir., Aug. 26, 2025) ........................................5

*Price v. Headspace, Inc.,*
No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ...................14

*R.C. v. Walgreen Co.,*
733 F.Supp.3d 876 (C.D. Cal. 2024) .....................................................................19

*R.C. v. Walgreen Co.,*
2024 WL 2263395 (C.D. Cal. May 9, 2024) ........................................................18

*Regents of Univ. of California v. Superior Ct.,*
4 Cal. 5th 607 (2018) .............................................................................................18

*Revitch v. New Moosejaw, Inc.,*
No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. Oct. 23, 2019) ..................12

*Sanchez v. Lending Tree LLC,*
No. 10CV1593 JLS, 2010 WL 3983390 (S.D. Cal. Oct. 12, 2010) ......................18

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
549 U.S. 422 (2007)..................................................................................................1

**Gordon Rees Scully Mansukhani, LLP**
**31`5 Pacific Avenue**
**San Francisco, CA 94111**

-vii-    Case No.  3:25-cv-05106-LB

*Smith v. YETI Coolers, LLC*,
  2024 WL 4539578 (N.D. Cal. Oct. 21, 2024)..................................................................10

*Smith v. YETI Coolers, LLC*,
  No. 3:24-cv-01703, 2025 WL 877127 (N.D. Cal. Mar. 14, 2025) .......................................10

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  903 F. Supp. 2d 942 (S.D. Cal. 2012).............................................................................17

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016), as revised (May 24, 2016) ..................................................................6

*Swarts v. Home Depot, Inc.*,
  689 F. Supp. 3d 732 (N.D. Cal. 2023) ...............................................................................8

*Tavernetti v. Superior Ct.*,
  583 P.2d 737 (Cal. 1978) ..................................................................................................7

*Toy v. Life Line Screening of America Ltd.*,
  No. 23-CV-04651-RFL, 2024 WL 1701263 (N.D. Cal., Mar. 19, 2024)..............................15

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021).................................................................................................3, 4, 7

*Yale v. Clicktale, Inc.*,
  No. 20-CV-07575-LB, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021)................................13

*Yoon v. Lululemon USA, Inc.*,
  549 F. Supp. 3d 1073 (C.D. Cal. 2021) .........................................................................9, 13

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ...........................................................................................9

**Statutes**

18 U.S.C. § 2510(8) ...........................................................................................................9

Cal. Penal Code § 631 ....................................................................................................3, 8

Cal. Penal Code § 631(a) .......................................................................................... *passim*

Cal. Penal Code § 632.................................................................................................3, 11, 12

Cal. Penal Code § 632(a) ..............................................................................................11, 12

Cal. Penal Code § 635.................................................................................................3, 12, 13

Cal. Penal Code § 635(a) .................................................................................................13

Cal. Penal Code § 637.2(a) ...............................................................................................13

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

-viii-                                                    Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Cal. Penal Code § 638..............................................................................................................3

Cal. Penal Code § 638.50(b) ...............................................................................................14

Cal. Penal Code § 638.51 ..............................................................................................13, 15

**Court Rules**

Fed. R. Civ. P. 12(b)(1)...................................................................................................3, 4, 7

Fed. R. Civ. P. 12(b)(6)......................................................................................................3, 7

**Other Authorities**

Black's Law Dictionary (12th ed. 2024).................................................................................12

Merriam-Webster Dictionary Online (2024) .........................................................................12

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs' claims stem from allegations that Central California Food Bank ("CCFB") incorporated Meta's Pixel software on its website to collect Plaintiffs' personally identifiable information and transmit it to Meta.  However, the Complaint should be dismissed because Plaintiffs have failed to allege an injury-in-fact sufficient to confer Article III standing stemming from their interactions with Defendant's website.  Therefore, the Court need not proceed to the merits of the claims. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction.")  Nonetheless, Plaintiffs' complaint also fails to state any viable claims under the substantive law.

The crux of Plaintiffs' claims is that due to visiting CCFB's website, they received targeted ads on Facebook, prompting them to believe that CCFB has captured and disseminated their personally identifiable information through the Pixel software.  However, Plaintiffs' Complaint is devoid of any factual allegations that they experienced an injury recognized by this Court, which warrants relief.  Additionally, Plaintiffs' Complaint fails to allege any legally cognizable wrongdoing on the part of CCFB.  More specifically, Plaintiffs' broad and ambiguous claims should be dismissed for the following reasons:

First, Plaintiffs fail to allege they suffered an actual injury-in-fact sufficient to confer Article III standing because they do not clearly state how they were injured by any of the circumstances alleged in the complaint.

Second, Plaintiffs' CIPA claims fail because they do not plead facts sufficient to establish a claim under any of the subparts of CIPA: (1) Plaintiffs fail to allege facts sufficient to show that any "wiretapping" occurred; (2) Plaintiffs fail to allege CCFB "intercepted" Plaintiffs' content; and (3) Plaintiffs' claim fails since there was no violation of the first two clauses.  Moreover, Plaintiffs fail to allege facts sufficient to show that CCFB willfully aided and abetted Meta by capturing their information through CCFB'S website.  These same basic pleading deficiencies are fatal to each of Plaintiffs' remaining CIPA claims.

