SCOTT C. HALL (State Bar No. 232492)
LEEZA ARBATMAN (State Bar No. 347753)
ALEXANDRA M. BOXALL (State Bar No. 348300)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-sch@cpdb.com
ef-ela@cpdb.com
ef-amb@cpdb.com

Attorneys for Defendant
San Francisco Food Bank d/b/a
San Francisco-Marin Food Bank

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

v.

META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,

Defendants.

Case No. 3:25-cv-05106-LB

**DEFENDANT SAN FRANCISCO-MARIN FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Date: March 26, 2026
Time: 9:30 a.m.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 2

A. Penning Fails to Establish Standing to Pursue His Claims. ..... 2

1. Penning's Opposition to Factual Standing Challenge Fails. ..... 2

2. Penning's Opposition to Facial Standing Challenge Fails. ..... 3

3. Penning Does Not Plausibly Allege Standing to Seek Injunctive Relief. ..... 4

B. Plaintiffs' CIPA Claims Fail. ..... 6

1. Penning Fails to State a Claim Under CIPA § 631. ..... 6

(a) Penning Consented to the Data Collection. ..... 6

(b) No Contents of Communications Were Collected. ..... 7

(c) Plaintiffs' Boilerplate In-Transit Interception Allegations Fail. ..... 8

2. Plaintiffs Fail to State a Claim Under CIPA § 638.51 *et seq*. ..... 8

C. Penning's Common Law and California Constitutional Privacy Claims Fail. ..... 11

1. Penning Had No Reasonable Expectation of Privacy in the Data. ..... 11

2. The Data Collection Was Not Highly Offensive. ..... 13

D. Penning's Negligence Claim Fails. ..... 13

III. CONCLUSION ..... 15

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Data Privacy Litigation*,
2026 WL 146025 (N.D. Cal. Jan. 20, 2026) ... 10

*Bradsbery v. Vicar Operating, Inc.*,
110 Cal.App.5th 899 (2001) ... 9

*Brown v. Google LLC*,
685 F.Supp.3d 909 (N.D. Cal. 2023) ... 5

*C.M. v. United States*,
669 F.Supp.3d 809 (D.Ariz 2023) ... 14

*Cal. Teachers Ass'n v. State Bd. of Educ.*,
271 F.3d 1141 (9th Cir. 2001) ... 11

*Campbell v. Facebook, Inc.*
951 F.3d 1106 (9th Cir. 2020) ... 5

*Carolus v. Nexstar Media Inc.*,
2025 WL 1338193 (N.D. Cal. Apr. 9, 2025) ... 11

*Casillas v. Calvin Klein, Inc.*,
2025 WL 3529009 (Cal. Super. Nov. 25, 2025) ... 10

*Casillas v. Transitions Optical, Inc.*,
2024 WL 4873370 (Cal. Super. Sept. 9, 2024) ... 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) (en banc) ... 5

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ... 5

*Cousin v. Sharp Healthcare*,
681 F.Supp.3d 1117 (S.D. Cal. 2023) ... 13

*D'Angelo v. Penny OpCo, LLC*,
2023 WL 7006793 (S.D. Cal. Oct. 24, 2023) ... 12

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ... 5

*Dent v. Nat'l Football League*,
902 F.3d 1109 (9th Cir. 2018) ... 14

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

*Doe v. Eating Recovery Ctr. LLC*,
2025 WL 2971090 (N.D. Cal. Oct. 17, 2025) ........ 10

*Esparza v. Gen Digital Inc.*,
2024 WL 655986 (C.D. Cal. Jan. 16, 2024) ........ 8

*In re Facebook, Inc., Consumer Privacy User Profile Litigation*,
402 F.Supp.3d 767 (N.D. Cal. 2019) ........ 14

*Gonzales v. Uber Techs., Inc.*,
305 F.Supp.3d 1078 (N.D. Cal. 2018),
on reconsideration, 2018 WL 3068248 (N.D. Cal. June 21, 2018) ........ 8

*In re Google Location History Litigation*,
514 F.Supp.3d 1147 (N.D. Cal. 2021) ........ 12

*In re Google RTB Consumer Priv. Litig.*,
2024 WL 2242690 (N.D. Cal. Apr. 4, 2024) ........ 6

*In re Google, Inc. Privacy Policy Litig.*,
58 F.Supp.3d 968 (N.D. Cal. 2014) ........ 13

*Graham v. Noom, Inc.*,
533 F.Supp.3d 823 (N.D. Cal. 2021) (Beeler, J.) ........ 5

*Hammerling v. Google, LLC*,
2024 WL 937247 (9th Cir. Mar. 5, 2024) ........ 11, 12

*Harril v. Emanuel Med. Ctr.*,
2025 WL 1635428 (E.D. Cal. June 9, 2025) ........ 7

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2011) ........ 8

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
728 F.Supp.3d (C.D. Cal. 2024) ........ 8

*Hill v. National Collegiate Athletic Ass'n*,
7 Cal.4th 1 (1994) ........ 12

*Hughes v. Vivint, Inc.*,
2024 WL 5179916 (C.D. Cal. July 12, 2024),
adopted, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) ........ 4

*In re iPhone Application Litig.*,
844 F.Supp.2d 1040 (N.D. Cal. 2012) ........ 13

*King v. Hard Rock Café Int'l (USA), Inc.*,
2025 WL 1635419 (E.D. Cal. June 9, 2025) ........ 7

*L.B. v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) ........ 6

*Lakes v. Ubisoft, Inc.*,
777 F.Supp.3d 1047 (N.D. Cal. 2025),
appeal pending, No. 25-2857 (9th Cir. 2025) ........ 6

