SCOTT C. HALL (State Bar No. 232492)
LEEZA ARBATMAN (State Bar No. 347753)
ALEXANDRA M. BOXALL (State Bar No. 348300)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-sch@cpdb.com
ef-ela@cpdb.com
ef-amb@cpdb.com

Attorneys for Defendant
San Francisco Food Bank d/b/a
San Francisco-Marin Food Bank

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all others similarly situated, and the general public,

Plaintiffs,

v.

META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,

Defendants.

Case No. 3:25-cv-05106-LB

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT SAN FRANCISCO FOOD BANK D/B/A SAN FRANCISCO-MARIN FOOD BANK'S REQUEST FOR JUDICIAL NOTICE**

Date: March 26, 2026
Time: 9:30 a.m.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Plaintiffs' Opposition to San Francisco-Marin Food Bank's ("SFMFB") Request for Judicial Notice (ECF 58-1 (the "RJN Opp.")) asks the Court to deny SFMFB's request to incorporate by reference screenshots of the cookie banner and the privacy policy attached as Exhibits A and B to the Declaration of Scott C. Hall in Support of SFMFB's Motion to Dismiss, dated October 20, 2025. *See* ECF 44-1 ("Hall Decl."); ECF 44-4 (SFMFB's Request for Judicial Notice ("Request")).[1]

Under the incorporation-by-reference doctrine, the Court may consider a document not attached to the complaint, but which the complaint "necessarily relies" on, where: "(1) the complaint refers to the document; (2) the document is central to the plaintiffs' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Plaintiffs do not dispute that the Complaint refers to the cookie banner and privacy policy (*see, e.g.*, ECF 1 ("Compl.") ¶¶ 58, 60), nor can they dispute that their claims necessarily depend on those exhibits, which is precisely what is required for incorporation to be proper. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). And although Plaintiffs purport to question authenticity, their RJN Opposition does not meaningfully challenge the authenticity of Exhibits A and B.[2]

Plaintiffs argue that incorporation by reference of the cookie banner and privacy policy is improper because "[SFMFB] has not demonstrated that its exhibits even *are* the documents referenced in the Complaint in the first instance." RJN Opp. at 1:13-14 (original emphasis). But

[1] Plaintiffs do not take issue with SFMFB's request to incorporate by reference a screenshot of the Find Food Tool attached as Exhibit C to the Declaration of Joshua R. Thomas in Support of SFMFB's Motion to Dismiss. *See* ECF 44-2, Ex. C; Request at 3-4.

[2] Plaintiffs cite *Jackson v. Fandom, Inc.,* 2023 WL 4670285 (N.D. Cal. Jul. 20, 2023), but that decision is inapposite. There, the court declined to incorporate documents by reference because they were either not referenced in the complaint at all, or mentioned only once. *Id.* at *2. Plaintiffs instead rely on *Jackson*'s alternative analysis concerning judicial notice under Fed. R. Evid. 201(b), which is not at issue here. *See id*. at 1002 ("[U]nlike rule-established judicial notice," which has to do with adjudicative facts that are generally known, like matters of public record, "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). Plaintiffs' reliance on *Garcia v. Bandai Namco Ent. Am. Inc.,* 2025 WL 2451033 (C.D. Cal. Aug. 7, 2025) is similarly misplaced. In *Garcia*, the court declined to take judicial notice of undated screenshots and a privacy policy with an effective date one year after the plaintiff's claim arose. 2025 WL 2451033, at *3-4.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Plaintiffs do not actually contend that Exhibits A and B are *not* the cookie banner and privacy policy referenced in the Complaint, even though they would be in a position to deny their authenticity if that were the case. *Cerf v. Cont'l Cas. Co.*, 2018 WL 11348943, at *2 (C.D. Cal. Mar. 12, 2018) ("If a mere, apparently baseless, 'failure to admit' the authenticity of an otherwise incorporated document could block incorporation, then the entire doctrine of incorporation by reference would be a nullity.").

Rather, Plaintiffs' issue is that SFMFB's Request does not expressly recite that these documents reflect its website on the date that Penning visited. RJN Opp. at 1:10-13. But Plaintiffs provide no evidence to suggest they are not the same documents. Here, Exhibits A and B were captured as screenshots from SFMFB's website on October 14, 2025 (*see* Hall Decl. ¶¶ 2-3), less than four months after Plaintiffs filed their Complaint. A comparison of the Complaint's allegations with Exhibits A and B demonstrates that those exhibits plainly reflect the same cookie banner and privacy policy referenced throughout the Complaint. *See Cerf*, 2018 WL 11348943, at *2 (a comparison of the allegations in the complaint with the document the defendants sought to incorporate by reference made clear that the document was the one referenced). The Complaint alleges that the cookie banner is located at the bottom of the webpage, contains an option to accept, and links to the privacy policy. Compl. ¶¶ 58-59. Each of these features is fully and accurately reflected in the cookie banner at Exhibit A.

Likewise, the privacy policy attached as Exhibit B to the Hall Declaration contains each of the terms that Plaintiffs quote in the Complaint, confirming that it is the same privacy policy on which Plaintiffs' claims are based. *See* ECF 44-1 at 6-10. Plaintiffs do not allege that the terms of the privacy policy at Exhibit B are different in any way.

Based on the foregoing, Plaintiffs' RJN Opposition does not, and cannot, meaningfully question the authenticity of the cookie banner or privacy policy submitted by SFMFB. Accordingly, SFMFB's request for incorporation by reference of Exhibits A and B is proper and should be granted.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

DATED: February 17, 2026

COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Scott C. Hall*
SCOTT C. HALL
Attorneys for Defendant
San Francisco Food Bank d/b/a
San Francisco-Marin Food Bank