FLETCHER C. ALFORD (SBN: 152314)
falford@grsm.com
KEVIN LIU (SBN: 295287)
kliu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111
Tel: (415) 986-5900; Fax: (415) 986-8054

Attorneys for Defendant
CENTRAL CALIFORNIA FOOD BANK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATASSIA TIMOTHEE, TOMMY DIEP, ESPERANZA REYES, MARIAELENA BURCIAGA, and STACY PENNING on behalf of themselves, all other similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC., SACRAMENTO FOOD BANK AND FAMILY SERVICES, LOS ANGELES REGIONAL FOOD BANK, CENTRAL CALIFORNIA FOOD BANK, and SAN FRANCISCO FOOD BANK d/b/a SAN FRANCISCO-MARIN FOOD BANK,<br><br>Defendants. | Case No. 3:25-cv-05106-LB<br><br>**DEFENDANT CENTRAL CALIFORNIA FOOD BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Hearing Date: March 26, 2026<br>Time: 9:30 a.m.<br>Location: Courtroom B—15th Floor<br>Judge: Hon. Laurel Beeler |

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

## TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..... 1

II. LEGAL ARGUMENT ..... 2

A. Plaintiffs' Opposition Confirms the Absence of Article III Standing ..... 2

1. Plaintiffs' Allegations Do Not Support a Violation of a Protected Privacy Interest ..... 2

2. Plaintiffs' Allegations Do Not Support a Heightened Risk of Future Harm ..... 5

B. Plaintiffs' Opposition Does Not Cure the Complaint's Defects ..... 6

1. Plaintiffs Fail to State a Claim Under CIPA Section 631 ..... 6

a) Plaintiffs Fail to Establish that any "Contents" of a Communication Were Intercepted ..... 7

2. Plaintiffs Fail to Allege Liability Under Section 631(a)'s Fourth Clause ..... 8

3. Plaintiffs Fail to State a Claim Under CIPA Section 638.51 ..... 9

4. Plaintiffs' Invasion of Privacy Claims Fail ..... 11

5. Plaintiffs Fail to State a Negligence Claim ..... 12

a) Plaintiffs Fail to Assert that Any Duty is Owed ..... 13

b) Plaintiffs Have Not Alleged a Specific Injury ..... 14

c) The Economic Loss Rule Bars Plaintiffs' Negligence Claims ..... 14

III. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Byars v. Sterling Jewelers, Inc.*,
No. 5:22-CV-01456-SB-SP, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ....3

*Castillo v. Seagate Technology, LLC*
(N.D. Cal., Sept. 14, 2016, No. 16-CV-01958-RS) 2016 WL 9280242 ....13, 15

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983) ....5

*Clapper v. Amnesty International USA*,
568 U.S. 398 (2013) ....6

*Coalition on Homelessness v. City and Cnty. of San Francisco*,
758 F. Supp. 3d 1102 (N.D. Cal. 2024) ....5

*Corales v. Bennett*,
567 F.3d 554 (9th Cir. 2009) ....14

*Corona v. Sony Pictures Ent., Inc.*,
2015 WL 3916744 (C.D. Cal. 2015) ....14

*Doyle v. Safeco Ins. Co. of Am.*,
No. CV F 08-1587 LJO GSA, 2008 WL 5070055 (E.D. Cal. Nov. 24, 2008) ....13

*Esparza v. UAG Escondido A1 Inc.*,
2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ....9

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal.App.4th 986, 125 Cal.Rptr.3d 260 (2011) ....12

*Frenzel v. AliphCom*,
76 F. Supp. 3d 999 (N.D. Cal. 2014) ....7

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ....8

*Hameed-Bolden v. Forever 21 Retail, Inc.*,
2018 WL 6802818 (C.D. Cal. 2018) ....14

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ....12

*Hill v. National Collegiate Athletic Association*,
865 P.2d 633 (Cal. 1994) ....11

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024)....12

*I.C. v. Zynga, Inc.*,
600 F. Supp. 3d 1034 (N.D. Cal. 2022)....2

*India Price v. Carnival Corp.*,
712 F. Supp. 3d 1347 (S.D. Cal. 2024)....4, 7

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025)....2, 3, 10

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. June 24, 2025)....2, 3, 10

*Ladd v. County of San Mateo*,
12 Cal.4th 913 (1996)....13

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012)....11

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023)....2, 3

*Mitchener v. CuriosityStream, Inc.*,
2025 WL 2272413 (N.D. Cal. Aug. 6, 2025)....3

*Norman–Bloodsaw v. Lawrence Berkeley Lab.*,
135 F.3d 1260 (9th Cir. 1998)....3

*Popa v. Microsoft Corp.*,
No. 24-14, 2025 WL 2448824....3

*Price v. Headspace, Inc.*,
No. 24STCV19921, 2025 WL 1237977 (Cal. Super. Apr. 01, 2025)....10