-1-                              Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Third, Plaintiffs do not plead facts sufficient to establish an invasion of privacy under common-law intrusion upon seclusion and under the California Constitutional Right to Privacy because neither a reasonable expectation of privacy nor "highly offensive" conduct can be established.

Plaintiffs' negligence claim fails due to the economic loss rule. Additionally, Plaintiffs fail to satisfy the elements of negligence, as they cannot plausibly allege CCFB owed Plaintiffs a duty, and that any breach of duty caused any cognizable injury.

For each of these reasons, Plaintiffs' Complaint should be dismissed with prejudice as to CCFB.

## II.    FACTUAL BACKGROUND

CCFB is a non-profit organization serving 300,000 food-insecure people in counties including Fresno, Madera, Tulare, Kings, and Kern. Compl. ¶ 46. In connection with providing access to food, CCFB also operates the website ccfoodbank.org. *Id*. at ¶ 47. CCFB has allegedly "incorporated Pixel onto their website." *Id*. at ¶ 6. The website provides various resources, including maps and calendars to locate local food banks and food distribution information; links for users to apply to nutritional assistance programs for low-income individuals such as CalFresh, Groceries2Go, and EBT Sun Buckets; access to CCFB's code of ethics; and information about becoming a donor or volunteer. *Id*. at 47.

More specifically, Mrs. Reyes and Burciaga (collectively, "Plaintiffs") both allege they entered their home address on CCFB's website to access the "Find Food" map. *Id*. at ¶¶ 26-27. In addition, Plaintiff Burciaga claims to have "answered multiple questions to determine the severity of her financial hardship and eligibility for CalFresh" on the CCFB website. Yet her allegation is entirely conclusory—she offers no description of the questions asked, the nature of the information provided, or any facts demonstrating that the interaction involved private or sensitive content. *Id*. at ¶ 27. Plaintiffs further allege that CCFB's incorporation of a Pixel onto its website caused Plaintiffs' confidential communications, personally identifiable information, and sensitive financial information to be intercepted by and sent to Meta. *Id*. at ¶ 6. As a result of the alleged interception, Plaintiffs claim they received targeted

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

-2-                                    Case No.  3:25-cv-05106-LB

advertisements on their Facebook and Instagram accounts. *Id*. at ¶ 78. Ultimately, Plaintiffs claim CCFB's collection of their information was without proper consent. *Id*. at ¶ 48.

As such, Plaintiffs bring claims against CCFB under Sections 631, 632, 635, and 638 of the California Invasion of Privacy Act (CIPA) (Count I); common-law intrusion upon seclusion (Count III); invasion of privacy under the California constitution (Count IV), and negligence (Count V).

## III.    LEGAL STANDARD

### A.    Rule 12(b)(1): Lack of Subject-Matter Jurisdiction

The Court evaluates challenges to Article III standing under Rule 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Where, as here, a defendant brings a facial challenge to standing, the court assesses whether the plaintiff has alleged sufficient facts that, taken as true, demonstrate each element of Article III standing. *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023).  As such, a plaintiff must allege facts demonstrating "(i) that he suffered an injury-in-fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423-26 (2021).  The plaintiff bears the burden of establishing each of these elements. *Id*. at 430-31.

### B.    Rule 12(b)(6): Failure to State a Claim

To survive a motion to dismiss, a plaintiff must plead facts from which a court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678; *see also Ass'n of Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "A court need not accept . . . a legal conclusion couched as a factual allegation." *Cody v. Lacoste USA, Inc*., 8:23-cv-00235-SSS-DTB, 2025 WL 3761288, at *1 (C.D. Cal. July 30, 2024).

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

-3-                                    Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

## IV.   LEGAL ARGUMENT

### A.   Plaintiffs Lack Sufficient Injury-in-Fact to Confer Article III Standing Under Rule 12(b)(1)

The Court should dismiss Plaintiffs' Complaint in its entirety under Rule 12(b)(1), because Plaintiffs' allegations do not meet Article III's standing requirements.  Plaintiffs attempt to establish an injury-in-fact based on three alleged theories of harm, (i) a purported privacy interest in the information provided through CCFB's website, (ii) a claimed diminishment in the value of that information, and (iii) an asserted heightened risk of future harm.  However, none of these alleged circumstances satisfies the constitutional minimums required to establish standing.  To qualify as an injury-in-fact, the alleged harm must be concrete, meaning it must be "real and not abstract." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021).  Simply put, Plaintiffs' alleged harms are not concrete, and therefore cannot support an injury-in-fact sufficient to confer standing.

### 1.  Invasion of Privacy

The disclosure of private information may be a concrete injury. *Id*. at 425; *Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 993 (9th Cir. 2023).  However, the mere possibility that private information might be disclosed is not sufficient to confer standing.  "To sufficiently allege an injury-in-fact and survive a motion to dismiss, a plaintiff must identify the specific personal information she disclosed that implicates a protectable privacy interest." *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *3 (N.D. Cal. June 24, 2025) (internal quotation marks and citation omitted) (finding plaintiff lacked standing when plaintiff failed to specify personal information disclosed.)  And courts "make their decisions regarding whether a plaintiff has stated a legally protectable privacy interest based on the nature of the information at issue." *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023).