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F.Supp.3d 1072 (C.D. Cal. 2023) ........ 8

*Mastel v. Miniclip SA*,
549 F.Supp.3d 1129 (E.D. Cal. 2021) ........ 8

*In re Meta Pixel Healthcare Litigation*,
647 F.Supp.3d 778 (N.D. Cal. 2022) ........ 12

*In re Meta Pixel Tax Filing Cases I*,
724 F.Supp.3d 987 (N.D. Cal. 2024) ........ 14

*Meta Platforms, Inc. v. Nguyen*,
2023 WL 8686924 (N.D. Cal. Nov. 21, 2023) ........ 7

*Mikulsky v. Bloomingdale's, LLC*,
713 F.Supp.3d 833 (S.D. Cal. 2024) ........ 5

*Mikulsky v. Noom, Inc.*,
682 F.Supp.3d 855 (S.D. Cal. 2023) ........ 4

*Mitchener v. CuriosityStream, Inc.*,
2025 WL 2272413 (N.D. Cal. Aug. 6, 2025),
appeal dismissed, 2025 WL 3191910 (9th Cir. Oct. 23, 2025) ........ 10

*Nevarez v. Forty Niners Football Co., LLC*,
2018 WL 306681 (N.D. Cal. Jan. 5, 2018) ........ 12

*Pizarro v. QuinStreet, Inc.*,
2022 WL 3357838 (N.D. Cal. Aug. 15, 2022) ........ 6

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ........ 4

*Price v. Headspace, Inc.*,
2025 WL 1237977 (Cal. Super. Apr. 01, 2025) ........ 10

*R.C. v. Walgreen Co.*,
733 F.Supp.3d 876 (C.D. Cal. 2024) ........ 14, 15

*Ramos v. Gap, Inc.*,
2025 WL 2144837 (N.D. Cal. July 29, 2025) ........ 7



COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

*In re Ring LLC Priv. Litig.*,
2021 WL 2621197 (C.D. Cal. June 24, 2021) ........ 6

*Rodriguez v. America Intern, Group LLC*,
2025 WL 4034985 (Cal. Super. Dec. 10, 2025) ........ 9

*Rodriguez v. Autotrader.com, Inc.*,
762 F.Supp.3d 921 (C.D. Cal. 2025) ........ 13

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........ 8

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ........ 3

*Sanchez v. Cars.com Inc.*,
2025 WL 487194 (Cal. Super. Jan. 27, 2025) ........ 9, 11

*Schneider v. Cal. Dept. of Corrs.*,
151 F.3d 1194 (9th Cir. 1998) ........ 4, 14

*Smith v. Facebook, Inc.*,
262 F.Supp.3d 943 (N.D. Cal. 2017),
aff'd, 745 F. App'x 8 (9th Cir. 2018) ........ 12

*Smith v. Lanza*,
2022 WL 20243472 (N.D. Cal., Apr. 18, 2022) ........ 14

*St. Clair v. City of Chico*,
880 F.2d 199 (9th Cir. 1989) ........ 2, 3

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
802 F.Supp.2d 1125 (C.D. Cal. 2011) ........ 3

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024),
aff'd, 2025 WL 1704437 (9th Cir. June 18, 2025) ........ 12

*Tourgeman v. Collins Fin. Servs., Inc.*,
2009 WL 6527758 (S.D. Cal. Nov. 23, 2009) ........ 13

*Treadaway v. Acad. of Motion Picture Arts & Scis.*,
783 F.2d 1418 (9th Cir. 1986) ........ 7

*U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*,
2013 WL 6055387 (S.D. Cal. Nov. 13, 2013) ........ 11

*U.S. v. Edmonson*,
792 F.2d 1492 (9th Cir. 1986) ........ 9

*U.S. v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ........ 11

*Walsh v. Dollar Tree Stores, Inc.*,
2025 WL 2939229(N.D. Cal. Oct. 16, 2025). ........ 12

*Woods v. Avenentti*,
990 F.2d 1266, 1993 WL 113760 (9th Cir. 1993) ........ 9

*York v. Hernandez*,
2010 WL 4366022 (N.D. Cal. Oct. 27, 2010) ........ 11

**Statutes & Rules**

N.D. Cal. Civ. L.R. 7-2(b) ........ 1

N.D. Cal. Civ. L.R. 7-4(a)(3) ........ 1

Cal. Welf. & Inst. Code § 10051 ........ 14

Cal. Welf. & Inst. Code § 10850 ........ 13, 14

CIPA
§ 631 ........ 1, 6, 8, 10
§ 632 ........ 1, 10
§ 635 ........ 1
§ 638.51 *et seq.* ........ 8, 9, 10

Fed. R. Civ. P. Rule 12(b)(1) ........ 1

Fed. R. .Civ. P. Rule 12(b)(6) ........ 1

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

## I. INTRODUCTION

At its core, this case concerns Plaintiffs' dispute with how Meta collects and uses their data. The Food Bank Defendants, including San-Francisco Marin Food Bank ("SFMFB"), are improperly caught in the middle of this fight. SFMFB is a charitable nonprofit whose sole mission is to feed hungry families and individuals. It has no products to market, no customers to solicit, and no reason to target the very people it exists to serve. SFMFB employs routine website tools to understand the needs of those seeking its services and to improve access to its charitable programs, nothing more. Nothing in the Complaint plausibly suggests SFMFB used any data to profit from or target its users. To the extent any data was used improperly, SFMFB was not responsible. SFMFB used information it received only to deliver food to those in need.