*R.C. v. Walgreen Co.*,
2024 WL 2263395 (C.D. Cal. May 9, 2024)....13, 14

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (N.D. Cal. 2024)....13

*Ribas v. Clark*,
38 Cal. 3d 355 (1985)....10

*Rodriguez v. Ford Motor Co.*,
722 F. Supp. 3d 1104 (S.D. Cal. 2024)....9

*Rodriguez v. Ink America Intern. Group LLC*,
2025 WL 4034985 (Cal. Super. Dec. 10, 2025)....10

*Romero v. Securus Techs., Inc.*,
216 F. Supp. 3d 1078 (S.D. Cal. 2016)....4

*Sanchez v. County of San Diego*
(S.D. Cal. Mar. 10, 2003, No. 00-CV-1467 JM (JFS)), 2003 WL 25655642, aff'd, 464 F.3d 916 (9th Cir. 2006)....5

*Shleffar v. Superior Court*,
178 Cal. App. 3d 937 (1986)....5

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024)....8

*Smith v. YETI Coolers*,
No. 3:24-cv-01703, 2025 WL 877127 (N.D. Cal. Mar. 14, 2025)....9

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
903 F. Supp. 2d 942 (S.D. Cal. 2012)....14, 15

*Toy v. Life Line Screening of America Ltd.*,
No. 23-CV-04651-RFL, 2024 WL 1701263 (N.D. Cal., Mar. 19, 2024)....11

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....2, 5, 6

*Tsering v. Meta Platforms, Inc.*,
2026 WL 89320 (N.D. Cal. Jan. 12, 2025)....10, 12

*Walsh v. Dollar Tree Stores, Inc.*,
No. 25-CV-01601-SVK, 2025 WL 2939229 (N.D. Cal. Oct. 16, 2025)....7, 9, 12

**Constitutions**

U.S. Const., art. III.... *passim*

**Statutes**

Cal. Penal Code § 630....6

Cal. Penal Code § 631....6

Cal. Penal Code § 631(a)....6, 7, 8, 9

Cal. Penal Code § 632....6

Cal. Penal Code § 635....6

Cal. Penal Code § 638.50....9, 10

Cal. Penal Code § 638.50(b)....9



Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Cal. Penal Code § 638.50(c) ....9
Cal. Penal Code § 638.51 ....1, 9, 10
Cal. Welf. & Inst. Code § 10850....5
Cal. Welf. & Inst. Code § 10850(a) ....5
Cal. Welf. & Inst. Code § 10850(b) ....2, 4

**Rules**

Fed. R. Civ. P. 12(b)(6)....7

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Opposition confirms, rather than cures, the fatal deficiencies identified in Central California Food Bank's ("Defendant") Motion to Dismiss. Plaintiffs still fail to allege sufficient facts to establish Article III standing or state plausible claims under the California Invasion of Privacy Act ("CIPA"), an invasion of privacy under the California Constitution or common law, and negligence. Unable to remedy these defects, Plaintiffs instead attempt to amend their Complaint through their Opposition by introducing new allegations and reframing their theories of liability. This tactic is improper and further underscores the absence of any viable claim against Defendant.

Critically, Plaintiffs do not identify any specific personal information disclosed that establishes a concrete injury-in-fact, implicates a legally protectable privacy interest, or creates a heightened risk of future harm. Instead, they rely on vague and conclusory allegations regarding routine website interactions, namely, entering a home address into a map tool and responding to unspecified eligibility questions, without identifying what information, if any, was actually disclosed. These threadbare allegations fall far short of Plaintiffs' burden to establish standing.

Plaintiffs likewise fail to allege sufficient facts to plausibly state a claim. Under the CIPA, their own allegations foreclose any plausible claim that Defendant intercepted the "contents" of a communication, acted with the requisite knowledge or intent, and instead demonstrate the inapplicability of Section 638.51. Plaintiffs also fail to sufficiently allege facts to establish a reasonable expectation of privacy or highly offensive conduct to support their constitutional or common law privacy claims. Moreover, Plaintiffs' own allegations demonstrate that their negligence claim is barred by the economic loss rule, that Defendant owed no duty, and that no alleged breach caused any cognizable injury to Plaintiffs.

Ultimately, Plaintiffs' threadbare and shifting allegations fall far short of their pleading burden. Because Plaintiffs fail to establish Article III standing and do not plausibly allege their claims, Plaintiffs' case should be dismissed in its entirety.

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

## II. LEGAL ARGUMENT

### A. Plaintiffs' Opposition Confirms the Absence of Article III Standing

Plaintiffs Opposition fails to establish Article III standing because they do not identify any specific personal information disclosed that implicates a legally protectable privacy interest or demonstrate a heightened risk of future harm. To establish standing, Plaintiffs must allege sufficient facts showing an injury-in-fact resulting from the violation of a protected privacy interest and a heightened risk of future harm, and that injury must be concrete. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 and 435-438 (2021); *Kishnani v. Royal Caribbean Cruises Ltd*., 2025 WL 1745726, at *3-4 (N.D. Cal. June 24, 2025); *Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174, 1180-83 (N.D. Cal. 2025). As explained below, Plaintiffs fail to do so.