Plaintiffs conspicuously fail to identify any protectable privacy interest violated by CCFB.  Courts have repeatedly held that disclosure of "basic contact information, such as [an] email address or phone number ... does not bear a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Mikulsky*, 682 F. Supp. 3d at

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

864; *See also See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022) (collection of "basic contact information" is an "insufficient fit" with "the common law privacy torts").

Here, Plaintiffs' claims stem from their brief interaction with the CCFB's website, specifically, using the "Find Food" map, which, by Plaintiffs' own allegations, required nothing more than the entry of a home address and accessing the CalFresh website through a hyperlink. *Compl*. ¶¶ 26–27. At the same time, Plaintiff Burciaga vaguely alleges that she "answer[ed] multiple questions to determine the severity of her financial hardship," but critically, offers no detail whatsoever as to what those questions entailed or what information was purportedly disclosed, rendering their claims both conclusory and insufficient as a matter of law. *Id*. at ¶ 27. As a result, Plaintiffs' allegations can only amount to the disclosure of basic contact information, which they voluntarily provided. *See Zynga*, 600 F. Supp. 3d at 1049–50; *See Mikulsky*, 682 F. Supp. 3d at 864. Most notably, these allegations are too vague to show the violation of any protectable privacy interest. *Id*. ("Plaintiff's conclusory allegation that she disclosed 'personal information' does not allow the Court to determine whether Plaintiff has a protectable privacy interest in that information.")

Above all, a concrete injury arises only where the alleged harm involves personal information whose disclosure would be considered "highly offensive to a reasonable person." *Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174, 1180 (N.D. Cal. 2025). For example, in *Popa*, the plaintiffs did not identify "embarrassing, invasive, or otherwise private information [was] collected "that caused them to experience any kind of harm that is remotely similar to the "highly offensive" interferences or disclosures that are actionable at common law. *Popa v. Microsoft Corporation* (9th Cir., Aug. 26, 2025, No. 24-14) 2025 WL 2448824, at *5. Given the limited nature of the information Plaintiffs disclosed, its alleged disclosure cannot be deemed "highly offensive to a reasonable person." *See Khamooshi*, 786 F. Supp. 3d at 1180; *Id.*, at *5 (9th Cir. Aug. 26, 2025). Thus, without factual details identifying what information, if any, beyond their home addresses were provided, Plaintiffs fail to plausibly allege that their purported disclosures involved sensitive or private content sufficient to support that their

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

-5-                                    Case No. 3:25-cv-05106-LB

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

disclosure would be "highly offensive."

Accordingly, Plaintiffs' allegations fall well short of demonstrating the concrete injury needed to confer Article III standing. *See e.g., Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (granting motion to dismiss because "[p]laintiff does not allege that she disclosed any sensitive information to Defendant, much less identify any specific personal information she disclosed that implicates a protectable privacy interest. She therefore has not identified any harm to her privacy.")

### 2. Economic Harm

Plaintiffs may argue that they have alleged economic harm sufficient for standing because their information constitutes property of independent economic value, and that its illicit disclosure caused economic harm. *See* Compl. ¶¶ 102-108. But these are conclusory allegations, entirely devoid of factual detail. Moreover, Plaintiffs do not allege an unjust enrichment theory against CCFB. Rather, Plaintiffs only assert an unjust enrichment claim against Meta. *Id*. ¶¶ at 88, 203-209.

In any event, Plaintiffs' allegations in this regard are no more than generic assertions to the effect that "all consumers' data is valuable [,]" and that Plaintiffs' data "may be uniquely valuable." *Id*. ¶ at 106. "[A]lthough it's true that each user's information is worth a certain amount of money…, it does not follow that the same information, when not disclosed, has independent economic value to an individual user." *In re Facebook, Inc., Consumer Priv. User Profile Litig*., 402 F. Supp. 3d 767, 784 (N.D. Cal. 2019). Additionally, Plaintiffs' speculative assertion that any data allegedly intercepted by Meta from the Food Banks "might" contribute to the widening of income inequality is wholly unsupported, as the Complaint fails to identify with any degree of specificity what information was purportedly collected, how it was used, or how such undefined data could plausibly cause any concrete or particularized harm. *Id*. at ¶¶107-108. In any event, alleged harm to society at large is not harm to Plaintiffs individually and does not establish standing. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), as revised (May 24, 2016). Thus, Plaintiffs have failed to allege an economic injury sufficient to establish Article III standing.

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

### 3. Heightened Risk of Future Harm

Plaintiffs' vague claim that they might be unable to use the Food Bank's website in the future does not amount to a concrete injury. Compl. ¶ 101.  Such allegations of speculative or hypothetical future harm cannot satisfy Article III's injury-in-fact requirement.  *Trans Union*, 594 U.S. at 438.  Because Plaintiffs seek damages, a speculative risk of future harm does not constitute a concrete injury.  *Id* at 437.  Regardless of the form of relief sought, Plaintiffs have not alleged sufficient facts indicating that the disclosed information could plausibly be used to commit fraud or otherwise cause harm. *See Zynga*, 600 F. Supp. 3d at 1054 n.15 (rejecting heightened risk of future harm argument where information disclosed could not plausibly be used to commit fraud); *In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp. 3d 968, 978-79 (N.D. Cal. 2014) (rejecting similar argument where sensitive personal information was not disclosed).  Thus, Plaintiffs have failed to allege a heightened risk of injury sufficient to establish Article III standing.