SFMFB's Motion to Dismiss identified numerous defects in Plaintiff Penning's claims. *See* ECF 44 ("Motion" or "Mot."). In response, Penning concedes that he has no claims against SFMFB under the California Consumer Privacy Act ("CCPA") or California Invasion of Privacy Act ("CIPA") §§ 632 and 635. *See* ECF 58 (Plaintiffs' Opposition to SFMFB's Motion to Dismiss ("Opposition" or "Opp.")) at 1, n.2; 14, n.11. As to his remaining claims, those defects cannot be cured.[1]

*First*, Penning fails to meaningfully respond to SFMFB's Rule 12(b)(1) factual challenge to standing. Once raised, the burden shifted to him to provide evidence establishing standing, and he submitted none. This failure is dispositive. In any event, Penning also lacks Article III standing under a Rule 12(b)(1) facial challenge, as well as lacking standing to seek injunctive relief.

*Second*, Penning fails to rebut SFMFB's Rule 12(b)(6) arguments for dismissal. Penning's CIPA § 631 claim fails because he consented to the alleged data collection, the Find Food Tool checkboxes are not communication "contents," and Penning restates the same insufficient boilerplate assertions about in-transit interception. Penning's pen register claim fares no better. It is foreclosed by legislative history and recent case law rejecting application of the statute to web tracking tools. He also asserts inconsistently that the Pixel collected both routing information *and* communication

[1] Plaintiff's Opposition asserts SFMFB's Motion violates N.D. Cal. Civ. L.R. 7-2(b) and 7-4(a)(3) because it does not include a "Notice of Motion and Statement of Issues." Opp. at 1, n.1. Both of these items are on page 1 of SFMFB's Motion, immediately preceding the Table of Contents. Mot. at 1.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

contents, even though pen registers, by definition, collect only the former.

*Third*, Penning's common law claims likewise fail. He does not plausibly allege a reasonable expectation of privacy in generic information entered on a public website to find food resources, nor conduct that constitutes an egregious breach of social norms. He also does not establish that SFMFB owed him a duty of care in negligence or that he suffered any injury.

Rather than clarifying the issues, the Opposition further reveals the Complaint's deficiencies. The Court should dismiss the claims against SFMFB without leave to amend.

## II. ARGUMENT

### A. Penning Fails to Establish Standing to Pursue His Claims.

#### 1. Penning's Opposition to Factual Standing Challenge Fails.

Penning could not have submitted information through the Find Food Tool because he is not a resident of San Francisco or Marin County and the website is ZIP-code gated. *See* Mot. at 5-6; ECF 44-2 (Declaration of Joshua R. Thomas in Support of SFMFB's Motion to Dismiss ("Thomas Decl.")) ¶¶ 5, 7, 8 & Exs. C-E. SFMFB submitted evidence from the developer of the Find Food Tool showing that (i) it is designed to assist San Francisco and Marin County residents to locate local food pantry sites, (ii) it includes optional search filters (styled as checkboxes) to tailor results based on the needs of the user or "someone in [their] household," and (iii) it is ZIP-code gated, such that only users who enter a San Francisco or Marin County ZIP code, or who select those counties as their county of residence, may submit any information. *Id.*

Penning does not dispute that he is a Contra Costa County resident, nor has he submitted any *evidence* in response to SFMFB's factual showing. Where, as here, a defendant makes a factual attack on standing, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). Penning has not met that burden. Instead, Penning asks the Court to *infer* from the Complaint that he must have entered a San Francisco or Marin County ZIP code because he allegedly visited the website on multiple occasions to access the Find Food tool, and one would not do so if "it will not provide access to the services one seeks." Opp. at 5:25-27, 6:1. This assumes how a hypothetical user might behave,

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

not evidence of what Penning actually did. Even if he had alleged that he entered a San Francisco or Marin County ZIP code (which he does not), on a 12(b)(1) factual challenge, the Court is not required to accept his allegations as true. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Penning could have submitted a declaration describing what information he entered into the Find Food Tool, but has not done so. Instead, he advances two new (and unpled) arguments, neither of which cures the standing defect. *First*, he asserts that he "used the zip code of where he worked." Opp. at 6:10-11. This assertion does not appear in the Complaint and is unsupported by a declaration or other evidence. It therefore cannot establish factual standing. *St. Clair*, 880 F.2d at 201. *Second*, Penning argues that even if he entered his Contra Costa County ZIP code, the checkboxes that he selected would be transmitted to Meta. Opp. at 6:16-22. But, based on the only evidence submitted to the Court, such information could not be submitted to SFMFB. Thomas Decl. ¶ 10. Pennings' argument also assumes that Meta intercepts information entered into the Find Food Tool, even if it was never submitted to SFMFB. Meta explains why Plaintiffs' allegations regarding such interception are deficient. *See* ECF 46 at 8-9. Penning's assertion that this is "confirmed" because he was "targeted with ads" is also unsupported by factual evidence. Opp. at 7:4-6. Penning has not met his burden to establish factual standing, and the Complaint must therefore be dismissed as to SFMFB for this reason alone.[2]

**2. Penning's Opposition to Facial Standing Challenge Fails.**

SFMFB's Motion demonstrated Penning's failure to adequately allege that he disclosed information implicating a protectable privacy interest, whether through the Find Food Tool or through his use of SFMFB's website more generally. He does not meaningfully respond to either.

With respect to information allegedly disclosed through the Find Food Tool, Plaintiffs effectively concede the deficiency of Penning's allegations regarding what sensitive information he disclosed by offering to "amend to allege more expressly" which boxes he checked. *See* Opp. at 7,

[2] Plaintiffs do not dispute that if Penning has no standing, all claims against SFMFB must be dismissed. *See* Mot. at 8-9; *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,* 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) ("'[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue[.]'") (citation omitted).