Instead, Plaintiffs mischaracterize Defendant's argument to deflect from the Complaint's fatal deficiencies. Opp. at 5-6. Additionally, Plaintiffs contend they have Article III standing because the alleged disclosure of their visits to a food-assistance website purportedly reveals sensitive information about financial hardship, information they claim is historically protected by common law and statute, including California Welfare and Institutions Code § 10850(b). Opp. at 5. Plaintiffs also contend that they face an imminent risk of repeated injury because Defendant continues to deploy invisible tracking technology, preventing them from safely using the website absent injunctive relief. *Id*. But, as explained below, these arguments are unavailing.

#### 1. Plaintiffs' Allegations Do Not Support a Violation of a Protected Privacy Interest

As explained in Defendant's moving papers, Plaintiffs' failure to sufficiently allege the specific personal information allegedly disclosed, other than their home address, prevents the Court from assessing whether Plaintiffs have any protectable privacy interest, nor whether that alleged disclosure of the information would be considered "highly offensive to a reasonable person[,]" and thus be considered a concrete injury. Def.'s Mot. at 4-6; *see also* Compl. ¶¶ 26-27; *see also I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049–50 (N.D. Cal. 2022); *Mikulsky v.*

*Noom, Inc.*,682 F. Supp. 3d 855, 864 (S.D. Cal. 2023); *Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413, at *3-4 (N.D. Cal. Aug. 6, 2025); *see also Popa v. Microsoft Corp.*, No. 24-14, 2025 WL 2448824. Notably, Plaintiffs' Opposition fails to present any argument sufficient to rebut these points.

To survive a motion to dismiss, a plaintiff bears the burden to identify the specific personal information disclosed that implicates a legally protectable privacy interest. *Kishnani* at *3; *see*, e.g., *Byars v. Sterling Jewelers, Inc.*, No. 5:22-CV-01456-SB-SP, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (dismissing CIPA claim where plaintiff failed to identify the personal information disclosed and thus failed to establish any harm to her privacy). Courts "make their decisions regarding whether a plaintiff has stated a legally protectable privacy interest based on the nature of the information at issue." *Mikulsky* at 864; *see also Norman–Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1271 n. 17 (9th Cir. 1998) ("Under California law, a legally recognizable privacy interest arises from the sort of information revealed ..."). More importantly, just because a party asserts that a "… a privacy injury can be concrete is not to say that the alleged privacy injury … is concrete." *Khamooshi v. Politico LLC,* 786 F. Supp. 3d 1174, 1178-80 (N.D. Cal. 2025). Plaintiffs' selective pleading makes the defect unmistakable: While the Complaint identifies detailed categories of personal information elsewhere, it conspicuously alleges none as to Defendant, confirming the absence of any concrete or highly offensive disclosure. Compl. ¶¶ 24-28. That omission is fatal at the pleading stage.

Here, Plaintiffs' vague allegations regarding their interactions with Defendant's website are insufficient to meet their burden. Compl. ¶¶ 26–27; *see Kishnani* at *3. More specifically, by Plaintiffs' own allegations, their use of the "Find Food" map, required nothing more than entering a home address. *Id* at. Compl. ¶¶ 26–27; *see* also Opp. at 6 n.1. And only Plaintiff Burciaga further alleges, in vague and conclusory terms, that she "answer[ed] eligibility questions to determine the severity of her financial hardship," but critically provides no detail regarding what those questions were, what specific information was allegedly disclosed, and how that information was collected. *Id.* at ¶ 27. Rather than confronting this deficiency in their opposition papers, Plaintiffs rely on

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

generalized assertions about the social stigma associated with food insecurity and speculate about potential downstream consequences. Compl. ¶ 99; *see also Id.* ¶ 100. Plaintiffs also allege that each Plaintiff electronically communicated an intent to receive nutrition assistance solely with the individual Food Bank Defendants. *Id*. at ¶ 29. However, the allegations Plaintiffs rely on only confirm the deficiencies identified in Defendant's Motion to Dismiss and amount to nothing more than generalized assertions insufficient to establish an injury-in-fact. *See* Opp. at 6 n.1. Although Plaintiffs cite *Romero v. Securus Techs., Inc*., 216 F. Supp. 3d 1078, 1088 (S.D. Cal. 2016) for the general proposition that certain statutory violations may constitute injury in fact, they cite no authority holding that the alleged disclosure of information reflecting efforts to obtain food assistance, purportedly communicating financial vulnerability and social stigma, constitutes a concrete privacy injury. *See* Opp at 7-8. Nor do Plaintiffs identify any case relieving a plaintiff of the obligation to plead the specific information allegedly disclosed based on generalized assertions of stigma or vulnerability. *Id*. Indeed, Plaintiffs fail to point to a single decision holding that such conclusory characterizations, without identifying the data at issue, suffice to establish a legally protected privacy interest. *Id*.