As a result, all claims against CCFB should be dismissed because Plaintiffs' three theories of harm fail to establish any injury-in-fact sufficient to establish Article III standing.

### B.    The Complaint Fails to State a Claim Under Rule 12(b)(6)

While Plaintiffs' claims should be dismissed under Rule 12(b)(1) for failure to establish Article III standing, Plaintiffs' allegations likewise fail to state cognizable claims under Rule 12(b)(6).

### 1.   Claim 1: Plaintiffs' Section 631(a) Wiretapping Claims Fail

Section 631(a) prohibits "three distinct and mutually independent patterns of conduct: [(1)] intentional wiretapping, [(2)] willfully attempting to learn the contents or meaning of a communication in transit over a wire, and [(3)] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Tavernetti v. Superior Ct.*, 583 P.2d 737, 741 (Cal. 1978).  A "fourth basis for liability" exists for anyone who "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or

-7-                    Case No.  3:25-cv-05106-LB

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

cause to be done" any of the other three 631(a) bases for liability. Cal. Penal Code § 631(a); *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021).

Plaintiffs fail to plead a violation of any of the four clauses.

### a) Plaintiffs cannot state a claim under section 631(a)'s first three clauses

To the extent Plaintiffs attempt to plead a violation of the first three clauses, their claims fail as a matter of law:

**Clause 1**: The "overwhelming weight of authority" limits the first clause of Section 631(a) to its plain text--i.e., "telegraph[s] or telephone wire[s]." Cal. Penal Code § 631(a); *Mastel*, 549 F. Supp. 3d at 1135 (holding the first clause is inapplicable to wiretapping via the Internet, including wiretapping on a smartphone's mobile web browser). It is inconsequential that Plaintiffs (vaguely) allege that a Pixel is a "device," or that a "[u]sers' messages, reports, and communications on the Food Banks Defendants' websites are thus transmitted and passed over a wire, line or cable." *See* Compl. ¶¶ 123, 134, 136. Such allegations do not bring the alleged communications within the scope of the first clause. *See Mastel*, 549 F. Supp. 3d at 1135 (rejecting argument that a "tool or device" exclusive to iPhones qualifies as a "telephone instrument" under the first clause). More specifically, "the first prong of Section 631 does not apply to internet communications." *Javier v. Assurance IQ, LLC*, No. 20-cv-02860-CRB, 2023 WL 114225, at *4 n.3 (N.D. Cal. Jan. 5, 2023) (citations omitted)). Here, Plaintiffs' claims are solely based on internet communications. *See* Compl. ¶¶ 123, 134, 136. Therefore, Clause 1 does not apply.

**Clause 2**: Similarly, the second clause of Plaintiffs' Section 631(a) claim fails for two reasons. First, Plaintiffs' claim fails because the information they entered was provided directly to CCFB's own website, making CCFB itself a party to the communication. As the court in *Swarts* explained, "it is established that a party to the communication cannot be liable for recording its own conversations under § 631(a)." *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023). Second, Plaintiffs' claim independently fails again because their allegations do not plead the interception of the "contents" of their communications, as

-8-                                    Case No.  3:25-cv-05106-LB

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

required under the second clause of Section 631(a).  Under Section 631(a), the "contents" of a communication means "the substance, purport or meaning of [the] communication"--i.e., the "intended message conveyed by the communication," which is distinct from "information regarding the characteristics of the message that is generated in the course of [that] communication." *In re Zynga Priv. Litig*., 750 F.3d 1098, 1106 (9th Cir. 2014); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021).  Information such as "the 'name,' 'address,' and 'subscriber number or identity' of a subscriber or customer," *Id*. (quoting 18 U.S.C. § 2702(c)(2)), transmitted together with the contents of a communication is record information, not contents, because such information does not amount to "the substance, purport, or meaning of [a] communication," (18 U.S.C. § 2510(8)).  Further, "keystrokes, mouse clicks, pages viewed, . . . shipping and billing information," and "the date and time of the visit, the duration of the visit, Plaintiffs' IP address, their location at the time of the visit, browser type, and the operating system on their device" are also record information and not "message content." *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021).

Moreover, a court "will not assume out of whole cloth what the contents of any communications were." *Heiting v. Taro Pharms*. *USA*, 709 F. Supp. 3d 1007, 1018, 1021 (C.D. Cal. 2023) (granting motion to dismiss).  For example, in *Heiting*, the court granted a motion to dismiss website wiretapping claims similar to those alleged herein, finding that allegations the website operator "generally collects personal information from website users," such as "personal identifiers," and "may deduce additional demographic details," were not sufficient to allege "contents" of communications within the purview of California's wiretapping statute. *See Id.* at 1018; *King v. Hard Rock Cafe Int'l (USA), Inc*., 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025) (finding that descriptive URLs on a hotel website did not constitute "contents" where the plaintiff failed to allege that she herself created those URLs).