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

n. 7. The Complaint alleges only that Penning "answer[ed] multiple questions related to his location, age, disability status, mobility status, and urgency of his need for food assistance." ECF 1 (Complaint ("Compl.")) ¶ 28. It does not allege which, if any, categories of information Penning actually disclosed, nor that Penning is actually a member of any categories he might have selected.[3] That omission is fatal. "To survive a motion to dismiss, a plaintiff must identify the '*specific* personal information disclosed that implicates a protectable privacy interest.'" *Mikulsky v. Noom, Inc.*, 682 F.Supp.3d 855, 864 (S.D. Cal. 2023) (emphasis added); *Hughes v. Vivint, Inc.*, 2024 WL 5179916, at *4-5 (C.D. Cal. July 12, 2024), adopted, 2024 WL 5179917 (C.D. Cal. Aug. 5, 2024) ("As Plaintiff does not clearly allege what personalized information of hers was actually collected, she does not identify any harm to her privacy."). Plaintiffs attempt to provide this missing detail for the first time in their opposition, asserting that Penning checked boxes indicating disability and limited mobility. Opp. at 7 n. 7. That clarification is missing from the Complaint and cannot be considered on a motion to dismiss. *Schneider v. Cal. Dept. of Corrs.*, 151 F.3d 1194, 1198 n.1 (9th Cir. 1998). Absent an adequately pled disclosure of sensitive personal information, Plaintiffs' arguments about whether such a disclosure would constitute a concrete injury are beside the point.[4]

With respect to information that Penning may have disclosed to SFMFB other than through the Find Food Tool (*see, e.g.* Compl. ¶ 87), Plaintiffs effectively concede SFMFB's position. Plaintiffs agree with the authority cited by SFMFB that basic contact information and IP addresses do not implicate a protectable privacy interest. *See* Mot. at 7:7-22; Opp. at 9:1-10.

**3. Penning Does Not Plausibly Allege Standing to Seek Injunctive Relief.**

Penning contends that he has alleged an "actual and imminent" threat of injury. However, the Complaint contains only a collective allegation that Plaintiffs "would like to use the Food Bank

[3] Penning alleged that he "interacted with boxes" requiring him to indicate his disability and mobility status, which he concedes was "not the most apt term." Compl. ¶ 198; Opp. at 7, n.7. That allegation was made in connection with Penning's CCPA claim, which he is no longer pursuing. Opp. at 1, n. 2.

[4] Plaintiffs argue that "CIPA violations, without more, constitute injury in fact." Opp. at 7:6-9. The Ninth Circuit has rejected application of a "categorical" rule. *Popa v. Microsoft Corp.*, 153 F.4th 784, 793 (9th Cir. 2025) (A plaintiff is required "to demonstrate more than just a statutory violation when evaluating whether a plaintiff has alleged a concrete injury.")

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Defendants' websites again." Compl. ¶ 101. This does not reflect a concrete intent by Penning to use the Find Food Tool in the future; it is conjecture and does not establish "sufficient likelihood that [he] will again be wronged in a similar way." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018); *see also Graham v. Noom, Inc.*, 533 F.Supp.3d 823, 836 (N.D. Cal. 2021) (Beeler, J.) (no entitlement to injunctive relief where plaintiffs failed to plead an intent to use website in the future).

Notably, the Opposition mischaracterizes the injunctive relief sought as an "injunction prohibiting use of the Pixel on [SFMFB's] website." Opp. at 9:22-23. Plaintiffs do not seek a prohibition on the Pixel's use, but only to enjoin its use *without their consent*. Compl. ¶¶ 101, 210(d) and (f). This distinction matters because Penning's asserted future harm rests on the Pixel being "virtually undetectable." Opp. at 9:22-25. But on Penning's own allegations, he now knows that SFMFB uses the Pixel and, by accessing the Find Food Tool, would be knowingly consenting to its use. *See Mikulsky v. Bloomingdale's, LLC*, 713 F.Supp.3d 833, 847 (S.D. Cal. 2024) (dismissing claim for injunctive relief for lack of standing where plaintiff knew defendant used session replay software, and any future use of the website would equate to consent).

The Opposition further confirms that Penning does not have a "real and immediate threat of repeated injury" traceable to SFMFB. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."). The allegations that Penning rely on concern alleged ongoing conduct by Meta, not SFMFB. *See* Opp. at 9:26-10:6. Although Penning asks the Court to infer that SFMFB continues to use his data, he concedes that such an allegation would need to be made "more express." Opp. at 10, n.8. As pleaded, Penning does not identify a single allegation that he is experiencing any continuing harm attributable to SFMFB, such as ongoing data collection, retention or use, in contrast to the cases cited by Penning. *Cf. Campbell v. Facebook, Inc.* 951 F.3d 1106, 1120 (9th Cir. 2020); *Brown v. Google LLC*, 685 F.Supp.3d 909, 926 (N.D. Cal. 2023).

//

//

//

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

### B. Plaintiffs' CIPA Claims Fail.

#### 1. Penning Fails to State a Claim Under CIPA § 631.

##### (a) Penning Consented to the Data Collection.

Penning fails to negate SFMFB's consent arguments for multiple reasons. First, Penning never explains what about SFMFB's cookie banner made it inconspicuous, merely stating that it blends in with the bottom of the homepage of SFMFB's website, without alleging any facts about font size, color, placement, or any other features that could plausibly support that conclusion. *See L.B. v. LinkedIn Corp.*, 2025 WL 2899514, at *10 (N.D. Cal. Oct. 10, 2025) (no plausible allegation that the cookie banner did not provide constructive notice of the privacy policy where plaintiff stated only that the banner was located off to the right of the screen and users were not required to engage with it); *Pizarro v. QuinStreet, Inc.*, 2022 WL 3357838, at *3 (N.D. Cal. Aug. 15, 2022) (underlined hyperlink was conspicuous where it appeared directly below the action button, was set off with white spacing, surrounded by similar size text, and the general design of the webpage was uncluttered and muted).