Plaintiffs cite *India Price v. Carnival Corp.*, 712 F. Supp. 3d 1347, 1354 & n.3 (S.D. Cal. 2024), for the proposition that Article III standing exists where intercepted information included a home address. *See* Opp. at 6 n.1. Plaintiffs' reliance on *India Price* is misplaced. The complaint in *India Price* alleged interception of highly sensitive personal information, including a passport number, driver's license number, date of birth, home address, and payment information. Here, by contrast, Plaintiffs do not even allege that they provided their names or basic contact information, other than their home addresses – much less any of the other sensitive information discussed in *India Price*. *See* Compl. passim. Accordingly, Plaintiffs' failure to identify any specific personal information disclosed precludes any finding of a concrete privacy injury and warrants dismissal.

Plaintiffs also attempt to salvage their claim through Cal. Welf. & Inst. Code § 10850(b), arguing that the statute provides broad confidentiality protections for information concerning individuals receiving public social services and prohibits the publication or disclosure of lists of such individuals. That argument also misses the mark.

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

The Complaint does not allege that either Plaintiff was a welfare recipient or applicant, much less that any welfare records were disclosed. At most, Plaintiffs allege that one Plaintiff used Defendant's publicly accessible website to explore *potential eligibility* for CalFresh benefits. *See* Compl ¶¶ 26-27. Visiting a website to explore food-assistance options is fundamentally different from actually receiving public assistance. Section 10850 protects information concerning actual recipients of public social services, not individuals who merely visit a publicly available website to explore potential resources. *See* Cal. Welf. & Inst. Code § 10850(a). Indeed, based on the allegations pleaded, it is equally plausible that Plaintiffs' interaction with the Defendant's website resulted in a determination of ineligibility. However, Plaintiffs' attempt to equate a speculative eligibility inquiry with protected welfare records impermissibly stretches the cited authorities beyond their holdings. *See Sanchez v. County of San Diego* (S.D. Cal. Mar. 10, 2003, No. 00-CV-1467 JM (JFS)), 2003 WL 25655642, at *15, aff'd, 464 F.3d 916 (9th Cir. 2006) (holding that a person's identity as a welfare applicant is confidential information contained within the county's files under § 10850); *Shleffar v. Superior Court*, 178 Cal. App. 3d 937, 944 n.6 (1986)(addressing the confidentiality of official welfare records in the context of a State's obligation.)

The existence of statutory confidentiality protections in the abstract does not excuse Plaintiffs' failure to allege what personal information was disclosed, how it was disclosed, or why it qualifies as protected data. Nor can inapposite case law cure these pleading defects. Absent well-pled facts identifying any specific information actually disclosed, Plaintiffs cannot establish a legally protected privacy interest and lack standing to pursue their claims.

**2. Plaintiffs' Allegations Do Not Support a Heightened Risk of Future Harm**

Plaintiffs' theory of future injury is speculative, self-generated, and insufficient to establish Article III standing. Allegations of speculative or hypothetical future harm cannot satisfy Article III's injury-in-fact requirement. *TransUnion LLC* at 433-436. Nor does Article III permit courts to issue injunctions based on injuries that are "conjectural or hypothetical." *Id*; *Coalition on Homelessness v. City and Cnty. of San Francisco*, 758 F. Supp. 3d 1102, 1121 (N.D. Cal. 2024); see *also City of Los Angeles v. Lyons*, 461 U.S. 95, 101–03 (1983). As

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

explained below, Plaintiffs' allegations fall squarely within this prohibition and fail as a matter of law.

Plaintiffs conspicuously fail to allege any facts showing any imminent intent to return to the website beyond a conclusory statement that they would "like to use the Food Bank Defendants' website." Compl. ¶ 101. Plaintiffs likewise fail to identify any concrete harm from their prior visits or specify what "confidential information" they allegedly disclosed. *Id*. The law makes clear that "threatened injury must be 'certainly impending' to constitute injury in fact," and "[a]llegations of possible future injury" are not sufficient. *Clapper v. Amnesty International USA* (2013) 568 U.S. 398, 400. The Supreme Court has emphasized that plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm." *Id*. at 416. Absent allegations of a real and immediate threat of repeated injury, Plaintiffs lack standing to seek injunctive relief, and their claim fails as a matter of law. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 435–38 (2021).

Moreover, Plaintiffs remain free to revisit the website or not at their choosing, and their voluntary choice cannot create standing. Their claim that the Meta Pixel is "invisible" also does not cure this defect, as they do not allege any required use of the website or unavoidable future harm. Compl. ¶ 101. Accordingly, Plaintiffs' theories fail to establish an injury-in-fact sufficient to confer Article III standing and must be dismissed.