Here, Plaintiffs only allege that "record information" has been transmitted through their interactions on CCFB's Website. *See* Compl. ¶¶ 26-27 and 54.  Conspicuously, they fail

to allege with sufficient specificity that the "contents" of any of their communications were ever intercepted. *Id.* The absence of "allegations describing the content of those conversations" dooms Plaintiffs' wiretapping claim. *See In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 833 (N.D. Cal. 2020) (generic allegations provided "no basis upon which to infer that Plaintiffs' 'sensitive personal information' is implicated"). Therefore, Plaintiffs' allegations fail to plausibly allege CCFB is liable under the second clause.

**Clause 3**: Section 631(a)'s third clause is derivative of the first two and necessarily fails here as a matter of law. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 827 (N.D. Cal. 2020) ("Plaintiffs must establish that the information at issue . . . was obtained through a violation of the first or second clauses. Because [p]laintiffs have not done so, they also have failed to plead a violation of the third clause of § 631(a).").

### b) Plaintiffs Fail to Allege Aiding and Abetting Liability Under The Fourth Clause

The fourth clause of 631(a) applies when a defendant "aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section." Cal. Penal Code § 631(a). To state a claim under the fourth clause, Plaintiffs must allege that CCFB had "both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 2024 WL 4539578, at *4 (N.D. Cal. Oct. 21, 2024).

***CCFB had no intent to unlawfully wiretap***: To the extent Plaintiffs allege CCFB had an intent to violate section 631(a), their allegations are insufficient. For example, in *Esparza*, the plaintiff alleged that the defendant car dealership was liable under Section 631(a) on an aiding and abetting liability theory because the dealer embedded a third-party's chat software onto its website. *See Esparza v. UAG Escondido A1 Inc.*, 2024 WL 559241, at *1 (S.D. Cal. Feb. 12, 2024). However, the court held that simply alleging a website operator knowingly implemented certain software on its website was insufficient to establish aiding and abetting liability under clause four. *Id.* at *6; See also *Smith v. YETI Coolers*, 2025 WL 877127, at 1

-10-    Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

(N.D. Cal. Mar. 14, 2025) (granting motion to dismiss and finding allegations that the defendant knew third party software was placed on its website to "collect consumers' sensitive information" were "insufficient to support a plausible inference that [d]efendant knowingly agreed with or employed [the software provider] to engage in conduct that violated the wiretapping statute."). Similarly, Plaintiffs here allege only that "Food Bank Defendants have incorporated the Pixel on to their websites, [and] knew by embedding their websites with the Pixel, they were permitting Meta to intercept and use Plaintiffs' and Class Members' PII, including sensitive financial information." Compl. ¶ 6. But these are the very same allegations the Courts above have found insufficient to state an aiding and abetting claim.

***Meta had no intent to unlawfully wiretap:*** In any event, Plaintiffs have failed to plead that any third party has the predicate liability necessary for an aiding and abetting claim. As set forth above, the first clause of section 631(a) fails as a matter of law when applied to internet communications. Further, there is no underlying violation of the second clause because the facts pleaded to not show that Meta had the requisite intent.

The bare allegation that a website operator allows third-party cookies to operate on its website does not plausibly allege that those third parties intended to commit an unlawful wiretap. *See, e.g., B.K. v. Desert Care Network*., 2024 WL 5338587, at *3 (C.D. Cal. Aug. 22, 2024) (rejecting arguments that Meta "intentionally received and used user data" from the defendants because plaintiffs "d[id] not allege that Meta knew or should have known that the data it received from [d]efendants was collected without users' consent"). Accordingly, Plaintiffs fail to state a claim for aiding and abetting liability under the fourth clause.

For each of these reasons, Plaintiffs' section 631(a) wiretapping claim fails and should be dismissed.

### 2. Plaintiffs' Claim Under CIPA Section 632(a) Fails

CIPA § 632 provides that a person may not "use… an electronic amplifying or recording device… to eavesdrop upon or record a confidential communication…" Cal. Pen. Code § 632(a). However, Section 632 is even more narrow in scope than Section 631(a) – as the former specifically applies only where an actual "device" is used. The plain meaning of a

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

"device" as it is used in this context is "a piece of equipment," e.g., a "recording device." *Device*, Merriam-Webster Dictionary Online (2024); Device, Black's Law Dictionary (12th ed. 2024) ("A mechanical invention ... an apparatus or an article of manufacture").

It is well established that "software does not constitute a 'device' under [Section 632 of] the CIPA." *Doe v. Microsoft Corp.*, No. C23-0718-JCC, 2023 WL 8780879, at *8 (W.D. Wash. Dec. 19, 2023); *In re Google Location Hist. Litig.*, 428 F. Supp.3d 185, 193 (N.D. Cal. 2019) ("Software like Google Maps, Chrome, etc. are not "devices" within the meaning of CIPA because they are not "equipment.")  For this reason alone, Plaintiffs' claim under Section 632(a) of the CIPA cannot stand.