Second, SFMFB's privacy policy discloses that the website uses cookies and pixels and that it collects information about a user's computer configuration (including URLs of web pages, IP addresses, browser types, and operating systems). This is sufficient to put users on notice of the types of information collected, and by continuing to use the site after seeing the cookie banner and incorporated privacy policy, users demonstrate implied consent. *See In re Google RTB Consumer Priv. Litig.*, 2024 WL 2242690, at *12 (N.D. Cal. Apr. 4, 2024) ("In privacy litigation, consent can be . . . implied in fact based on whether the surrounding circumstances demonstrate that the party whose personal information was collected knew it."); *In re Ring LLC Priv. Litig.*, 2021 WL 2621197, at *7 (C.D. Cal. June 24, 2021) ("Plaintiffs' continued use of the Devices after being on constructive notice of the Terms through this lawsuit constitutes assenting conduct.").

Moreover, along with SFMFB's disclosures, Meta's privacy policy discloses that "[w]hen Facebook or Instagram users—including Plaintiffs []—sign up for an account, they agree to Meta's Terms of Service and incorporated Privacy Policy and Cookies Policy," which disclose that (1) third parties may collect a user's information when users visit their sites; (2) third parties can use tools like the Meta Pixel to advertise or understand how users engage with their services; and (3) Meta may use

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

this information collected from third party sites to show users ads. ECF 46 at 3-4; *see also Meta Platforms, Inc. v. Nguye*n, 2023 WL 8686924, at *2 (N.D. Cal. Nov. 21, 2023) ("All Facebook users must agree to its Terms of Service[.]"); *Lakes v. Ubisoft, Inc.*, 777 F.Supp.3d 1047, 1055-56 (N.D. Cal. 2025), appeal pending, No. 25-2857 (9th Cir. 2025) (dismissing based on consent and explaining that "the Privacy Policy explicitly states that Defendant 'use[s] various types of technologies such as cookies to collect [game, login, and browsing data] when you use our services' and Defendant also 'allow[s] some of our partners to set and access their Cookies on your device") (citation omitted).

**(b) No Contents of Communications Were Collected.**

Penning fails to allege which checkboxes, if any, he selected on the Find Food Tool. *See supra* Section A.2. If Penning selected any checkboxes, it is unclear why he would not have alleged this plainly. "Th[e] truth cannot be concealed by 'artful pleading.'" *Treadaway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1421 (9th Cir. 1986). If Penning never selected any checkboxes, then no communication contents could have been intercepted. *See King v. Hard Rock Café Int'l (USA), Inc.*, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025) ("Plaintiff's FAC provides ***examples of the types*** of 'full-string URLs' allegedly intercepted by Meta, but Plaintiff does not allege ***she conducted the searches or visited the webpages*** provided in the examples. Thus, Plaintiff has not alleged that the 'contents' of her communications were intercepted.") (citation omitted and emphasis added); *Harril v. Emanuel Med. Ctr.*, 2025 WL 1635428, at *10 (E.D. Cal. June 9, 2025) (CIPA claim failed where "Plaintiff's complaint [did] not specify or describe the searches [he] conducted on the Website.").

Even assuming Penning selected checkboxes, those selections merely serve as a way to route the user to another public page on SFMFB's website. Such "button clicks" are not communication contents. *King*, 2025 WL 1635419, at *4 ("'[B]utton clicks' are 'more akin to the 'record' information that the Ninth Circuit has held not to be contents of a communication."). Navigating from one public webpage to another does not constitute communication contents any more than simply visiting a webpage does. *See Ramos v. Gap, Inc.*, 2025 WL 2144837, at *5 (N.D. Cal. July 29, 2025) ("Plaintiff offers nothing more than his unsupported assertion that clicking on the URLs in the marketing emails here—which direct the user to Defendant's website—constitutes a communication from Plaintiff to Defendant. This is not enough."); *Gonzales v. Uber Techs., Inc.*, 305 F.Supp.3d 1078, 1086 (N.D. Cal.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

2018), on reconsideration, 2018 WL 3068248 (N.D. Cal. June 21, 2018) ("[S]imply opening a webpage or mobile application is not a communication with content."). The Opposition fails to address this.[5]

**(c) Plaintiffs' Boilerplate In-Transit Interception Allegations Fail.**

"[T]he crucial question under § 631(a)'s second clause is whether [Plaintiff] has plausibly alleged that [the eavesdropper] read one of [their] communications while it was still in transit, i.e., before it reached its intended recipient." *Mastel v. Miniclip SA*, 549 F.Supp.3d 1129, 1137 (E.D. Cal. 2021). Penning asserts that Meta collects user information while it is "occurring" and "re-directs" it to Meta "in real time," before SFMFB receives it. Compl. ¶¶ 68, 69, 72; Opp. at 18. Merely stating this, with no support as to how, is conclusory. More is required to make real-time interception plausible. *See Heiting v. Taro Pharmaceuticals USA, Inc.*, 728 F.Supp.3d, 1112, 1126 (C.D. Cal. 2024) (requiring "factual allegations regarding the method, or nature, of interception" to establish plausible in-transit arguments); *Esparza v. Gen Digital Inc.*, 2024 WL 655986, at *4 (C.D. Cal. Jan. 16, 2024) (dismissing CIPA claims where "Plaintiff fail[ed] to allege specific facts about . . . when the interception took place, and how the interception took place").[6]

**2. Plaintiffs Fail to State a Claim Under CIPA § 638.51 *et seq.***

The Opposition fails to salvage Penning's pen register claim. A growing body of recent state

[5] Penning cites cases holding that detailed search URLs, DMV applications, substantive click choices, and sensitive financial information may constitute communication contents. Opp. at 14-17. Such information may constitute contents depending on facts not present here. Here, Penning does not allege any detailed search queries, and any checkbox selections on the Find Food Tool, if made, simply routed the user to another page, akin to opening a webpage. That is not communication content.