### B. Plaintiffs' Opposition Does Not Cure the Complaint's Defects

#### 1. Plaintiffs Fail to State a Claim Under CIPA Section 631

The First Cause of Action of Plaintiffs' Complaint purports to assert violations of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 et seq., "Against All Defendants." *See* Compl. ¶¶ 117-118. The Complaint further references the Food Bank Defendants in connection with violations of Sections 632 and 635. *Id.* ¶¶ 145–155. But in their opposition, Plaintiffs now disavow portions of their own cause of action by representing that they are not asserting claims under the first three clauses of Section 631(a), Sections 632 or 635 against Defendant, and that the reference to those sections in paragraph 150 was inadvertent. *See* Opp. at 9 and at n.2. But Plaintiffs' attempt to amend the Complaint through

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

their opposition brief is not permitted. *See Frenzel v. AliphCom,* 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014). Nonetheless, the Complaint fails to articulate a coherent statutory basis for liability and does not plausibly state a claim under Rule 12(b)(6). This ambiguity is fatal. Even limiting their theory to the fourth prong of Section 631(a), Plaintiffs fail to plausibly allege that Defendant aided in any prohibited act because the alleged information does not constitute protected "contents," as explained below.

**a) Plaintiffs Fail to Establish that any "Contents" of a Communication Were Intercepted**

Plaintiffs' allegations do not plausibly establish that the information they shared qualifies as protected "contents." The Ninth Circuit has held that "the 'contents' of an online communication under federal wiretap law 'refers to the intended message conveyed by the communication and does not include record information regarding the characteristics of the message that is generated in the course of the communication.'" *Walsh v. Dollar Tree Stores, Inc*., No. 25-CV-01601-SVK, 2025 WL 2939229, at *16 (N.D. Cal. Oct. 16, 2025). This case is very much unlike *India Price v. Carnival Corp.*, 712 F. Supp. 3d 1347, 1360-1 (S.D. Cal. 2024). The Court in *India* held that plaintiffs sufficiently alleged interception of protected "contents" where detailed personal information, such as travel plans, passport numbers, driver's license numbers, dates of birth, home addresses, and payment information, was captured. *Id*. Moreover, the case law discussed in *India* analyzed that the alleged disclosed data consisted of personally identifiable information, that was the subject of the communication, affirmatively entered by users, which the courts deemed sufficient to qualify as "contents." *Id*. Here, by contrast, Plaintiffs fail to allege the interception of any such "contents"-based information.

Plaintiffs do not allege any facts that would support the conclusion that they shared any personally identifiable information that was the subject of their communication; instead they rely on generalized references to interactions with Defendant's website, namely, use of the "Find Food" map, which required nothing more than entering a home address, and vague allegations that Plaintiff Burciaga answered unspecified eligibility "questions" to determine

the severity of her financial hardship. *See* Compl. ¶¶ 26–27. While Plaintiffs provide more detailed allegations against the other defendants, Plaintiffs provide no details regarding what specific personal information was allegedly disclosed to this Defendant. *Id*. at ¶¶ 24-28. As such, the absence of "allegations describing the content of those conversations" dooms Plaintiffs' claim. *See In re Google Assistant Priv. Litig*., 457 F. Supp. 3d 797, 833 (N.D. Cal. 2020) (generic allegations provided "no basis upon which to infer that Plaintiffs' 'sensitive personal information' is implicated"). Plaintiffs also effectively concede that their allegations concerning the purportedly disclosed "contents" are insufficiently detailed as pled. *See* Opp. at 11 n.4. Consequently, Plaintiffs' failure to plausibly support any reasonable inference that personally identifiable information, that was the subject of the communication, was provided to Defendant.

Lastly, confirming the Complaint's deficiency, Plaintiffs attempt to inject new allegations through their Opposition. Plaintiffs now claim that they communicated personal information by completing a "Find Food" form. Opp. at 12. But Plaintiffs' Complaint contains no such allegation. Indeed the phrase "Find Food form" appears nowhere in the Complaint, and Plaintiffs do not allege that they filled out any form or affirmatively transmitted personal information. *See* Compl. passim. Despite Plaintiffs' improper attempt to amend their Complaint through their opposition, they still allege, at most, the transmission of non-content information. For that reason, they fail to state a plausible claim under CIPA Section 631(a) and their claim should be dismissed.

**2. Plaintiffs Fail to Allege Liability Under Section 631(a)'s Fourth Clause**

Plaintiffs fail to plausibly allege a claim under Section 631(a)'s fourth clause because they do not allege specific facts showing that Defendant acted with the requisite knowledge or intent. To plead a violation of the fourth clause of CIPA § 631(a), Plaintiffs must allege facts showing that Defendant had actual knowledge that Meta was intercepting the contents of communications, in violation of the statute, and that the Defendant acted with the specific intent to aid or employ Meta's alleged interception. *Smith v. YETI Coolers, LLC* 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024). As explained below, Plaintiffs allege no facts plausibly showing

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

that Defendant acted with the requisite knowledge or intent.