But the absence of any alleged "device" is not the only fatal flaw in Plaintiffs' claim. Critically, Plaintiffs fail to describe any "confidential" communication that was eavesdropped upon or recorded.  For a communication to be considered confidential under Section 632, a plaintiff must "ha[ve] an objectively reasonable expectation that the conversation is not being overheard or recorded." *See Revitch v. New Moosejaw, Inc.,* No. 18-cv-06827-VC, 2019 WL 5485330, at *3 (N.D. Cal. Oct. 23, 2019) (citing *Flanagan v. Flanagan*, 27 Cal.4th 766, 776-77 (2002)).  "California appeals courts have generally found that Internet-based communications are not 'confidential' within the meaning of [S]ection 632." *Campbell v. Facebook Inc*., 77 F. Supp.3d 836, 849 (N.D. Cal. 2014) (collecting cases).  That conclusion is particularly compelling here, given that Plaintiffs specifically allege they voluntarily entered basic information onto defendants' website platforms.  Neither Plaintiffs nor any reasonable person could expect the information they entered would not be received and acted upon, as they requested it be.  They therefore cannot be considered confidential. *See* Compl ¶¶ 26-27. Thus, Plaintiffs' claim under Section 632(a) of the CIPA cannot stand.

### 3. Plaintiffs' Section 635 Claim Fails

CIPA §635 imposes criminal penalties upon a "person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another."

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Courts interpreting Section 635(a) have confirmed that the statute applies only where a plaintiff plausibly pleads wiretapping; otherwise, the plaintiff has no private right of action and lacks Article III standing. *See Yale v. Clicktale, Inc.*, No. 20-CV-07575-LB, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021). But here, Plaintiffs fail to plead wiring tapping claims under CIPA. As a result, Plaintiffs' Section 635 claim fails as a matter of law. But it also fails for additional reasons.

A private right of action for a violation of Section 635 arises under Section 637.2(a), which permits suit by any person "injured by a violation of this chapter." Cal. Penal Code § 637.2(a). As the court explained in *Yoon* 549 F. Supp. 3d at 1085, a plaintiff asserting a claim under Section 635 must allege a direct injury resulting from the alleged use of an eavesdropping device. But neither is alleged here. Plaintiffs do not sufficiently allege how CCFB has "directly" injured Plaintiffs through their possession of Meta's Pixel, as required. *See Compl.* ¶¶ 152-154. They allege only that information they voluntarily entered onto a website was subsequently used to send them tailored marketing. Even if true, and as previously explained, those allegations do not suggest the violation of any legally cognizable right.

Finally, Plaintiffs' Section 635 claim also fails because Plaintiff disregards the threshold requirement under Cal. Penal Code § 635(a), which requires that a device be "primarily or exclusively designed or intended for eavesdropping." The dispositive point, however, is that, Plaintiffs' own allegations defeat this element, as they acknowledge that Meta's Pixel serves other legitimate functions. *See* Compl. ¶ 3. Again, Plaintiffs' § 635(a) claim fails.

In sum, Plaintiffs' Section 635 claim cannot stand because the Complaint alleges no wiretapping, no device primarily designed for eavesdropping, and no direct injury traceable to Defendants' conduct.

### 4.  Plaintiffs' Section 638.51 Pen Register Claim Fails

California law prohibits the installation of a pen register without first obtaining a court order. Cal. Penal Code § 638.51. The statute defines a "pen register" as "a device or process

-13-                                     Case No.  3:25-cv-05106-LB

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." *Id*. § 638.50(b).

Plaintiffs allege, in conclusory fashion, that the "Meta Pixel tracking tool is a device or process because it is a software that identifies consumers, gathers data, including addressing information (such as IP addresses, PII and sensitive financial information), contents of users' communications, and correlates those contents with that data…[, that] runs on computing devices," and " thus … falls under the definition of a pen register or trap and trace device." Compl. ¶ 159. However, Plaintiffs' allegations are insufficient to establish that the Meta Pixel qualifies as a "pen register."

Critically, California's restrictions on "trap and trace devices" apply only to devices that capture identifying information about the communication – i.e., the "who," "when," and "where" of communications—but not the "what." *Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025). Moreover, the court in *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *11 (N.D. Cal. June 24, 2025), explained:

> If Defendant only collects information regarding the "metadata" of the communication, Plaintiff's right to privacy is not invaded because he has no expectation of privacy as to that type of data (e.g., his IP address or general geographic location). If Defendant instead collects content information from communication between the parties (e.g., information provided from Plaintiff to Defendant directly), then the …software is not a trap and trace device and § 638.50 does not apply.

The allegations here are exactly those found wanting in the cases above. By alleging that the Meta Pixel collects the "contents of users' communications," Plaintiffs plead themselves out of a pen register claim. Compl. ¶ 159. Further, Plaintiffs improperly conflate PII and sensitive financial data with "addressing information" to obscure the fact that users have no reasonable expectation of privacy in such information. *Id*. Even accepting Plaintiffs' allegations at face value, they describe the Pixel as collecting the contents of communications, not mere signaling data. As a matter of law, such a device cannot qualify as a "pen register"

-14-                    Case No. 3:25-cv-05106-LB

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

within the meaning of Section 638.51, warranting dismissal of that claim in full.