[6] *Esparza*, which Penning cites, found that the plaintiff ***did not plausibly allege in-transit interception*** because he "failed to adequately allege any specific facts related to the alleged interception." 2024 WL 655986, at *4. Penning does the same here, merely asserting that Meta intercepts communications "as they occur," without alleging when or how. That is insufficient. *See Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough" without specific facts making in-transit interception plausible); *Licea v. Am. Eagle Outfitters, Inc.*, 659 F.Supp.3d 1072, 1085 (C.D. Cal. 2023) ("Plaintiffs must provide more than conclusory allegations that messages were intercepted "during transmission and in real time."). While Penning relies on other district court decisions that have been more permissive, Opp. at 17-19, this Court is not bound by them. *See Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2011).

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

court decisions have rejected the applicability of CIPA's pen register provisions to internet communications. In *Rodriguez v. America Intern, Group LLC*, the court conducted a lengthy analysis of the text and legislative intent behind CIPA, before concluding that "CIPA's structure and history indicate that its pen-register provisions were aimed at telephonic-style surveillance, not at the routine operation of commercial websites or analytical software." 2025 WL 4034985, at *3 (Cal. Super. Dec. 10, 2025). The legislature made "a deliberate choice not to sweep ordinary website analytics within CIPA's pen register and trap and trace provisions." *Id.* at *4. The court also analyzed SB 690 (pending legislation proposing CIPA reforms) and concluded that it reflects legislative intent *not* to apply the pen register statute to web tracking tools; instead, the legislature intends for the CCPA to cover such conduct. *See id.* Other state courts agree. *See also Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025) (rejecting application of CIPA's pen register provisions to internet communications based on the statute's "plain language and legislative intent"); *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *2 (Cal. Super. Sept. 9, 2024) ("Section 638.50 does not address the privacy rights of Internet users."). "Federal courts must defer to state courts for interpretation of state law." *Woods v. Avenentti*, 990 F.2d 1266, 1993 WL 113760, at *3 (9th Cir. 1993).

Moreover, "where there is ambiguity in a criminal statute requiring judicial interpretation, a court should resolve the ambiguity in favor of lenity." *U.S. v. Edmonson*, 792 F.2d 1492, 1498 (9th Cir. 1986). This means that courts should construe ambiguous criminal statutes "as favorably to criminal defendants as reasonably permitted by the statutory language and the circumstances." *Rodriguez*, 2025 WL 4034985, at *3; *see also id.* (explaining that when interpreting criminal statutes, defendants "must be given the benefit of every reasonable doubt as to whether the statute applies"). The pen register statute is part of California's penal code, and its language only references telephonic communications, making its applicability to other types of communications ambiguous. Therefore, under the rule of lenity, courts should interpret this ambiguity narrowly and not expand the statute's reach to non-telephonic communications when there is no indication this was intended.

Further, "[w]hen the Legislature has carefully employed a term in one place and has excluded it in another, it *should not be implied where excluded." Bradsbery v. Vicar Operating, Inc.*, 110 Cal.App.5th 899, 910 (2001) (emphasis added). The California legislature added the terms "internet

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

web sites" and "social media" to CIPA § 632.01 (which is not asserted against SFMFB) in 2017. It made no similar amendments to CIPA's pen register provisions. *See Doe v. Eating Recovery Ctr. LLC*, 2025 WL 2971090, at *6 (N.D. Cal. Oct. 17, 2025) (questioning whether the Legislature intended to subject companies to criminal liability under CIPA § 631(a) for "using third-party software to track website activity[.] . . . Given the statute's ambiguity and its imposition of criminal liability, perhaps courts should not be so quick to assume that the answer is yes."). To boot, since enacting CIPA, the legislature has "adopted other statutes that more clearly speak to the practice of data sharing," *id.*, the most notable of which is the CCPA (and Penning has dropped his CCPA claim against SFMFB). All of the foregoing shows why Penning's pen register claim is not viable.

Penning does not address SFMFB's arguments that his § 638.51 claim fails based on the definition of a pen register and established privacy rules. Penning asserts that the pen register collects metadata, like IP addresses and geolocation. But it is well-settled that there is no reasonable expectation of privacy in this information. *See Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025), appeal dismissed, 2025 WL 3191910 (9th Cir. Oct. 23, 2025) ("[There is] no expectation of privacy as to . . . [Plaintiff's] IP address or general geographic location").

And if a pen register collects the "contents" of a communication, then it is by definition not a pen register and CIPA § 638.51 is inapplicable. *See Price v. Headspace, Inc.,* 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) ("[T]he crucial distinction from other devices is that both 'pen registers' and 'trap and trace devices' are designed to capture information about the communication, but not the content of the communication itself."); *Casillas v. Calvin Klein, Inc.*, 2025 WL 3529009, at *2 (Cal. Super. Nov. 25, 2025) (pen register claim dismissed in part because it stated "too much for a cause of action under section 638.51" by "alleging the pixel eavesdropped on conversations").