Instead of alleging facts sufficient to meet the standards of *Smith*, Plaintiffs rely on conclusory, group-based allegations against "Defendants" collectively, which are insufficient to establish this Defendant's individual knowledge or intent. *Rodriguez v. Ford Motor Co*., 722 F. Supp. 3d 1104, 1124 (S.D. Cal. 2024); *Compl*. at ¶¶ 2, 6, 26-27, and 30. Nowhere do Plaintiffs allege that this Defendant knew Meta was intercepting the contents of communications, rather than merely collecting routine analytics or interaction data. *Id*. Plaintiffs' generalized allegations describing Meta's Pixel and how it is implemented and operates fail to establish that Defendant had the knowledge and intent required by the statute. Compl. ¶¶ 68, 70, 72, 82. These generic allegations do nothing to save Plaintiffs' claim. Absent specific factual allegations showing that the Food Bank knowingly and intentionally aided Meta in intercepting protected communications, Plaintiffs fail to state a claim under the fourth clause of § 631(a). *See Esparza v. UAG Escondido A1 Inc*., 2024 WL 559241, at *1 (S.D. Cal. Feb. 12, 2024); *Smith v. YETI Coolers*, 2025 WL 877127, at 1 (N.D. Cal. Mar. 14, 2025).

Most importantly, as the court held in *Walsh*, because Plaintiffs fail to sufficiently allege that the "contents" of their communications, rather than mere record information, were read, learned, used, or communicated, as required to state a claim, and the Court should apply the same reasoning here and dismiss Plaintiffs' claim. *See Walsh v. Dollar Tree Stores, Inc.*, No. 25-CV-01601-SVK, 2025 WL 2939229, at *17 (N.D. Cal. Oct. 16, 2025).

**3. Plaintiffs Fail to State a Claim Under CIPA Section 638.51**

Plaintiffs fail to plausibly state a claim under California Penal Code § 638.51. Penal Code § 638.50. defines a "pen register" as "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." § 638.50(b), (c). Plaintiffs' allegations, as pleaded, fail to plausibly support their claim, as explained below.

Plaintiffs entirely fail to address Defendant's key argument that Plaintiffs improperly

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

conflate PII and sensitive financial data with "addressing information." Mot. at 14. In fact, "addressing information," viewed in the framework of § 638.50 and alongside the terms "dialing," "routing," and "signaling," refers to information used to convey a specific message. Thus, in this case, Plaintiffs' physical addresses alone cannot convey any electronic communication allegedly at issue here. *Tsering v. Meta Platforms, Inc.*, 2026 WL 89320, at *6 (N.D. Cal. Jan. 12, 2025) (The court dismissed the plaintiff's pen register claim where the complaint failed to allege that the information was used for "dialing, routing, addressing, or signaling.")

Notably, Plaintiffs fail to address case law holding that, because Plaintiffs allege the Pixel collects the contents of communications, Compl. ¶ 159, it does not qualify as a pen register under the statute. Instead, Plaintiffs argue that a device need not collect only non-content information to qualify as a pen register, which does not address Defendant's argument. *See Kishnani* at *4-5. (when software collects the "contents" of communications, Section 638.51 ceases to apply); *see also Price v. Headspace, Inc.*, No. 24STCV19921, 2025 WL 1237977, at *3 (Cal. Super. Apr. 01, 2025) (the capturing of "contents" of communications via a Pixel is "definitionally not a trap and trace device."); *see also Tsering*, 2026 WL 89320, at *6.

Plaintiffs contend that Defendant's argument creates a "loophole" for entities to "escape" liability simply by adding content collection capabilities to their surveillance tools." Opp. 20. However, each of the CIPA's requirements must be reviewed by its "operative language." *Ribas v. Clark*, 38 Cal. 3d 355, 359-60 (1985) (; *Rodriguez v. Ink America Intern. Group LLC*, 2025 WL 4034985, at *3 (Cal. Super. Dec. 10, 2025)(discussing that as a penal statute, interpretation of its provisions (referring to Section 638.51) applies only to offenses that clearly come within the import of the language). Lastly, Plaintiffs misstate Defendant's argument by claiming Defendant relies on *Khamooshi v. Politico LLC*, 786 F. Supp. 3d at 1179 (N.D. Cal. 2025), despite the fact that Defendant does not cite that case anywhere in this section. Accordingly, Plaintiffs' pen-register claim fails and must be dismissed.

/ / /

/ / /

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

**4. Plaintiffs' Invasion of Privacy Claims Fail**

Plaintiffs' invasion of privacy claims fail because they cannot establish a reasonable expectation of privacy or highly offensive conduct by Defendant. To state a claim for intrusion upon seclusion or an invasion of privacy, Plaintiffs must have a reasonable expectation of privacy and demonstrate that the intrusion was highly offensive. *Toy v. Life Line Screening of America Ltd.*, No. 23-CV-04651-RFL, 2024 WL 1701263, at *3 (N.D. Cal., Mar. 19, 2024). As explained below, Plaintiffs allege no facts showing a reasonable expectation of privacy or highly offensive conduct.