### 5.    Claims 3-4: Plaintiffs' Invasion of Privacy Claims Under Common Law and the California Constitution Fail

Plaintiffs fail to adequately plead intrusion upon seclusion or invasion of privacy. Courts consider these claims together because of the similarities in their analysis. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022).  "These two claims have similar elements, and when considering them together, courts assess whether the plaintiff has pleaded (1) a reasonable expectation of privacy and (2) whether the intrusion was highly offensive." *Toy v. Life Line Screening of America Ltd.*, No. 23-CV-04651-RFL, 2024 WL 1701263, at *3 (N.D. Cal., Mar. 19, 2024).  Moreover, "[t]his District sets a high bar when assessing the 'highly offensive' requirement." *Hammerling*, 615 F. Supp. 3d at 1088.

Courts have found that a reasonable expectation of privacy can exist where a defendant gains "unwanted access to data by electronic or other covert means, in violation of the law or social norms." *See In re Facebook, Inc. Internet Tracking Litig*., 956 F.3d 589, 601 (9th Cir. 2020) (quoting *Hernandez*, 211 P.3d at 286).  Courts consider the customs, practices, and circumstances surrounding data collection, including the amount of data collected, the sensitivity of data collected, the manner of data collection, and the defendant's representations to its customers. *See Hill v. National Collegiate Athletic Association*, 865 P.2d 633, 655 (Cal. 1994).  But here,  Plaintiffs allege only that they voluntarily provided information on CCFB's website by entering their home addresses, and (in the case of one Plaintiff) additional unspecified "information." *See* Compl. ¶¶ 26–27.  Based on this alone, Plaintiffs' invasion of privacy claim fails to allege information upon which a common law or constitutional invasion of privacy claim can be based.  *See Low v. LinkedIn Corp*., 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012).  The facts Plaintiffs themselves allege demonstrate both the absence of any reasonable expectation of privacy in data they voluntarily provided, and the absence of any highly offensive conduct by the defendant in utilizing the data voluntarily provided. *See Facebook Tracking*, 956 F.3d at 603.

Faced with similar allegations, courts have consistently dismissed privacy claims. *See*

-15-                                                      Case No.  3:25-cv-05106-LB

*Folgelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011) ("Here, the supposed invasion of privacy essentially consisted of [Defendant] obtaining plaintiff's address without his knowledge or permission, and using it to mail him coupons and other advertisements. This conduct is not an egregious breach of social norms, but routine commercial behavior."); *Low,* 900 F. Supp. 2d at 1025 (same for browsing history); *Hammerling*, 615 F. Supp. 3d at 1089 (same for geolocation information); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (same for unique device identification number, geolocation information); *See also Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1123 (S.D. Cal. 2023) (disclosure of data about plaintiffs' use of the "website to 'research . . . doctors,' 'look for providers,' and 'search for medical specialists' " was not highly offensive because 'nothing about [the] information relates specifically to plaintiffs' health.'") Moreover, information regarding the "dates of visits," "number of people," and "location preferences within a city" are not "highly offensive" or even personal information. *See In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp. 3d at 988.

Here, Plaintiffs' allegations concern the purported disclosure of limited, non-sensitive information, which was voluntarily provided through a public website. *See* Compl ¶¶ 26-27. This does not constitute intrusive conduct on CCFB's behalf.  More importantly, Plaintiffs' allegations fall short of the type of egregious conduct required to establish a "highly offensive" intrusion, as seen through the established case law.  As a result, Plaintiffs' claims for constitutional and common law invasion of privacy necessarily fail.

### 6.  Claim 5: Plaintiffs' Negligence Claim Fails

Plaintiffs' fifth cause of action for negligence is also deficient. The elements of negligence cause of action are: (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury.  *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996).  Plaintiffs' negligence claim fails because Plaintiffs may not recover in tort for purely economic loss. Additionally, Plaintiffs also do not sufficiently allege any element of a negligence claim.

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

**a)    The Economic Loss Rule Bars Plaintiffs' Negligence Claims**

Plaintiffs do not allege "physical harm (i.e., personal injury or property damage)," and therefore the "economic loss doctrine" bars their negligence claims "as a matter of law." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 959-61 (S.D. Cal. 2012). Plaintiffs' alleged damages are precisely the type of economic injuries that bar negligence claims in data breach cases. *See* Compl. ¶¶ 190, 210; *See also, e.g., Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 WL 9280242, at *5-6 (N.D. Cal. Sept. 14, 2016).

Plaintiffs have failed to state any facts that support a claim that they suffered any personal injury or property damage as a result of the alleged "privacy invasion." Plaintiffs merely claim that Defendants' website allowed Meta, through a Pixel, to capture and disseminate their personal information. However, the Complaint is devoid of any facts which suggest that Plaintiffs suffered any personal injuries or property damages. Moreover, Plaintiffs do not allege any exception to the economic loss rule. Thus, Plaintiffs' negligence claims fail.