Indeed, in *In re Apple Data Privacy Litigation*, Judge Davila recently dismissed a claim under CIPA § 638.51 because allegations that the defendant violated *both* CIPA § 632 and § 638.51 were contradictory. 2026 WL 146025, at *4-5 (N.D. Cal. Jan. 20, 2026) (collection of both routing information and communication contents "cannot simultaneously violate both provisions" because § 638.51 prohibits *only* the collection of routing information and § 632 *only* prohibits eavesdropping on communication contents); *see also U.S. Med. Instruments, Inc. v. CFS N. Am., Inc.*, 2013 WL

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

6055387, at *9 (S.D. Cal. Nov. 13, 2013) ("The Ninth Circuit has held that where inconsistent allegations are not pled in the alternative, but are expressly incorporated into each cause of action, an allegation may [be] a judicial admission" that calls for dismissal). The same logic applies here.

Finally, because there is no controlling California state court authority on whether internet software falls under CIPA's pen register provisions, the Court is not bound to follow any state or district court case law that supports such an interpretation. *See Cal. Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("(I)t is solely within the province of the state courts to authoritatively construe state legislation."); *Sanchez*, 2025 WL 487194, at *3 ("The Court is not aware of . . . any controlling published authority in California on the issue of whether internet communications constitute 'pen registers' or 'track and trace devices' [under] CIPA."); *York v. Hernandez*, 2010 WL 4366022, at *2 (N.D. Cal. Oct. 27, 2010) ("[T]his Court is not bound by the decisions of . . . its sister district courts.").

### C. Penning's Common Law and California Constitutional Privacy Claims Fail.

#### 1. Penning Had No Reasonable Expectation of Privacy in the Data.

Penning does not deny that there is no reasonable expectation of privacy in record information, like IP addresses or geolocation, and has conceded this point. *See U.S. v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008) ("Internet users have no expectation of privacy in . . . the IP addresses of the websites they visit."); *Carolus v. Nexstar Media Inc.*, 2025 WL 1338193, at *1 (N.D. Cal. Apr. 9, 2025) (the acquisition of an IP address, which discloses "the fact that a given device visited [a particular] website and the general location of that device, including what zip code it's in . . does not cause the kind of harm that can be vindicated in federal court").

More generally, no reasonable expectation of privacy exists where SFMFB's privacy policy hyperlinked on the landing page (ECF 44-1 (Declaration of Scott C. Hall in support of SFMFB's MTD ("Hall Decl."), Ex. A)) discloses that user's information may be collected and shared through cookies and pixels (Hall Decl., Ex. B), *and* Meta's privacy policy concurrently discloses that user data is collected through third-party websites and applications. (*See* Meta MTD at 10-11.) Users who maintain Meta accounts and continue to use third-party sites cannot plausibly claim surprise when Meta receives data generated by those interactions. *See Hammerling v. Google, LLC*, 2024 WL

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 • FAX 415.989.1663

937247, at *3 (9th Cir. Mar. 5, 2024) (no reasonable expectation of privacy where the policy "expressly disclosed Google's intention to track [user] activity on third-party apps").

Even if Penning did not consent, that alone would not create a reasonable expectation of privacy. A "[d]efendant's alleged failure to give notice, in and of itself, does not give rise to a reasonable expectation of privacy in users' 'Website Communications.'" *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *5 (S.D. Cal. May 8, 2024), aff'd, 2025 WL 1704437 (9th Cir. June 18, 2025); *see also D'Angelo v. Penny OpCo, LLC*, 2023 WL 7006793, at *11 (S.D. Cal. Oct. 24, 2023) (listing factors that "point away from a reasonable expectation of privacy" even without consent).[7]

Further, Penning does not allege that sensitive health information,[8] in which a reasonable expectation of privacy exists, was collected. The "health information" at issue here are checkboxes indicating a nonspecific disability or limited mobility to access publicly available food resources. This is not sensitive health information. *See Nevarez v. Forty Niners Football Co., LLC*, 2018 WL 306681, at *2 (N.D. Cal. Jan. 5, 2018) (class members had no reasonable expectation of privacy in the fact of their "mobility disability" where "the specific condition of each person" was not revealed, the information was not revealed to seek treatment, and by buying tickets for accessible seats, the members "manifested their desire to sit in a public space"); *Smith v. Facebook, Inc.*, 262 F.Supp.3d 943, 954–55 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018) ("[S]earch results related to the phrase 'intestine transplant'" constituted "general health information . . . accessible to the public at large," not "protected health information.").

---

[7] The cases Penning cites to counter this point are inapposite. *Walsh v. Dollar Tree Stores, Inc.*, involved a plaintiff who rejected advertising cookies. 2025 WL 2939229, at *14 (N.D. Cal. Oct. 16, 2025). *In re Google Location History Litigation* involved plaintiffs who disabled location history collection. 514 F.Supp.3d 1147, 1156 (N.D. Cal. 2021). No rejection of cookies or collection is alleged here. *Hill v. National Collegiate Athletic Ass'n* concerned whether athletes provided consent for urine sample collection. 7 Cal.4th 1, 50 (1994). These factual circumstances are distinguishable.

[8] HIPAA, for example, defines "protected health information" as "'individually identifiable' information that is 'created or received by a health care provider' (or similar entities) that '[r]elates to the . . . physical or mental health or condition of an individual' or the 'provision of health care to an individual." *In re Meta Pixel Healthcare Litigation*, 647 F.Supp.3d 778, 792 (N.D. Cal. 2022). The information at issue here was neither created or received by a health care provider, nor specifically relates to Penning's individualized condition or provision of health care to him.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

The fact that someone may be in "urgent" need of food assistance is also not the type of sensitive information, financial or otherwise, that privacy law needs to protect from misuse. To implicate the right to privacy, the disclosed "information must be sufficiently personal or sensitive that its disclosure is harmful." *Rodriguez v. Autotrader.com, Inc.*, 762 F.Supp.3d 921, 926–27 (C.D. Cal. 2025). An indication that a user is seeking publicly available food resources—without disclosure of income, bank account numbers, or other information that could be used to access financial accounts or alter their legal obligations—does not meet that standard. It does not enable fraud or create a risk of an economic injury. *Cf. Tourgeman v. Collins Fin. Servs., Inc.*, 2009 WL 6527758, at *3 (S.D. Cal. Nov. 23, 2009) (finding "account and credit information and social security number" to be "private financial information"). At most, it reflects a request for assistance from a nonprofit organization.