Plaintiffs contend that they have a reasonable expectation of privacy in information concerning their food insecurity, financial status, and need for social services, and argue that their voluntary disclosure of such information to Defendant does not diminish that expectation. Opp at 15-16. However, the Complaint contains no factual allegations that Plaintiffs disclosed any information regarding their food insecurity, financial status, or need for social services to Defendant. Compl. ¶¶ 26–27. More specifically, Plaintiffs allege only that they voluntarily provided information on Defendant's website by entering their home addresses, and (in the case of one Plaintiff) only allege that she answered unspecified eligibility questions assessing the severity of her financial hardship, yet provides no details as to the questions asked, what personal information was disclosed, or whether any information was entered at all. *Id*. Moreover, Plaintiffs' assertion that data collected without consent is sufficient to establish a reasonable expectation of privacy is misleading. Opp at 16. The existence of a reasonable expectation of privacy is not determined solely by the absence of consent. Courts will consider the customs, practices, and circumstances surrounding the data collection. *Hill v. National Collegiate Athletic Association*, 865 P.2d 633, 643, 654-656 (Cal. 1994).

Thus, the mere allegation that Plaintiffs disclosed their home addresses, without additional context or disclosures, is insufficient to establish a reasonable expectation of privacy, especially where the Complaint contains no factual allegations that Plaintiffs disclosed any information regarding food insecurity, financial status, or the need for social services. *See, e.g.*, *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012)

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

(plaintiffs failed to allege sufficient facts to establish a highly offensive disclosure or serious invasion of a privacy interest.)

Similarly, Plaintiffs' allegations fall well short of meeting this District's high bar for "highly offensive" conduct. *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022). In order to be considered "highly offensive," the conduct must be highly offensive to a reasonable person, and sufficiently serious and unwarranted so as to constitute an egregious breach of social norms. *Walsh* at *14. Thus, "courts have required that plaintiffs bringing invasion of privacy claims arising from the collection and disclosure of personal data 'sufficiently allege that Defendants did more than engage in such routine behavior'—*i.e.*, that they engaged in 'secret or deceptive data collection." *See Tsering*, 2026 WL 89320, at *7. Plaintiffs cannot plausibly allege, based on the facts pleaded, that Defendant's conduct would be considered "highly offensive" or that they engaged in more than routine behavior. By their own admission, Plaintiffs only explicitly disclosed their home address, and the disclosure by Defendant of such routine identifying information, standing alone, is insufficient to constitute highly offensive conduct. *See Folgelstrom v. Lamps Plus, Inc.*, 195 Cal.App.4th 986, 992, 125 Cal.Rptr.3d 260 (2011). Without such allegations, they cannot plausibly assert that sensitive information was disclosed or that Defendant's conduct could be deemed highly offensive.

Lastly, despite Plaintiffs' contention that courts should be reluctant to reach a conclusion on the offensiveness element at the pleading stage, courts "do in fact decide the 'highly offensive' issue … at the pleading stage when appropriate." Opp at 16; *Hubbard v. Google LLC*, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (citation omitted); *see Tsering*, 2026 WL 89320, at *7. This case falls squarely within that category. Plaintiffs' sparse allegations regarding the information disclosed and Defendant's conduct fall far short of the high bar required to establish highly offensive conduct. At most, Plaintiffs allege routine commercial conduct, which cannot sustain a privacy claim as a matter of law and must be dismissed. *See Tsering*, 2026 WL 89320, at *7.

**5. Plaintiffs Fail to State a Negligence Claim**

Plaintiffs fail to plausibly allege facts sufficient to state a negligence claim. To plead a

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

negligence claim Plaintiffs must assert that the Defendant has (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury. *Ladd v. County of San Mateo*, 12 Cal.4th 913, 917 (1996). Plaintiffs fail to plausibly allege the essential elements of negligence for the following reasons:

**a) Plaintiffs Fail to Assert that Any Duty is Owed**

Plaintiffs contend that Defendants owed them a duty of care arising from CIPA, California's Welfare and Institutions Code, statements in Defendant's privacy policy, and the purportedly sensitive nature of information entered on its website. These theories fail at the threshold.