**b)    Plaintiffs Fail to Identify a Valid Duty**

Apart from the economic loss rule, Plaintiffs have failed to plausibly allege the elements of a negligence claims. The "threshold element" of a negligence claim under California law "is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Doyle v. Safeco Ins. Co. of Am.*, No. CV F 08-1587 LJO GSA, 2008 WL 5070055, at *7 (E.D. Cal. Nov. 24, 2008) (quoting *Adelman v. Associated Int'l Ins*. Co., 90 Cal. App. 4th 352, 360 (2001)). "Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court." *Doyle*, 2008 WL 5070055, at *7 (quoting Adelman, 90 Cal. App. 4th at 360).

Plaintiffs merely state that Defendants owed Plaintiffs a duty to not disclose their personally identifiable information without their consent, and that the transmission of such constitutes a breach of that duty. Compl. ¶¶ 190, 191. Plaintiffs vaguely allege that this

-17-                                    Case No.  3:25-cv-05106-LB

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

asserted duty arises from "societal expectations and laws." Compl. ¶ 185.  Plaintiffs vague claims alone warrant a dismissal. *See  R.C. v. Walgreen Co.*, 2024 WL 2263395, at \*12 (C.D. Cal. May 9, 2024) (dismissing negligence claims involving alleged divulgence of private information and receipt of unsolicited targeted advertising because allegations regarding "loss of the benefit of the bargain, increased infiltrations into privacy through spam and targeted advertising ..., loss of privacy, loss of confidentiality, embarrassment, emotional distress, humiliation and loss of enjoyment of life" and loss of economic value of information were vague and conclusory).  Plaintiffs may not simply aver that a defendant owed them a duty. *Castillo v. Seagate Technology, LLC* (N.D. Cal., Sept. 14, 2016, No. 16-CV-01958-RS) 2016 WL 9280242, at \*2; citing E.g., *Bem v. Stryker Corp.*, No. C 15-2485 MMC, 2015 WL 4573204, at \*1 (N.D. Cal. July 29, 2015) ("[Plaintiff's] First Cause of Action, negligence, is deficient, as plaintiff relies solely on conclusory allegations and fails to plead any facts describing the particular defect, the injury sustained, the manner in which [defendant] was negligent, or how any such negligence caused or contributed in any manner to any specified injury."); *Sanchez v. Lending Tree LLC*, No. 10CV1593 JLS, 2010 WL 3983390, at \*2 (S.D. Cal. Oct. 12, 2010) (citing *Twombly*, 550 U.S. at 555) (dismissing a negligence claim because the plaintiff averred in conclusory fashion that the defendant breached its duty to protect information).

Here, Plaintiffs have not identified a legal duty on the part of Defendants to protect visitors of their website from disclosure to third parties.  Aside from simply stating such, Plaintiffs provide no basis for the legal duty owed to them.  Under California law, each person has a general duty "to exercise, in his or her activities, reasonable care for the safety of others." *Brown v. USA Taekwondo* (2021), 11 Cal. 5th 204, 214.  However, "one owes no duty to control the conduct of another, nor to warn those endangered by such conduct." *Regents of Univ. of California v. Superior Ct.* (2018), 4 Cal. 5th 607, 619.  An exception is created when a special relationship exists between Plaintiff and Defendant.  Again, Plaintiffs have not alleged any facts that support a claim for a special relationship.  Furthermore, Plaintiffs' Complaint is devoid of any factual basis that Defendants had a duty under any statutes or

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

common law principles.    Absent any plausible basis duty under common law principles, statutory basis, or special relationship, Plaintiffs' claim for negligence should be dismissed.

### c)    Plaintiffs Have Not Alleged a Specific Injury

In addition, Plaintiffs have not alleged and cannot allege any specific injury necessary to support a negligence claim.  It is black letter law that, to state a claim for negligence, a plaintiff must allege facts showing that he suffered some "actual loss"-meaning some present, legally cognizable harm. *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009).  Courts have squarely held that "the mere threat of future harm is insufficient" to constitute actual damages. *Corona v. Sony Pictures Ent., Inc.*, 2015 WL 3916744, at *3 (C.D. Cal. 2015).  Here, Plaintiffs' alleged harm consists of being "repeatedly targeted with ads directed at exploiting their financial hardships after visiting the Food Bank Defendants' websites." Compl. ¶ 100. But receiving advertisements is not a legally cognizable harm.  To the contrary, it is a part of modern commercial life.  It falls far short of the concrete harm required to support a negligence claim.  *See R.C. v. Walgreen Co.* (C.D. Cal. 2024) 733 F.Supp.3d 876, 898.

Similarly, claims of diminution of value of personal information are routinely rejected either on the ground that such information has no compensable value (*Corona*, 2015 WL 3916744, at *4), or on the ground that any loss is purely economic, and thus recovery is barred by the economic loss doctrine, *See Hameed-Bolden v. Forever 21 Retail, Inc.*, 2018 WL 6802818, at *5 (C.D. Cal. 2018).

For each of these reasons, Plaintiffs' negligence claim fails.

## V.    CONCLUSION

For the reasons stated above, CCFB respectfully requests that the Court dismiss the Complaint with prejudice in its entirety.

Dated:  October 20, 2025                    GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Fletcher Alford
Kevin Liu
Attorneys for Defendant CENTRAL CALIFORNIA FOOD BANK

-19-                                    Case No.  3:25-cv-05106-LB

**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**