**2. The Data Collection Was Not Highly Offensive.**

Even if Plaintiffs could establish a reasonable expectation of privacy in the generalized information discussed above, they still fail to plead conduct that is "highly offensive" to a reasonable person. The disclosure of record information is not highly offensive. *See In re iPhone Application Litig.*, 844 F.Supp.2d 1040, 1063 (N.D. Cal. 2012) (disclosure of "unique device identifier number, personal data, and geolocation information from Plaintiffs' iDevices" was not highly offensive). Nor is the disclosure of more substantive information about a user's browsing habits or search queries on public websites. *See In re Google, Inc. Privacy Policy Litig.*, 58 F.Supp.3d 968, 988 (N.D. Cal. 2014) (disclosure of user's personal identifying information, browsing habits, search queries, and demographic information not highly offensive); *Cousin v. Sharp Healthcare*, 681 F.Supp.3d 1117, 1127 (S.D. Cal. 2023) (disclosure of patient's information to Meta, including personal identifying information, social security numbers, browser histories, and user locations was not highly offensive).

**D. Penning's Negligence Claim Fails.**

Penning does not plausibly allege a duty of care. Absent a duty, there can be no breach. The Complaint asserts, in a conclusory fashion, that SFMFB owed him a duty not to disclose his "data and PII . . . without [plaintiff's] consent." Compl. ¶ 190. Penning does not identify the source, scope, or nature of this alleged duty. *See* Mot. at 22:11-18. Penning now argues that the duty arises from CIPA, Cal. Welf. & Inst. Code § 10850, and/or the "character of the activity in which [SFMFB] is engaged."

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Opp. at 23:1-15. But those theories are not pled, and a complaint cannot be amended through briefing. *See Schneider*, 151 F.3d at 1197, n.1; *R.C. v. Walgreen Co.,* 733 F.Supp.3d 876, 895 (C.D. Cal. 2024) ("The Court will only consider…the duties actually referenced in the [complaint].").

Regardless, none of these theories establish a duty. Because Penning's CIPA claims fail, they cannot supply the basis for a duty of care.[9] Cal. Welf. & Inst. Code § 10850 outlines recordkeeping requirements applicable to "public social services," defined as "*activities and functions of state and local government*" (*Id.* § 10051 (emphasis added)) and does not apply to SFMFB, a private 501(c)(3) non-profit organization. Compl. ¶ 35. To the extent that Penning asserts that a duty arises from the general character of SFMFB's activities, California courts determine whether such a duty exists by applying several factors (referred to as the *Rowland* factors). *See Dent v. Nat'l Football League,* 902 F.3d 1109, 1118-1119 (9th Cir. 2018). Penning does not address a single *Rowland* factor in his Opposition, much less plausibly plead that a duty arises from the general character of SFMFB's activities.

Penning has also not adequately alleged a cognizable injury.[10] California law requires a "nonspeculative injury" and "actual damages" to sustain a negligence claim. *See* Mot. at 22:20-22. He suggests that a statutory violation alone suffices. But the cases Penning cites involved plaintiffs who alleged concrete harm beyond the statutory violation itself. *See In re Facebook, Inc., Consumer Privacy User Profile Litigation*, 402 F.Supp.3d 767, 786-87 (N.D. Cal. 2019); *In re Meta Pixel Tax Filing Cases I*, 724 F.Supp.3d 987, 1019 (N.D. Cal. 2024). Penning effectively concedes that his only alleged injury is being targeted with unspecified advertisements. Opp. at 24:10-11. That allegation is

---

[9] The negligence claim also fails because intentional conduct, such as the alleged CIPA violations, cannot support a negligence cause of action. Mot. at 23:18-23. The case relied on by Penning is inapposite. Penning's reliance on *C.M. v. United States*, 669 F.Supp.3d 809 (D.Ariz 2023) is misplaced. *See* Opp. at 24:25-25:2. There, the court permitted alternative tort claims. Here, Penning's negligence claim is based on intentional tracking and disclosure, and "[b]ecause [the] conduct is intentional, it cannot be negligent." *Smith v. Lanza*, 2022 WL 20243472 at *3 (N.D. Cal., Apr. 18, 2022). In any event, the CIPA and negligence claims are not pled in the alternative.

[10] To the extent that Penning asserts any economic injury, such a claim would be barred by the economic loss doctrine. But the Complaint never alleges any economic loss. The Opposition suggests Penning suffered some form of economic harm, but that is not clearly pled. *See* Opp. at 24:14-24.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

vague, conclusory, and speculative. *See* Mot. at 23:3-6; *see also R.C.,* 733 F.Supp.3d at 897-98 (allegations that plaintiffs received unwanted "targeted advertising," even when coupled with other claimed harms, were too vague and conclusory to survive dismissal).

## III. CONCLUSION

The Complaint against SFMFB should be dismissed with prejudice.

DATED: February 17, 2026 COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Scott C. Hall*
SCOTT C. HALL
Attorneys for Defendant
San Francisco Food Bank d/b/a
San Francisco-Marin Food Bank