Under California law, negligence requires "the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Doyle v. Safeco Ins. Co. of Am*., No. CV F 08-1587 LJO GSA, 2008 WL 5070055, at *7 (E.D. Cal. Nov. 24, 2008). Whether this essential prerequisite has been satisfied in a particular case is a question of law for the Court to decide. *Id*. Plaintiffs do not do so here. More importantly, Plaintiffs vague claims alone warrant a dismissal. *See* Compl. ¶ 185; *see also R.C. v. Walgreen Co*., 2024 WL 2263395, at *12 (C.D. Cal. May 9, 2024) (dismissing negligence claims involving alleged divulgence of private information and receipt of unsolicited targeted advertising because allegations were vague and conclusory). Plaintiffs may not simply aver that a defendant owed them a duty. *Castillo v. Seagate Technology, LLC* (N.D. Cal., Sept. 14, 2016, No. 16-CV-01958-RS) 2016 WL 9280242, at *2. However, that is exactly what Plaintiffs do here. Neither the Welfare and Institutions Code, the CIPA, nor Defendant's policies, create a general duty owed to Plaintiffs, especially given Plaintiffs' extremely limited allegations. *Compl.* ¶¶ 26-27, 185, 190-191.

More importantly, Plaintiffs fail to cite case law that supports these arguments or assert that a special relationship exists between Plaintiff and Defendant that arises to a legal duty. *See* Opp at 17. Regardless of whether Plaintiffs attempt to rely on CIPA or Defendant's policies, courts have recognized that entities collecting user information do not owe a generalized duty of care regarding the selling or disclosure of such information. *See R.C. v. Walgreen Co.*, 733

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

F. Supp. 3d 876, 897 (N.D. Cal. 2024). Similarly, the Welfare and Institutions Code is inapplicable since Plaintiffs allege only that they were attempting to determine their eligibility to potentially receive welfare assistance, not that they have qualified, have received assistance or that they will in the future. *Compl.* ¶¶ 26-27. Thus, no duty of care arises under the Welfare and Institutions Code. In short, absent a cognizable duty specific to the conduct alleged, Plaintiffs' negligence claim fails as a matter of law and should be dismissed.

**b) Plaintiffs Have Not Alleged a Specific Injury**

Plaintiffs' negligence claim fails to allege a specific injury as required by law. *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009). Under California law, negligence in the abstract is not actionable unless it results in actual damages from the complained-of conduct. *See R.C. v. Walgreen Co*., at 897. Courts have squarely held that "the mere threat of future harm is insufficient" to constitute actual damages. *Corona v. Sony Pictures Ent., Inc*., 2015 WL 3916744, at *3 (C.D. Cal. 2015). Accordingly, to state a negligence claim, Plaintiffs must allege an "appreciable, nonspeculative, present injury." *See R.C. v. Walgreen Co*., at 897. But they fail to do so.

Plaintiffs' alleged injuries are purely speculative and/or economic in nature. *See* Compl. ¶ 100; *see also* Opp at 18-19. Plaintiffs' allegations of a diminution in the value of personal information should be rejected either on the ground that such information has no compensable value (*Corona* at *4), or on the ground that any loss is purely economic, and thus recovery is barred by the economic loss doctrine, *See Hameed-Bolden v. Forever 21 Retail, Inc*., 2018 WL 6802818, at *5 (C.D. Cal. 2018). Thus, Plaintiffs have failed to assert a specific injury as required by law.

**c) The Economic Loss Rule Bars Plaintiffs' Negligence Claims**

Lastly, Plaintiffs' negligence claim is barred by the economic loss doctrine. Plaintiffs do not allege "physical harm (i.e., personal injury or property damage)," and therefore the "economic loss doctrine" bars their negligence claims "as a matter of law." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 959-61 (S.D. Cal. 2012). Accordingly, because Plaintiffs seek recovery solely for alleged economic losses

Gordon Rees Scully Mansukhani, LLP
31`5 Pacific Avenue
San Francisco, CA 94111

unaccompanied by any physical injury or property damage, their negligence claim fails as a matter of law and must be dismissed.

Plaintiffs contend their negligence claim is not barred by the economic loss doctrine because they allege an already-occurred privacy injury and assert a proprietary interest in their personal data. Opp at 18-19. However, they allege no specific property loss or personal injury; thus, their alleged damages – whatever they might be – are insufficient to support a negligence claim. *See* Compl. ¶¶ 190, 210; *see also*, *In re Sony Gaming Networks at* 959-61; *see also, Castillo v. Seagate Tech., LLC*, No. 16-cv-01958-RS, 2016 WL 9280242, at *5-6 (N.D. Cal. Sept. 14, 2016). In fact, Plaintiffs' own allegations confirm that their claimed injury is economic. *See* Compl. ¶¶ 102-108, 190, and 210. Plaintiffs expressly base their damages theory on the alleged market value of their personal data, not any physical harm, property damage, or tangible invasion of property rights. Recasting that theory as a "privacy" injury does not avoid the economic loss rule where the asserted harm remains purely financial in nature.

Accordingly, because Plaintiffs allege only economic losses and no physical injury, property damage, or independent duty of care, their negligence claim is barred by the economic loss doctrine and must be dismissed.

## III. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss the Complaint with prejudice in its entirety.

Dated: February 17, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________

Fletcher Alford
Kevin Liu
Attorneys for Defendant CENTRAL CALIFORNIA FOOD BANK